RICHARD MARMARO (State Bar No. 91387)
richard.marmaro@skadden.com
JASON D. RUSSELL (State Bar No. 169219)
jason.russell@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JEFFREY A. MISHKIN (*pro hac vice* application pending)
jeffrey.mishkin@skadden.com
ANTHONY J. DREYER (*pro hac vice* application pending)
anthony.dreyer@skadden.com
KAREN HOFFMAN LENT (*pro hac vice* application pending)
karen.lent@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

Attorneys for Defendants and Counterclaimants
National Basketball Association
and Adam Silver

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DONALD T. STERLING, an individual, and THE STERLING FAMILY TRUST,<br><br>                    Plaintiffs,<br><br>          v.<br><br>NATIONAL BASKETBALL ASSOCIATION, a New York professional association; ADAM SILVER, an individual; and DOES 1 through 10,<br><br>                    Defendants. | Case No. 2:14-CV-4192-FMO-SHx<br><br>**ANSWER AND COUNTERCLAIM OF NATIONAL BASKETBALL ASSOCIATION AND ADAM SILVER TO COMPLAINT FOR DAMAGES** |

*Caption continued on the next page*

1
2
3
4
5
6
7
8
9

NATIONAL BASKETBALL
ASSOCIATION, a New York
professional association; and ADAM
SILVER, an individual,

      Counterclaimants,

      v.

DONALD T. STERLING, an
individual, and THE STERLING
FAMILY TRUST,

      Counterdefendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

## **INTRODUCTION**

Defendants National Basketball Association (the "NBA") and Adam Silver (collectively, "Defendants"), by and through their undersigned counsel, file this answer to the Complaint for Damages (the "Complaint") of plaintiffs Donald T. Sterling and The Sterling Family Trust (collectively, "Plaintiffs").

Plaintiffs challenge a June 3, 2014 hearing and vote of the NBA Board of Governors that had been scheduled to consider termination of the Membership in the NBA of LAC Basketball, Inc. ("LAC"), which is owned by The Sterling Family Trust (the "Trust") and operates the Los Angeles Clippers (the "Team" or the "Clippers").  However, prior to the filing of the Complaint, that hearing and vote were cancelled after Mr. Sterling's wife, Rochelle, as the sole trustee of the Trust and with Mr. Sterling's express agreement to the sale of his interest in the Team:  (i) executed a binding term sheet to sell LAC for a record $2 billion; and (ii) signed an agreement releasing any claims that she, LAC, or the Trust may have against the NBA and indemnifying the NBA against any claims asserted by herself, LAC, the Trust, Mr. Sterling, or any third party.

Plaintiffs' Complaint is legally deficient and purposeless for several fundamental reasons.  *First*, because its factual predicate—that the NBA has terminated Mr. Sterling's ownership of the Team and thereby caused damage under various legal theories—does not exist.  *Second*, because Mr. Sterling was properly removed as a Trustee of the Trust on May 29, 2014—as Judge Levanas of the Superior Court for the State of California has found—he therefore lacks authority to assert claims in the name of the Trust.  And *third*, because even if his claims had any merit, Mr. Sterling has separately agreed to reimburse any resulting damages (and attorneys' fees) incurred by the NBA or the Commissioner.

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

1    Defendants, upon personal knowledge with respect to themselves and their

2  own acts, and upon information and belief with respect to all other matters, respond

3  to the allegations made by Plaintiffs in the Complaint as follows:

4                                    **PARTIES**

5    1.    Defendants lack knowledge or information sufficient to form a belief

6  about the truth of the allegations contained in Paragraph 1 of the Complaint.

7    2.    Defendants lack knowledge or information sufficient to form a belief

8  about the truth of the allegations contained in Paragraph 2 of the Complaint, except

9  admit that, at the time the Complaint was filed, The Sterling Family Trust was the

10  sole shareholder of LAC Basketball Club, Inc., and that Mr. Sterling's wife, Rochelle

11  ("Shelly") Sterling, was the sole trustee of the Trust.  Defendants aver that, Mr.

12  Sterling lacks authority to act on behalf of the Trust because—as determined by the

13  Superior Court of the State of California—on May 29, 2014, Mr. Sterling was

14  properly deemed incapacitated by two physicians and thereafter ceased to serve as a

15  trustee of the Trust in accordance with the terms of the Trust.

16    3.    Defendants deny the allegations contained in Paragraph 3 of the

17  Complaint and aver as follows:  the NBA is a voluntary membership association that

18  operates a professional basketball league consisting of thirty Members and their

19  Member Teams, including the Los Angeles Clippers.  The NBA Member Teams are

20  located in a diverse group of cities throughout the United States and Canada.  The

21  NBA League Office is located at 645 Fifth Avenue, New York, New York.

22    4.    Defendants deny the allegations contained in Paragraph 4 of the

23  Complaint.  Defendants aver as follows:  Adam Silver has been the Commissioner of

24  the NBA since February 1, 2014.  Commissioner Silver has an office in the NBA

25  League Office in New York, New York.

26    5.    Defendants lack knowledge or information sufficient to form a belief

27  about the truth of the allegations contained in Paragraph 5 of the Complaint.

28

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

6.      Paragraph 6 of the Complaint constitutes legal assertions and conclusions to which no response by Defendants is necessary.

## STATEMENT OF THE CASE

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint, except admit that:  (i) at the time of the filing of the Complaint Mr. Sterling was the longest-tenured owner in the NBA; (ii) Mr. Sterling purchased the Clippers in 1981 when they played their home games in San Diego, California; (iii) the Clippers relocated to Los Angeles, California in 1984; and (iv) in 2005, ownership of the Los Angeles Clippers was transferred to the Trust.

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint and aver as follows:  on or about April 26, 2014, the website TMZ.com released an audio recording of an in-person conversation involving Mr. Sterling and a woman identified as V. Stiviano that occurred at Ms. Stiviano's home.  On April 27, the website Deadspin.com released an audio recording that included additional portions of the conversation between Mr. Sterling and Ms. Stiviano (the two recordings collectively, the "Recording").  Mr. Sterling had no legally protectable privacy interest in the Recording.

9.      Paragraph 9 of the Complaint includes legal assertions and conclusions to which no response by Defendants is necessary.  Defendants deny the remaining factual allegations in Paragraph 9 of the Complaint and aver that Mr. Sterling had no legally protectable privacy interest in the Recording.

10.      Defendants deny the allegations contained in Paragraph 10 of the Complaint and refer to the Recording for its true and accurate content.

11.      Defendants deny the allegations contained in Paragraph 11 of the Complaint, except admit that, on April 29, 2014, pursuant to his authority under the NBA Constitution, Commissioner Silver:  (i) fined Mr. Sterling $2.5 million and banned him for life from any further association with the Los Angeles Clippers

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

1  organization or the NBA; (ii) stated that the $2.5 million was "the maximum amount
2  allowed under the NBA Constitution;" and (iii) urged the Board of Governors to
3  terminate Mr. Sterling's ownership of the team.  Defendants aver as follows:
4  immediately after Mr. Sterling's views and conduct as reflected on the Recording
5  were made known, Commissioner Silver commenced an investigation into the
6  Recording and its authenticity.  The investigation, which was conducted by David
7  Anders, a partner at the law firm Wachtell, Lipton, Rosen & Katz, included, among
8  other things, telephonic and in-person interviews of Ms. Stiviano, Los Angeles
9  Clippers President Andy Roeser, Shelly Sterling, Ms. Stiviano's sister Lucy Vasquez,
10  and Mr. Sterling himself.  The investigation confirmed conclusively—and it was
11  subsequently admitted by Mr. Sterling—that the male whose voice is heard on the
12  Recording is Mr. Sterling and that the Recording had not been altered.  These
13  findings were reported to the Commissioner prior to his imposition of the fine and
14  lifetime ban.  Despite being informed by the NBA that he would be afforded every
15  opportunity to be heard, that the NBA would consider any evidence or other
16  materials he wished to submit, and that he could speak directly to the Commissioner
17  about the matter, Mr. Sterling cancelled an in-person interview that had been
18  scheduled with the NBA's investigator, chose not to submit any evidence or other
19  materials, and elected not to speak with the Commissioner.
20      12.    Defendants deny the allegations contained in Paragraph 12 of the
21  Complaint, except admit that, on May 19, 2014, Commissioner Silver served a
22  formal written charge (the "Charge") on Mr. Sterling that contained six Counts.
23  Defendants refer to the Charge for its true and accurate content.
24      13.    Paragraph 13 of the Complaint includes legal assertions and conclusions
25  to which no response by Defendants is necessary.  Defendants deny the remaining
26  factual allegations in Paragraph 13 of the Complaint and refer to the Charge for its
27  true and accurate content.
28

4

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

14.     Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint, except admit that Mr. Sterling's counsel wrote a letter to the NBA on May 22, 2014. Defendants refer to the letter, which is attached as Exhibit 2 to the Complaint, for its true and accurate content.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint, except admit that, with Mr. Sterling's knowledge and consent, Shelly Sterling retained Bank of America, and, after meeting with prospective buyers and buyer groups, including Steven Ballmer, former Chief Executive Officer of Microsoft Corporation, entered into a binding agreement on behalf of the Trust to sell the Los Angeles Clippers to Mr. Ballmer for $2 billion. Defendants aver as follows:   following a bench trial in a lawsuit between Mr. and Mrs. Sterling, Judge Levanas of the Superior Court of the State of California:  (i) found that Mrs. Sterling's removal of Mr. Sterling as trustee was lawful and proper, and that Mrs. Sterling had authority to sell the Los Angeles Clippers to Mr. Ballmer; and (ii) approved Mrs. Sterling's sale of the Los Angeles Clippers to Mr. Ballmer.

17.     Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint, and refer to the NBA's May 27, 2014 statement for its true and accurate content.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint, and aver as follows:  on May 29, 2014, Shelly Sterling removed Mr. Sterling as trustee of the Trust and publicly announced that the Trust reached a

5

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

1  binding agreement to sell the Los Angeles Clippers to Steve Ballmer for an NBA-
2  record $2 billion.  The following afternoon, May 30, Shelly Sterling signed an
3  agreement with the NBA releasing any claims that she, the Trust, or LAC may have
4  against the NBA and agreeing to indemnify the NBA against any claims asserted by
5  herself, the Trust, LAC, Mr. Sterling, or any third party.  The NBA then withdrew
6  the Charge, cancelled the June 3 termination hearing, and notified Mr. Sterling's
7  counsel of such withdrawal and cancellation.  Following a bench trial in a lawsuit
8  between Mr. and Mrs. Sterling, Judge Levanas of the Superior Court of the State of
9  California:  (i) found that Mrs. Sterling's removal of Mr. Sterling as trustee was
10  lawful and proper, and that Mrs. Sterling had authority to sell the Los Angeles
11  Clippers to Mr. Ballmer; and (ii) approved Mrs. Sterling's sale of the Los Angeles
12  Clippers to Mr. Ballmer.

13       21.    Defendants deny the allegations contained in Paragraph 21 of the
14  Complaint and repeat the averments contained in Paragraph 20 of this Answer.

15       22.    Defendants deny the allegations contained in Paragraph 22 of the
16  Complaint, except admit that, on May 28, 2014, the NBA's General Counsel
17  informed Mr. Sterling's counsel that, as of that time, the June 3 termination hearing
18  was still scheduled to take place, and repeat the averments contained in paragraph 20
19  of the Answer.

20       23.    Defendants admit the allegations contained in Paragraph 23 of the
21  Complaint.

22       24.    Defendants lack knowledge or information sufficient to form a belief
23  about the truth of the allegations contained in Paragraph 24 of the Complaint, except
24  admit that, on May 30, Mr. Sterling's counsel contacted the NBA regarding the status
25  of the June 3, 2014 hearing.  Defendants aver that, in the afternoon of May 30, the
26  NBA emailed a letter to Mr. Sterling's counsel stating that "the Commissioner is
27  hereby withdrawing the Charge dated May 19, 2014 . . . without prejudice and the

28

6

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

NBA reserves all of its rights, including the right to renew the Charge or file a new or amended charge at a later date.  Consistent with the foregoing, the Board of Governors hearing that was scheduled for June 3, 2014 is hereby cancelled."

## JURISDICTION AND VENUE

25.     Paragraph 25 of the Complaint constitutes legal assertions and conclusions to which no response by Defendants is necessary.

## FIRST CLAIM FOR RELIEF

### Violation of Plaintiff's Rights Under California Constitution

### (against all Defendants)

26.     Defendants incorporate by reference their responses to Paragraphs 1-25 of the Complaint as if set forth herein.

27.     Paragraph 27 of the Complaint constitutes legal assertions and conclusions to which no response by Defendants is necessary.  Defendants aver that all of Defendants' actions challenged in the Complaint, including the bringing of the Charge and any reliance on the Recording, were entirely lawful and fully consistent with the NBA Constitution and By-Laws (the "NBA Constitution"), and rules, regulations, resolutions, and agreements of the League.

28.     Defendants deny the allegations contained in Paragraph 28 and refer to the Charge and the May 19, 2014 letter for their true and accurate contents. Defendants aver that all of Defendants' actions challenged in the Complaint, including the bringing of the Charge and any reliance on the Recording, were entirely lawful and fully consistent with the NBA Constitution, and rules, regulations, resolutions, and agreements of the League.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

### (against all Defendants)

7

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

29.     Defendants incorporate by reference their responses to Paragraphs 1-28 of the Complaint as if set forth herein.

30.     Defendants admit that Article 2 of the NBA Constitution, entitled "Principles of Organization," includes, among other language, the language quoted in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint, and aver as follows:  on April 29, 2014, pursuant to his authority under the NBA Constitution, Commissioner Silver:  (i) fined Mr. Sterling $2.5 million and banned him for life from any further association with the Los Angeles Clippers organization or the NBA; and (ii) urged the Board of Governors to terminate Mr. Sterling's ownership of the team.  On May 19, the Charge was served.  All of Defendants' actions challenged in the Complaint, including the bringing of the Charge and procedures with respect thereto, were entirely lawful and fully consistent with the NBA Constitution, and rules, regulations, resolutions, and agreements of the League.  Defendants' actions were not arbitrary, capricious, unreasonable, or grossly discriminatory, and they provided Mr. Sterling with the process to which he agreed when he became a team owner in the League.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint, and aver that all of Defendants' actions challenged in the Complaint, including the bringing of the Charge and procedures with respect thereto, were entirely lawful and fully consistent with the NBA Constitution, and rules, regulations, resolutions, and agreements of the League.

## THIRD CLAIM FOR RELIEF

### Violation of the Antitrust Laws Under Sherman Act § 1

### (against all Defendants)

33.     Defendants incorporate by reference their responses to Paragraphs 1-32 of the Complaint as if set forth herein.

8

34.     Paragraph 34 of the Complaint constitutes legal assertions and conclusions to which no response by Defendants is necessary.

35.     Paragraph 35 of the Complaint constitutes legal assertions and conclusions to which no response by Defendants is necessary.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint, except admit that competition exists for ownership of NBA teams, as demonstrated by the multiple bids Mrs. Sterling and the Trust received for the Team.

37.     Paragraph 37 of the Complaint includes legal assertions and conclusions to which no response by Defendants is necessary.  Defendants deny the remaining factual allegations in Paragraph 37 of the Complaint and aver that all of Defendants' actions challenged in the Complaint were entirely lawful and fully consistent with the NBA Constitution, and rules, regulations, resolutions, and agreements of the League.

38.     Paragraph 38 of the Complaint includes legal assertions and conclusions to which no response by Defendants is necessary.  Defendants deny the remaining factual allegations in Paragraph 38 of the Complaint and repeat the averments contained in Paragraph 20 of this Answer.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint and repeat the averments contained in Paragraph 20 of this Answer.

## **FOURTH CLAIM FOR RELIEF**

### **Conversion**

**(against all Defendants)**

40.     Defendants incorporate by reference their responses to Paragraphs 1-39 of the Complaint as if set forth herein.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint and repeat the averments contained in Paragraph 20 of this Answer.

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint and repeat the averments contained in Paragraph 20 of this Answer.

### FIFTH CLAIM FOR RELIEF

### Breach of Fiduciary Duties

**(against all Defendants)**

43.     Defendants incorporate by reference their responses to Paragraphs 1-42 of the Complaint as if set forth herein.

44.     Paragraph 44 of the Complaint includes legal assertions and conclusions to which no response is necessary.  Defendants deny the remaining allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint and aver that all of Defendants' actions challenged in the Complaint, including the bringing of the Charge and procedures with respect thereto, and the imposition of the fine and lifetime ban, were entirely lawful as well as consistent with the NBA Constitution, and rules, regulations, resolutions, and agreements of the League.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

## **PRAYER FOR RELIEF**

Defendants National Basketball Association and Adam Silver deny that Plaintiffs are entitled to any of the relief requested or to any other relief based on the allegations in the Complaint.

## **AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants National Basketball Association and Adam Silver assert the following affirmative defenses to the Complaint:

### **First Affirmative Defense**

47.   Plaintiffs fail to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

48.   Plaintiffs' Complaint violates Rule 11 of the Federal Rules of Civil Procedure.

### **Third Affirmative Defense**

49.   Plaintiffs lack standing to assert some or all of the claims alleged in the Complaint.

### **Fourth Affirmative Defense**

50.   Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### **Fifth Affirmative Defense**

51.   Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### **Sixth Affirmative Defense**

52.   Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

1

## **Seventh Affirmative Defense**

2      53.    Plaintiffs' claims are barred in whole or in part because Mr. Sterling

3   lacks the legal capacity to bring them.

4

## **Eighth Affirmative Defense**

5      54.    Plaintiffs' claims are barred in whole or in part for failure to join a

6   required party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

7

## **Ninth Affirmative Defense**

8      55.     To the extent that any liability exists on the part of Defendants, such

9   liability is to be indemnified by Plaintiffs.

10

## **Tenth Affirmative Defense**

11      56.    Plaintiffs' claims have been released in whole or in part.

12

## **Eleventh Affirmative Defense**

13      57.    Plaintiffs' claims are moot.

14

## **Twelfth Affirmative Defense**

15      58.    Plaintiffs' claims are not ripe.

16

17

## **COUNTERCLAIM**

18      Defendants NBA and Adam Silver, by and through their undersigned counsel,

19   file this Counterclaim against Donald T. Sterling and The Sterling Family Trust, and

20   allege as follows:

21

## **NATURE OF ACTION**

22      1.    This counterclaim for indemnification arises from losses incurred by the

23   NBA as a result of the deeply offensive, demeaning, and discriminatory words,

24   actions, and views of Counterdefendant Mr. Sterling, made while he was the

25   controlling owner of the Clippers, which came to light in the well-publicized

26   Recording.  Mr. Sterling's discriminatory views toward African Americans and

27   "minorities" in general, as well as his demands of a female acquaintance that she not

28

12

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

1  associate publicly with African Americans or "minorities," or bring them to Clippers'
2  games, are antithetical to the most basic values, principles, and purposes of
3  Counterclaimant NBA.  This matter has caused devastating and incalculable harm to
4  the NBA and its teams, as well as sparked an intensely adverse public reaction.

5      2.       Accordingly, the NBA took reasonable actions to attempt to stem and
6  repair the damage, at all times comporting fully with the League's governing rules
7  and procedures by which all team owners (including Mr. Sterling) agree to be bound.
8  Following a thorough investigation into the matter, and in accordance with the NBA
9  Constitution, NBA Commissioner Adam Silver banned Mr. Sterling for life from any
10  further association with the NBA or the Clippers and fined him $2.5 million.  The
11  Commissioner also announced that he would urge the Board of Governors to
12  consider the termination of Mr. Sterling's ownership of the Clippers.

13      3.       The Commissioner determined LAC to be in violation of NBA
14  agreements to which Mr. Sterling, Mrs. Sterling, and LAC agreed to be bound.
15  Specifically, the Commissioner determined that LAC:  (a) failed to fulfill contractual
16  obligations to the NBA under a 2005 Agreement and Undertaking, a 1989 Joint
17  Venture Agreement, and at law in such a way as to adversely affect the NBA and its
18  Members; (b) engaged in conduct disloyal, injurious, and disruptive to the NBA, in
19  violation of its contractual duties and the duty of loyalty owed to the Association;
20  (c) willfully violated the NBA Constitution by, among other things, destroying
21  relevant evidence, providing false and misleading information in connection with the
22  NBA's investigation into the Recording, and issuing a false and misleading public
23  statement about this matter; and (d) failed to pay an indebtedness owed to the
24  Association through a refusal to pay the $2.5 million fine that was imposed on him.
25  Accordingly, on May 19, 2014, the Commissioner initiated a Charge to terminate
26  LAC's Membership in the NBA.

27

28

13

Answer and Counterclaim of National Basketball Association and<br>Adam Silver to Complaint for Damages

4.      A hearing and vote regarding the termination of LAC's Membership in the NBA were scheduled for June 3, 2014.  That hearing and vote were cancelled after Mr. Sterling's wife, Rochelle, as the sole trustee of the Trust and with Mr. Sterling's express agreement to the sale of his interest in the Team:  (i) executed a binding term sheet to sell LAC for a record $2 billion; and (ii) signed an agreement releasing any claims that she, LAC, or the Trust may have against the NBA and indemnifying the NBA against any claims asserted by herself, the Trust, LAC, Mr. Sterling, or any third party.   Following a bench trial in a lawsuit between Mr. and Mrs. Sterling, Judge Levanas of the Superior Court of the State of California:  (i) found that Mrs. Sterling's removal of Mr. Sterling as trustee was lawful and proper, and that Mrs. Sterling had authority to sell the Los Angeles Clippers to Mr. Ballmer; and (ii) approved Mrs. Sterling's sale of the Los Angeles Clippers to Mr. Ballmer.

5.      Pursuant to additional agreements entered into by Mr. Sterling and the Sterling Family Trust, the NBA and Commissioner Silver are indemnified for losses arising out of Mr. Sterling's acts and omissions, including, but not limited to, damages and legal and other fees relating to:  (a) Mr. Sterling's statements and conduct; (b) the NBA's investigation of the Recording and Mr. Sterling's statements and conduct; (c) the imposition of discipline upon Mr. Sterling; (d) the proceedings to terminate Mr. Sterling's ownership of the Clippers; and (e) this lawsuit.   Mr. Sterling's acts and omissions have caused the NBA to suffer losses by reason of each of the foregoing events.

## JURISDICTION AND VENUE

6.      This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Counterdefendants have, at all relevant times, resided in,

14

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

1  transacted business in, or have engaged in conduct that has caused injury in this

2  District.

3  ## THE PARTIES

4  8.  Counterclaimant NBA is a voluntary membership association that

5  operates a professional basketball league consisting of thirty Members and their

6  Member Teams, including the Clippers.  The NBA Member Teams are located in a

7  diverse group of cities throughout the United States and Canada.  The NBA League

8  Office is located at 645 Fifth Avenue, New York, New York.

9  9.  Counterclaimant Adam Silver is the Commissioner of the NBA and

10  resides in New York, New York.

11  10.  Counterdefendant Donald Sterling (along with his wife Shelly Sterling)

12  was, at the time this action was commenced, a beneficiary and settlor of The Sterling

13  Family Trust.

14  11.  Counterdefendant The Sterling Family Trust is the sole shareholder of

15  LAC Basketball Club, Inc., a California corporation with its principal place of

16  business in Los Angeles, California.  LAC Basketball Club, Inc. is the corporate

17  entity that owns the Los Angeles Clippers and is a Member of the NBA.

18  ## THE RELEVANT OBLIGATIONS OF
## DONALD STERLING AND THE STERLING FAMILY TRUST

19

20  12.  Pursuant to a 2005 Agreement and Undertaking, the NBA Constitution,

21  and a 2014 Settlement and Release, Counterdefendants have an obligation to

   indemnify the NBA and Commissioner Silver for "Losses," including, but not

22  limited to, damages, fees, and costs arising out of the statements and actions

23  reflected on the Recording, the NBA's investigation of his statements and actions

24  related to the Recording, the NBA's efforts to prepare the Charge against LAC and

25  Mr. Sterling, and the defense of this lawsuit.

26  13.  In connection with their ownership of the Clippers and Membership in

27  the NBA, The Sterling Family Trust and Mr. Sterling have undertaken contractual

28

1  obligations to the NBA, including in a July 26, 2005 Agreement and Undertaking

2  with the NBA made in favor of the NBA and its Member Teams (the "A&U").

3       14.    In Paragraph 7(a) of the A&U, each of the signatories, including Mr.

4  Sterling, agrees that they "jointly and severally shall indemnify, defend and hold

5  harmless each of the Affiliated NBA Parties from and against all actions, causes of

6  action, suits, debts, obligations, losses, damages, amounts paid in settlement,

7  liabilities, costs and expenses (including, without limitation, interest, penalties and

8  reasonable attorneys' fees and expenses) (collectively, 'Losses') resulting to, imposed

9  upon, asserted  against or incurred by any Affiliated NBA Party (including, but not

10 limited to, in any action between any of the Owners and any Affiliated NBA Party)

11 in connection with or arising out of . . . (ii) any breach or misrepresentation by any of

12 the Owners under this Agreement, or (iii) any act or omission (or alleged act or

13 omission) . . . ."  Paragraph 6(a) of the A&U defines "Affiliated NBA Parties" so as

14 to include both Counterclaimants.

15      15.    In addition to the A&U, in 2005, as a condition of the Board of

16 Governors' approval of Mr. Sterling's transfer of ownership of the Clippers to The

17 Sterling Family Trust, Mr. and Mrs. Sterling each acknowledged in a signed writing

18 that they would agree to "abide by the Constitution and By-Laws."

19      16.    As set forth in Article 2 of the NBA Constitution, which is governed by

20 the laws of the State of New York, as a condition of Membership in the NBA, each

21 NBA Member agrees, among other things, that it (i) "shall be subject to the oversight

22 and control of the Board of Governors of the Association," and (ii) "shall be

23 governed by the Constitution and By-Laws, rules, regulations, resolutions, and

24 agreements of the Association, as they may be modified or amended from time to

25 time."

26      17.    Article 46 of the NBA Constitution sets forth a Member's or Owner's

27 indemnification obligations to the League.  Article 46 provides, in relevant part, that:

28

16

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

"(a) In any action in which a claim or counterclaim is brought by one or more Members or their Owners (each a 'Claiming Party') against any of (i) the Association, . . . or (iv) the Commissioner or any other executive or employee of the Association (clauses (i) – (iv) collectively, the 'Association Parties'), the following shall apply:  (i) unless the Claiming Parties shall fully prevail on the merits of each and every claim or counterclaim brought against the Association Parties, the Claiming Parties shall jointly and severally indemnify and hold harmless the Association Parties against all costs, fees and expenses of every kind and description that the Association Parties may incur in connection with the action (including, but not limited to, all reasonable attorneys' fees incurred in such action between the Claiming Party and the Association Parties) (collectively, 'Litigation Costs')."

18.     Additionally, on May 30, 2014, Mrs. Sterling, as sole trustee of The Sterling Family Trust, on behalf of LAC, and in her individual capacity (collectively, the "Sterling Parties"), entered into a Settlement and Release Agreement with the NBA.  The Settlement and Release Agreement relates to the NBA's penalties and Charge against Mr. Sterling for the views and conduct expressed in the Recording.

19.     Pursuant to Paragraph 8 of the Settlement and Release Agreement, the Sterling Parties, including Counterdefendant The Sterling Family Trust, agree to indemnify the NBA and Commissioner Silver for any costs incurred due to litigation brought by Mr. Sterling related to the Charge or the sale of the Team:  "Without limiting their obligations under NBA Rules, including the Constitution and Bylaws of the NBA and the Agreement and Undertaking dated as of July 26, 2005 from the Sterling Parties (the '2005 A&U'), the Sterling Parties, jointly and severally, hereby agree to indemnify, defend and hold harmless, to the fullest extent permitted by law and with counsel selected by the NBA, each of the Affiliated NBA Parties from and against any and all losses, liabilities, obligations, claims, damages, settlements, injunctions, suits, actions, proceedings, demands, charges, fines, penalties, costs and

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

expenses of every kind and nature, including reasonable fees, expenses and disbursements of attorneys, accountants and other professionals (collectively, 'Losses'), imposed upon, asserted against or incurred by any of the Affiliated NBA Parties . . . in connection with, arising out of or relating to . . .  any Claims by or on behalf of [Mr. Sterling] or any of his personal representatives, conservators or agents."

## FIRST COUNTERCLAIM FOR RELIEF
### (As Against Donald T. Sterling)

20.     The foregoing paragraphs of this Counterclaim are hereby incorporated by reference.

21.     As described above, the A&U and the NBA Constitution constitute binding contracts between Counterclaimants and Counterdefendant Mr. Sterling.

22.     The NBA and Commissioner Silver have suffered Losses in connection with Mr. Sterling's acts, omissions, and other conduct, including, but not limited to, damages and legal and other fees relating to:  (a) Mr. Sterling's statements and conduct; (b) the NBA's investigation of the Recording and Mr. Sterling's statements and conduct; (c) the imposition of discipline upon Mr. Sterling; (d) the proceedings to terminate Mr. Sterling's ownership of the Clippers; and (e) this lawsuit.

23.     Pursuant to binding agreements with the NBA, Mr. Sterling must indemnify the NBA and Commissioner Silver for the foregoing Losses.

## SECOND COUNTERCLAIM FOR RELIEF
### (As Against The Sterling Family Trust)

24.     The foregoing paragraphs of these Counterclaims are hereby incorporated by reference.

25.     On May 29, 2014, one day before this lawsuit was filed, Rochelle Sterling removed Donald Sterling as trustee of The Sterling Family Trust.

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

26.     Following a bench trial in a lawsuit between Mr. and Mrs. Sterling, Judge Levanas of the Superior Court of the State of California found that Mrs. Sterling's removal of Mr. Sterling as trustee on May 29 was lawful and proper.

27.     As a result of his removal as Trustee, Mr. Sterling lacked authority and standing to commence this lawsuit on behalf of The Sterling Family Trust.

28.     In the event it is nonetheless determined that The Sterling Family Trust is a proper plaintiff in this lawsuit, then the NBA hereby asserts this claim for indemnification against The Sterling Family Trust.

29.     As described above, the A&U, the NBA Constitution, and the Settlement and Release Agreement constitute binding contracts between Counterclaimants and Counterdefendant The Sterling Family Trust.

30.     The NBA and Commissioner Silver have suffered Losses in connection with Mr. Sterling's acts, omissions, and other conduct, including, but not limited to, damages and legal and other fees relating to:  (a) Mr. Sterling's statements and conduct; (b) the NBA's investigation of the Recording and Mr. Sterling's statements and conduct; (c) the imposition of discipline upon Mr. Sterling; (d) the proceedings to terminate Mr. Sterling's ownership of the Clippers; and (e) this lawsuit.

31.     Pursuant to binding agreements with the NBA, The Sterling Family Trust must indemnify the NBA and Commissioner Silver for the foregoing Losses.

        **WHEREFORE**, Counterclaimants NBA and Commissioner Silver pray for judgment as follows:

        (1) That the NBA and Commissioner Silver recover damages, costs and attorneys' fees related to (a) Mr. Sterling's statements and conduct, (b) the NBA's investigation of the Recording and Mr. Sterling's statements and conduct, (c) the imposition of discipline upon Mr. Sterling, (d) the proceedings to terminate Mr. Sterling's ownership of the Clippers, and (e) this lawsuit; and

19

Answer and Counterclaim of National Basketball Association and
Adam Silver to Complaint for Damages

1          (2) Such other and further relief in favor of Counterclaimants as the

2    Court may deem just and proper.

3

4    DATED: August 11, 2014

5                              SKADDEN, ARPS, SLATE,  MEAGHER & FLOM LLP
                               RICHARD MARMARO (SBN 91387)
6                              JASON D. RUSSELL (SBN 169219)
                               JEFFREY A. MISHKIN (*pro hac vice* application
7                              pending)
                               ANTHONY J. DREYER (*pro hac vice* application
8                              pending)
                               KAREN HOFFMAN LENT (*pro hac vice* application
9                              pending)

10

11                            By:  /s/ Richard Marmaro
                                   RICHARD MARMARO
12                             Attorneys for Defendants and Counterclaimants
                               National Basketball Association and Adam Silver

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          20
                  Answer and Counterclaim of National Basketball Association and
                             Adam Silver to Complaint for Damages