# EXHIBIT A

# THE STERLING FAMILY TRUST

**(2013 RESTATEMENT)**

**EXHIBIT A, PAGE 4**

**029-001**

## TABLE OF CONTENTS

Page

ARTICLE 1      INTRODUCTION ........................................................................ 1

    1.1      Restatement Of Trust .......................................................... 1

    1.2      Family Of Settlors ............................................................... 1

    1.3      Disinheritance Clause ......................................................... 1

    1.4      Names Of Trusts ................................................................. 1

    1.5      Character Of Property ......................................................... 1

    1.6      Rules Of Construction ......................................................... 2

ARTICLE 2      DISTRIBUTION OF TRUSTS WHILE BOTH SETTLORS ARE
                LIVING ................................................................................ 2

    2.1      Distribution Of Income And Principal Of Community Trust .......... 2

    2.2      Distribution Of Income And Principal Of Separate Trust ............. 2

    2.3      Residences And Tangible Personal Property ......................... 3

    2.4      Support Of Other Individuals .............................................. 3

        2.4.a      Legal Obligation Of Support ............................... 3

        2.4.b      Actual Support ................................................... 3

        2.4.c      Source Of Distributions For Support ................... 3

    2.5      Settlors' Powers To Revoke, Withdraw, Appoint And Amend
         Community Trust ................................................................ 4

        2.5.a      Revocation ........................................................ 4

        2.5.b      Withdrawal ......................................................... 4

        2.5.c      Joint Appointment .............................................. 4

        2.5.d      Joint Amendment ............................................... 4

        2.5.e      Unilateral General Testamentary Power Of Appointment ........... 4

    2.6      Settlor's Powers To Revoke, Withdraw, Appoint And Amend His Or
         Her Separate Trust ............................................................. 5

        2.6.a      Revocation ........................................................ 5

        2.6.b      Withdrawal ......................................................... 5

        2.6.c      Appointment ...................................................... 5

        2.6.d      Amendment ....................................................... 5

    2.7      Exercise Of Settlors' Powers .............................................. 5

        2.7.a      No Writing Required ........................................... 5

        2.7.b      Writing Required ................................................ 6

**EXHIBIT A, PAGE 5**

**029-002**

**TABLE OF CONTENTS**
(continued)

| | | | Page |
|---|---|---|---|
| ARTICLE 3 | | ADMINISTRATION OF TRUSTS UPON DEATH OF DECEASED SETTLOR | 6 |
| | 3.1 | Administrative Trust | 6 |
| | 3.2 | Division Of Residue Of Administrative Trust Into Separate Trusts | 6 |
| | | 3.2.a Gift To The Survivor's Trust | 6 |
| | | 3.2.b Pecuniary Gift Of Formula Amount To The Credit Trust | 7 |
| | | 3.2.c Residual Gift To The Marital Trust | 7 |
| | | 3.2.d Disclaimer By Surviving Settlor | 9 |
| | 3.3 | Termination Of Administrative Trust | 9 |
| ARTICLE 4 | | ADMINISTRATION OF TRUSTS FOR SURVIVING SETTLOR | 9 |
| | 4.1 | Administration Of Survivor's Trust | 9 |
| | | 4.1.a Distribution Of Income And Principal | 9 |
| | | 4.1.b Residences And Tangible Personal Property | 9 |
| | | 4.1.c Support Of Other Individuals | 10 |
| | | 4.1.d Surviving Settlor's Powers To Revoke, Withdraw, Appoint And Amend Survivor's Trust | 10 |
| | | 4.1.e Exercise Of Surviving Settlor's Powers | 11 |
| | | 4.1.f Administration Following Surviving Settlor's Death | 11 |
| | 4.2 | Administration Of Marital Trust | 11 |
| | | 4.2.a Distribution Of Income And Principal | 11 |
| | | 4.2.b Residences And Tangible Personal Property | 12 |
| | | 4.2.c Marital Deduction Provisions | 12 |
| | | 4.2.d Surviving Settlor's Limited Testamentary Power Of Appointment | 12 |
| | | 4.2.e Administration Following Surviving Settlor's Death | 13 |
| | 4.3 | Administration Of Credit Trust | 13 |
| | | 4.3.a Distribution Of Income And Principal | 13 |
| | | 4.3.b Residences And Tangible Personal Property | 13 |
| | | 4.3.c Surviving Settlor's Limited Lifetime And Testamentary Powers Of Appointment | 13 |
| | | 4.3.d Administration Following Surviving Settlor's Death | 14 |

**EXHIBIT A, PAGE 6**

**029-003**

**TABLE OF CONTENTS**
(continued)

Page

| ARTICLE 5 | | ADMINISTRATION OF TRUSTS AFTER SURVIVING SETTLOR'S DEATH | 14 |
|---|---|---|---|
| | 5.1 | Administrative Survivor's Trust | 14 |
| | | 5.1.a  Distribution Of Residue Of Administrative Survivor's Trust | 14 |
| | | 5.1.b  Termination Of Administrative Survivor's Trust | 15 |
| | 5.2 | Distribution Of Marital Trust Upon Death Of Surviving Settlor | 15 |
| | | 5.2.a  Distribution Of Residue Of Marital Trust | 16 |
| | | 5.2.b  Termination Of Marital Trust | 16 |
| | 5.3 | Distribution Of Credit Trust Upon Death Of Surviving Settlor | 16 |
| | | 5.3.a  Distribution Of Residue Of Credit Trust | 17 |
| | | 5.3.b  Termination Of Credit Trust | 17 |
| | 5.4 | Division Of Exempt Distribution Trust And Non-Exempt Distribution Trust Upon Death Of Surviving Settlor | 17 |
| | | 5.4.a  Pecuniary From Distribution Trust | 17 |
| | | 5.4.b  Distribution Of Residue Of Distribution Trust | 18 |
| | | 5.4.c  Disclaimer By Child Of Settlors | 18 |
| | 5.5 | Administration Of Trust For Settlors' Child | 18 |
| | | 5.5.a  Distribution Of Income And Principal | 18 |
| | | 5.5.b  Residences And Tangible Personal Property | 19 |
| | | 5.5.c  Child's Limited Lifetime Power Of Appointment | 19 |
| | | 5.5.d  Child's Limited Testamentary Power Of Appointment | 19 |
| | | 5.5.e  Disposition Of Child's Trust Upon Child's Death | 19 |
| | 5.6 | Administration Of Trust For Settlors' Descendant | 20 |
| | | 5.6.a  Distribution Of Income And Principal | 20 |
| | | 5.6.b  Residences And Tangible Personal Property | 20 |
| | | 5.6.c  Descendant's Limited Lifetime Power Of Appointment | 20 |
| | | 5.6.d  Descendant's Limited Testamentary Power Of Appointment | 21 |
| | | 5.6.e  Disposition Of Descendant's Trust Upon Descendant's Death | 21 |
| | | 5.6.f  Disposition Of Descendant's Balance | 21 |
| | 5.7 | General Power Of Appointment Over Non-Exempt Trusts | 22 |

**EXHIBIT A, PAGE 7**

**029-004**

**TABLE OF CONTENTS**
(continued)

Page

| | | | |
|---|---|---|---|
| | 5.7.a | Additional General Power Of Appointment | 22 |
| | 5.7.b | Distribution Of Non-Appointed Non-Exempt Trust | 23 |
| | 5.7.c | Actions To Reduce GST Tax | 23 |
| | 5.7.d | Failure To Exercise General Power Of Appointment | 23 |
| 5.8 | | Death Of All Beneficiaries | 23 |
| ARTICLE 6 | | PROVISIONS APPLICABLE TO ADMINISTRATION AND DISTRIBUTION OF ALL TRUSTS | 24 |
| 6.1 | | Beneficiary Under Age Twenty-Five (25) Or Incapacitated | 24 |
| | 6.1.a | Distribution To Custodian | 24 |
| | 6.1.b | Retention Of Property In Trust | 24 |
| 6.2 | | Exercise Of Trustee's Discretion With Respect To Distributions | 25 |
| | 6.2.a | Frequency Of Distributions | 25 |
| | 6.2.b | Order Of Distributions From Trusts | 25 |
| | 6.2.c | Factors To Be Considered When Exercising Discretion | 25 |
| | 6.2.d | Distributions From Multiple Trusts | 26 |
| | 6.2.e | Distributions To Purchase Or Improve Home | 26 |
| 6.3 | | Characterization Of Gifts | 26 |
| 6.4 | | Independent Trustee's Powers With Respect To Distributions | 27 |
| | 6.4.a | To Distribute Principal For Gifting | 27 |
| | 6.4.b | To Terminate Uneconomical Trust | 27 |
| | 6.4.c | To Hold Tax-Sensitive Powers Vested In Trustee | 27 |
| 6.5 | | Neutral Person's Powers | 28 |
| | 6.5.a | Transactions Involving Interested Person | 28 |
| | 6.5.b | Powers With Respect To Insurance On Trustee's Life | 28 |
| | 6.5.c | Allocation Of Deceased Settlor's GST Exemption | 28 |
| 6.6 | | Delay In Distribution | 29 |
| 6.7 | | Spendthrift Restrictions | 29 |
| | 6.7.a | Assignment By Beneficiary | 29 |
| | 6.7.b | No Interference Or Control By Creditor | 29 |
| | 6.7.c | Accumulation Of Discretionary Distributions | 29 |
| 6.8 | | Trustee's Powers To Combine And Divide Trusts | 29 |

-iv-

**EXHIBIT A, PAGE 8**

**029-005**

**TABLE OF CONTENTS**
(continued)

Page

| | | | |
|---|---|---|---|
| 6.9 | Trustee's Powers Relating To Additions To Trusts | | 30 |
| 6.10 | Provisions Relating To Interests In Deferrable Benefits | | 30 |
| | 6.10.a | Prohibited Use Of Deferrable Benefits | 30 |
| | 6.10.b | Allocation Of Deferrable Benefits Into Separate Accounts | 31 |
| | 6.10.c | Limitation On Distributions With Respect To Deferrable Benefits | 31 |
| | 6.10.d | Minimum Distributions From Deferrable Benefits | 31 |
| | 6.10.e | Alternate Distributions | 32 |
| 6.11 | Allocation Of Income And Principal | | 32 |
| | 6.11.a | Depreciation Reserve Not Required | 32 |
| | 6.11.b | Income In Respect Of A Decedent As Principal | 33 |
| | 6.11.c | No Requirement To Make Adjustments | 33 |
| | 6.11.d | Discretion With Respect To Environmental Expenses | 33 |
| 6.12 | Cost Of Living Adjustment | | 33 |
| 6.13 | Powers Of Appointment | | 34 |
| | 6.13.a | Manner Of Exercise | 34 |
| | 6.13.b | Effective Date Of Exercise | 34 |
| | 6.13.c | Revocation | 34 |
| | 6.13.d | Scope Of Power | 34 |
| | 6.13.e | Restrictions With Respect To Powers Over Insurance | 34 |
| | 6.13.f | Compelled Exercise Not Effective | 35 |
| | 6.13.g | Provisions Regarding Exercises Of Powers Of Appointment In Favor Of Spouses | 35 |
| 6.14 | Residences And Tangible Personal Property | | 35 |
| | 6.14.a | Beneficiary's Right To Occupancy And Use | 35 |
| | 6.14.b | Replacement Of Residences | 36 |
| | 6.14.c | Replacement Of Tangible Personal Property | 36 |
| 6.15 | Survivorship Provision | | 36 |
| 6.16 | Rule Against Perpetuities | | 37 |
| | 6.16.a | Ultimate Termination Date | 37 |
| | 6.16.b | Distribution Upon Termination | 37 |

**EXHIBIT A, PAGE 9**

**029-006**

**TABLE OF CONTENTS**
(continued)

|  |  |  | Page |
|---|---|---|---|
| 6.17 | | Intention To Comply With Tax Laws And Power To Modify Trust To Comply | 37 |
| 6.18 | | No Revocation Or Amendment Except As Specifically Provided | 38 |
| ARTICLE 7 | | PROVISIONS REGARDING TRUSTEES | 38 |
| 7.1 | | General Provisions Concerning Fiduciaries | 38 |
| 7.2 | | Appointment Of Trustees | 38 |
| | 7.2.a | In General | 38 |
| | 7.2.b | Trustees Of Trusts For Issue | 39 |
| | 7.2.c | Vacancy In Office Of Trustee | 40 |
| | 7.2.d | If No Trustee Is An Independent Trustee | 40 |
| | 7.2.e | If No Trustee Is A Neutral Person | 40 |
| 7.3 | | Designation Of Co-Trustees And Successor Trustees | 41 |
| | 7.3.a | Exercise Of Designation | 41 |
| | 7.3.b | Other Terms Of Designation | 41 |
| | 7.3.c | Effect Of Removal Of Designating Trustee | 41 |
| 7.4 | | Qualification Of Successor Trustees | 42 |
| | 7.4.a | Consent To Serve | 42 |
| | 7.4.b | Conflicts Of Interest | 42 |
| 7.5 | | Declination, Resignation And Removal Of Trustees | 42 |
| | 7.5.a | Declination | 42 |
| | 7.5.b | Resignation | 42 |
| | 7.5.c | Removal Of Individual Due To Incapacity | 42 |
| | 7.5.d | Removal Of Trustee For Cause | 43 |
| | 7.5.e | Liability Of Former Trustee | 44 |
| | 7.5.f | Removal Of Trustee Without Cause | 44 |
| 7.6 | | Provisions Relating To Multiple Trustees | 44 |
| | 7.6.a | In General | 44 |
| | 7.6.b | When Settlors Are Serving As Co-Trustees | 44 |
| | 7.6.c | Delegation By Trustees Permitted | 46 |
| 7.7 | | Bond Waived | 46 |
| 7.8 | | Compensation For Services | 46 |

**EXHIBIT A, PAGE 10**

**029-007**

## TABLE OF CONTENTS
### (continued)

| | | | Page |
|---|---|---|---|
| | 7.8.a | For Individuals | 46 |
| | 7.8.b | For Corporate Trustees | 47 |
| 7.9 | | Liability Of Trustee | 47 |
| | 7.9.a | In General | 47 |
| | 7.9.b | With Respect To Investments | 47 |
| | 7.9.c | With Respect To Acts Of Predecessor | 48 |
| | 7.9.d | With Respect To Acts Of Designees, Delegates Or Professionals | 48 |
| | 7.9.e | With Respect To Independent Person Or Neutral Person Serving As Trustee | 48 |
| | 7.9.f | Burden Of Proof | 48 |
| ARTICLE 8 | | MANAGEMENT OF TRUST ASSETS | 49 |
| 8.1 | | Powers Of Trustee | 49 |
| | 8.1.a | To Employ Professional And Other Assistants | 49 |
| | 8.1.b | To Pay Expenses | 50 |
| | 8.1.c | To Receive And Retain Property | 50 |
| | 8.1.d | To Hold Property | 50 |
| | 8.1.e | To Operate A Business | 50 |
| | 8.1.f | To Manage And Control Property | 50 |
| | 8.1.g | To Purchase And Sell | 50 |
| | 8.1.h | To Borrow And Encumber | 52 |
| | 8.1.i | To Secure The Debt Of A Beneficiary | 52 |
| | 8.1.j | To Lend | 52 |
| | 8.1.k | To Deposit And Withdraw Funds | 52 |
| | 8.1.l | To Distribute Assets | 53 |
| | 8.1.m | To Commence, Defend And Compromise Actions | 53 |
| | 8.1.n | To Release Powers | 53 |
| | 8.1.o | To Deal With Insurance | 53 |
| 8.2 | | Segregation Of Separate Trusts | 54 |
| 8.3 | | Accounting | 54 |
| 8.4 | | Other Property May Be Added | 54 |

**EXHIBIT A, PAGE 11**

**029-008**

**TABLE OF CONTENTS**
(continued)

|  |  |  |  | Page |
|---|---|---|---|---|
| | 8.5 | Trust As Owner Of S Stock | | 54 |
| | 8.6 | Environmental Hazards And Compliance With Environmental Laws | | 54 |
| | | 8.6.a | Authorization To Inspect Property Prior To Accepting Property Or Consenting To Serve As Trustee | 54 |
| | | 8.6.b | Trustee's Powers Relating To Environmental Laws | 56 |
| | | 8.6.c | Indemnification Of Trustee For Environmental Expenses | 56 |
| | | 8.6.d | Indemnification Of Trustee For Environmental Expenses In Excess Of Trust Value | 57 |
| | | 8.6.e | Exoneration Of Trustee For Actions Or Omissions Relating To Any Environmental Law | 57 |
| | 8.7 | Administration Of Creative Property | | 57 |
| | | 8.7.a | Exploit Creative Property | 57 |
| | | 8.7.b | Proceeds From Creative Property | 57 |
| | | 8.7.c | Copyright | 58 |
| ARTICLE 9 | | PAYMENT OF ESTATE AND GENERATION-SKIPPING TRANSFER TAXES | | 58 |
| | 9.1 | Deceased Settlor's Estate Taxes | | 58 |
| | | 9.1.a | Attributable To Specific Gifts | 58 |
| | | 9.1.b | Attributable To Partial QTIP Election | 58 |
| | | 9.1.c | Attributable To Divided Trust | 58 |
| | | 9.1.d | Modification By Deceased Settlor | 59 |
| | 9.2 | Surviving Settlor's Estate Taxes | | 59 |
| | | 9.2.a | Attributable To Specific And Pecuniary Gifts | 59 |
| | | 9.2.b | Attributable To Divided Trust | 59 |
| | | 9.2.c | Modification By Surviving Settlor | 59 |
| | 9.3 | Estate Taxes Attributable To General Power Of Appointment | | 60 |
| | 9.4 | Generation-Skipping Transfer Taxes | | 60 |
| | 9.5 | Reserves | | 60 |
| ARTICLE 10 | | DEFINITIONS | | 60 |
| | 10.1 | Annual Appointable Amount | | 60 |
| | 10.2 | Annual Distributable Amount | | 60 |
| | 10.3 | Available GST Exemption | | 60 |

**EXHIBIT A, PAGE 12**

**029-009**

# TABLE OF CONTENTS
(continued)

|  |  | Page |
|---|---|---|
| 10.4 | Beneficiary | 60 |
| 10.5 | Charity | 61 |
| 10.6 | Child | 61 |
| 10.7 | Code | 61 |
| 10.8 | Community Trust | 61 |
| 10.9 | Contest | 61 |
| 10.10 | Creative Property | 62 |
| 10.11 | Current Beneficiary | 62 |
| 10.12 | Deceased Settlor | 62 |
| 10.13 | Deferrable Benefit | 62 |
| 10.14 | Descendant | 63 |
| 10.15 | Distribute | 63 |
| 10.16 | Education | 63 |
| 10.17 | Environmental Expenses | 63 |
| 10.18 | Environmental Law | 63 |
| 10.19 | Estate Taxes | 64 |
| 10.20 | Executor | 64 |
| 10.21 | Exempt Trust | 64 |
| 10.22 | GST QTIP Election | 64 |
| 10.23 | Hazardous Substance | 64 |
| 10.24 | Incapacity | 65 |
| 10.25 | Including | 65 |
| 10.26 | Independent Person | 65 |
| 10.27 | Independent Trustee | 65 |
| 10.28 | Issue | 65 |
| 10.29 | Majority Beneficiaries | 66 |
| 10.30 | May | 66 |
| 10.31 | Neutral Person | 66 |
| 10.32 | Non-Exempt Trust | 66 |
| 10.33 | Person | 66 |
| 10.34 | Primary Trust | 66 |

**EXHIBIT A, PAGE 13**

029-010

## TABLE OF CONTENTS
(continued)

| | | Page |
|---|---|---|
| 10.35 | Protected Instrument | 67 |
| 10.36 | QTIP Election | 67 |
| 10.37 | Recommend | 67 |
| 10.38 | Regulatory Authority | 67 |
| 10.39 | Replacement Trustee | 67 |
| 10.40 | Residence | 67 |
| 10.41 | Right Of Representation | 68 |
| 10.42 | Separate Trust | 68 |
| 10.43 | Shall | 68 |
| 10.44 | Spouse | 68 |
| 10.45 | Substance Abuse | 68 |
| 10.46 | Surviving Settlor | 69 |
| 10.47 | Tangible Personal Property | 69 |
| 10.48 | Tax Terminology | 69 |
| 10.49 | Value | 69 |
| ARTICLE 11 | NO CONTEST CLAUSE | 69 |
| 11.1 | Disinheritance Of A Person Contesting | 69 |
| 11.2 | Defense Against Challenge To Protected Instruments | 70 |
| 11.3 | Disclaimers | 70 |
| ARTICLE 12 | MISCELLANEOUS PROVISIONS | 70 |
| 12.1 | Exercise Of Powers | 70 |
| 12.2 | Delivery | 70 |
| 12.3 | Governing Law | 71 |
| 12.4 | Captions | 71 |
| 12.5 | Partial Invalidity | 71 |
| 12.6 | Gender And Number | 71 |
| 12.7 | Successor Statutory Provisions | 71 |
| 12.8 | Counterparts | 72 |

EXHIBIT A, PAGE 14

029-011

## THE STERLING FAMILY TRUST
## (2013 RESTATEMENT)

### ARTICLE 1
### INTRODUCTION

**1.1    Restatement Of Trust**

On August 13, 1998,   **DONALD T. STERLING** and **ROCHELLE H. STERLING,** who are referred to herein individually as the "Husband" or the "Wife," respectively, or as a "Settlor," and collectively as the "Settlors" or as the "Trustee," depending upon the context, executed that certain Declaration of Trust referred to as **THE STERLING FAMILY TRUST.**  Pursuant to the Settlors' retained powers, the Settlors hereby restate **THE STERLING FAMILY TRUST** in its entirety.  This restatement shall neither create a new trust nor require the transfer or re-registration of assets now held by the Trustee of **THE STERLING FAMILY TRUST.**

**1.2    Family Of Settlors**

The Settlors are married to each other and have two (2) adult living children of their marriage, namely, **JOANNA STERLING MILLER** and **CHRIS STERLING.**  The Settlors have one (1) deceased child, namely **SCOTT STERLING.**  The Settlors have no other children, living or deceased.  References herein to the Settlors' children shall include only the foregoing named children.

**1.3    Disinheritance Clause**

The Settlors have intentionally omitted to provide for any individual not mentioned in this document who, if either Settlor had died intestate, would be entitled to share in his or her estate as an heir at law or otherwise.

**1.4    Names Of Trusts**

The trust restated by this document shall continue to be referred to as **THE STERLING FAMILY TRUST.**  From time to time, various trusts may be established under this document, and, as a matter of convenience, each such trust may be designated by any name set forth in this document or by any other name that the Trustee considers appropriate.

**1.5    Character Of Property**

The Community Trust shall remain the community property of the Settlors, and a Settlor's Separate Trust shall remain the separate property of the transferring Settlor.  To

- 1 -

81294-00002/1915393.5

**EXHIBIT A, PAGE 15**

**029-012**

avoid the commingling of the Community Trust and the Separate Trust of either Settlor, the Trustee shall maintain appropriate books and records and may segregate such trusts, with the Husband's Separate Trust referred to as "**THE DONALD T. STERLING SEPARATE TRUST UNDER THE STERLING FAMILY TRUST**" and the Wife's Separate Trust referred to as "**THE ROCHELLE H. STERLING SEPARATE TRUST UNDER THE STERLING FAMILY TRUST**."

     1.6      **Rules Of Construction**

         The provisions of Article 2 shall apply while both Settlors are living, the provisions of Article 3 and Article 4 shall apply following the Deceased Settlor's death, the provisions of Article 5 shall apply following the Surviving Settlor's death and all other provisions of this document shall at all times apply. All provisions of this document shall be interpreted, applied and construed in accordance with the definitions set forth in Article 10.

**ARTICLE 2**
**DISTRIBUTION OF TRUSTS**
**WHILE BOTH SETTLORS ARE LIVING**

     2.1      **Distribution Of Income And Principal Of Community Trust**

         The Trustee shall distribute to the Settlors as their community property as much of the net income and principal of the Community Trust as either Settlor directs. In the absence of a direction, the Trustee shall distribute to the Settlors as their community property as much of the net income and principal of the Community Trust as the Trustee considers appropriate for the Settlors' happiness, comfort, health, education, maintenance and support. The Trustee shall exercise the power to distribute income and principal to the Settlors under this Paragraph 2.1. liberally, considering only the interests of the Settlors.

     2.2      **Distribution Of Income And Principal Of Separate Trust**

         The Trustee shall distribute to a Settlor as his or her separate property as much of the net income and principal of his or her Separate Trust as the Settlor directs. In the absence of a direction, the Trustee shall distribute to a Settlor as his or her separate property as much of the net income and principal of his or her Separate Trust as the Trustee considers appropriate for the Settlor's happiness, comfort, health, education, maintenance and support. The Trustee shall exercise the power to distribute income and principal to a Settlor from his or her Separate Trust under this Paragraph 2.2. liberally, considering only the interests of the Settlor of the Separate Trust.

- 2 -

**EXHIBIT A, PAGE 16**

**029-013**

2.3     **Residences And Tangible Personal Property**

Each Settlor shall have the rights and powers with respect to the Residences and Tangible Personal Property held as part of the Community Trust or his or her Separate Trust as are provided in Paragraph 6.14. In the event of disability, the Settlors shall be allowed to remain for as long as practical in one or more of the Residences held as part of the Community Trust or a Settlor's Separate Trust, even though care in an institutional facility would be at least as good, and even though greater expense would be involved in the Settlors remaining in one or more of the Residences.

2.4     **Support Of Other Individuals**

2.4.a   **Legal Obligation Of Support**

The Trustee may distribute to any individual whom a Settlor is legally obligated to support (including the other Settlor) such sums as the Trustee considers appropriate for the individual's health, education, maintenance and support in the individual's accustomed standard of living to discharge the Settlor's legal support obligation.

2.4.b   **Actual Support**

The Trustee may also distribute to any individual who, within the immediately preceding twelve (12) months, received funds for his or her health, education, maintenance or support either from a Settlor or from the Trustee under this Paragraph 2.4.b., such sums as the Trustee considers appropriate for the individual's health, education, maintenance and support in the individual's accustomed standard of living.

2.4.c   **Source Of Distributions For Support**

If both Settlors are supporting or are obligated to support an individual who may receive distributions under this Paragraph 2.4., any such distributions shall be made from the Community Trust. If only one Settlor is obligated to support an individual who may receive distributions under Paragraph 2.4.a., any such distributions shall be made from such Settlor's Separate Trust and, to the extent that his or her Separate Trust is insufficient, then from the Community Trust. If only one Settlor is actually supporting an individual who may receive distributions under Paragraph 2.4.b., any such distributions shall be made solely from such Settlor's Separate Trust.

- 3 -

**EXHIBIT A, PAGE 17**

**029-014**

2.5     **Settlors' Powers To Revoke, Withdraw, Appoint And Amend Community Trust**

    2.5.a     **Revocation**

        Either Settlor may revoke the Community Trust, and, following the revocation, all of the income and principal of the Community Trust shall promptly be distributed to the Settlors as their community property, unless the Settlors, acting together, contemporaneously direct that all or any portion of the assets of the Community Trust be distributed to any one or more other persons.  If the Community Trust is revoked, the Trustee may retain sufficient assets to secure payment of liabilities lawfully incurred by the Trustee in the administration of the Community Trust, including Trustee's fees that have been earned, unless the Trustee is indemnified to the Trustee's satisfaction against loss or expense.

    2.5.b     **Withdrawal**

        Either Settlor may withdraw all or any portion of the income and/or principal of the Community Trust, and, following the withdrawal, the withdrawn portion of the Community Trust shall promptly be distributed to the Settlors as their community property, unless the Settlors, acting together, contemporaneously direct that all or any portion of the withdrawn assets be distributed to any one or more other persons.  If all or a major portion of the Community Trust is withdrawn, the Trustee may retain sufficient assets to secure payment of liabilities lawfully incurred by the Trustee in the administration of the Community Trust, including Trustee's fees that have been earned, unless the Trustee is indemnified to the Trustee's satisfaction against loss or expense.

    2.5.c     **Joint Appointment**

        Both Settlors, acting together, may appoint all or any portion of the Community Trust in favor of any one or more persons, including themselves and their estates.

    2.5.d     **Joint Amendment**

        Both Settlors, acting together, may amend the Community Trust, in whole or in part.

    2.5.e     **Unilateral General Testamentary Power Of Appointment**

        Either Settlor may unilaterally appoint all or any portion of his or her fifty percent (50%) share of the Community Trust in favor of any one or more persons, including such Settlor's estate; provided, however, that such appointment shall only be effective at the Settlor's death if he or she is the Deceased Settlor.

- 4 -

**EXHIBIT A, PAGE 18**

029-015

2.6      **Settlor's Powers To Revoke, Withdraw, Appoint And Amend His Or Her
Separate Trust**

2.6.a      **Revocation**

A Settlor may revoke his or her Separate Trust, and, following the revocation, all of the income and principal of the Settlor's Separate Trust shall promptly be distributed to such Settlor as his or her separate property, unless the Settlor contemporaneously directs that all or any portion of the assets of his or her Separate Trust be distributed to any one or more other persons. If the Settlor's Separate Trust is revoked, the Trustee may retain sufficient assets to secure payment of liabilities lawfully incurred by the Trustee in the administration of the Separate Trust, including Trustee's fees that have been earned, unless the Trustee is indemnified to the Trustee's satisfaction against loss or expense.

2.6.b      **Withdrawal**

A Settlor may withdraw all or any portion of the income and/or principal of his or her Separate Trust, and, following the withdrawal, the withdrawn portion of the Settlor's Separate Trust shall promptly be distributed to such Settlor as his or her separate property, unless the Settlor contemporaneously directs that all or any portion of the withdrawn assets be distributed to any one or more other persons. If all or a major portion of a Settlor's Separate Trust is withdrawn, the Trustee may retain sufficient assets to secure payment of liabilities lawfully incurred by the Trustee in the administration of the Separate Trust, including Trustee's fees that have been earned, unless the Trustee is indemnified to the Trustee's satisfaction against loss or expense.

2.6.c      **Appointment**

A Settlor may appoint all or any portion of his or her Separate Trust in favor of any one or more persons, including himself or herself or his or her estate.

2.6.d      **Amendment**

A Settlor may amend his or her Separate Trust, in whole or in part.

2.7      **Exercise Of Settlors' Powers**

The Settlors' powers under this Article 2 shall be exercised as follows:

2.7.a      **No Writing Required**

A direction with respect to, or a withdrawal from, a trust under this Article 2 by a Settlor who is then serving as sole Trustee of that trust need not be in writing.

- 5 -

**EXHIBIT A, PAGE 19**

029-016

2.7.b        **Writing Required**

A direction with respect to, or a withdrawal from, a trust under this Article 2 by a Settlor who is not then serving as sole Trustee of that trust shall be made by a writing signed by that Settlor.  A revocation or an amendment shall be made by a writing signed by the Settlor or Settlors, as the case may be.  Any writing required by this Paragraph 2.7.b. shall clearly identify the trust as to which the power being exercised relates and shall be delivered to all then serving Trustees of the trust.

## ARTICLE 3
## ADMINISTRATION OF TRUSTS
## UPON DEATH OF DECEASED SETTLOR

3.1        **Administrative Trust**

Upon the death of the Deceased Settlor, all trust property, including all trusts established pursuant to Paragraph 1.5., and any additions thereto by reason of the Deceased Settlor's death, shall be referred to as the "Administrative Trust."  The Trustee shall (i) pay all taxes and expenses relating to the Administrative Trust, (ii) distribute the portion of the Deceased Settlor's interest in the Administrative Trust that the Deceased Settlor has effectively appointed pursuant to Paragraphs 2.5. and 2.6., and (iii) distribute the residue of the Administrative Trust as provided in Paragraph 3.2.  The Trustee of the Administrative Trust may distribute to any Current Beneficiary of any trust under Paragraph 3.2. such amounts of income and/or principal as are consistent with the terms of such trust, and any such distributions shall be in lieu of and thus charged against the income and/or principal remaining to be distributed to such trust.

3.2        **Division Of Residue Of Administrative Trust Into Separate Trusts**

The Trustee shall distribute the residue of the Administrative Trust to new trusts, referred to as the "Survivor's Trust," the "Credit Trust" and the "Marital Trust," as provided in this Paragraph 3.2.

3.2.a        **Gift To The Survivor's Trust**

The Trustee shall distribute to the Survivor's Trust (i) all Tangible Personal Property, (ii) the remainder of the Surviving Settlor's Separate Trust held as part of the residue of the Administrative Trust and (iii) that amount of the remainder of the Community Trust as shall equal the Surviving Settlor's interest therein.  The Survivor's Trust shall be administered as provided in Paragraph 4.1.

- 6 -

**EXHIBIT A, PAGE 20**

**029-017**

3.2.b     **Pecuniary Gift Of Formula Amount To The Credit Trust**

Subject to subparagraphs (i) and (ii) below, the Trustee shall distribute to the Credit Trust property having a value on the date of distribution equal to the maximum pecuniary amount, if any, that can pass free of federal estate tax to any person, in a manner that does not qualify for any federal estate tax deductions, by reason of the credits allowable to the Deceased Settlor's estate (including the state death tax credit, provided use of such credit does not require an increase in the state death taxes paid) and after taking account of (A) property passing at the Deceased Settlor's death that is included in his or her Gross Estate and which does not qualify for any federal estate tax deductions, (B) charges to principal that are not allowed as deductions in computing the Deceased Settlor's federal estate tax and (C) the Deceased Settlor's Adjusted Taxable Gifts.  For purposes of determining the foregoing pecuniary amount, (1) final federal estate tax values shall be used and (2) the effect of any disclaimer executed by the Surviving Settlor shall be ignored.  Unless otherwise appointed by the Deceased Settlor, the Credit Trust shall be funded first with the Deceased Settlor's interests in life insurance policies, then with property that is subject to any tax in any foreign country by reason of the Deceased Settlor's death and, finally, with any other property from the residue of the Administrative Trust.  The Trustee shall not distribute to the Credit Trust any items of Income in Respect of a Decedent, except to the extent the value of all other property is insufficient to fully fund the Credit Trust.

(i)     The Trustee shall distribute to a trust referred to as the "Exempt Credit Trust" property allocated to the Credit Trust under this Paragraph 3.2.b. having a value on the date of distribution equal to the amount of the Deceased Settlor's Available GST Exemption, and the Deceased Settlor's Executor is directed to allocate to the Exempt Credit Trust that amount of the Deceased Settlor's Available GST Exemption as is required to cause the Exempt Credit Trust to be an Exempt Trust.

(ii)     The Trustee shall distribute any remaining property allocated to the Credit Trust under this Paragraph 3.2.b. to a trust referred to as the "Non-Exempt Credit Trust."

(iii)     The Exempt Credit Trust and the Non-Exempt Credit Trust shall be administered as provided in Paragraph 4.3.

3.2.c     **Residual Gift To The Marital Trust**

The Trustee shall distribute the remainder of the residue of the Administrative Trust to the Marital Trust.  The Deceased Settlor's Executor shall have the power

- 7 -

**EXHIBIT A, PAGE 21**

**029-018**

to make a QTIP Election as to all or any portion of the Marital Trust. The Marital Trust shall be held as a single trust or divided into two or more separate trusts, referred to as the "Exempt Non-QTIP Marital Trust," the "Non-Exempt Non-QTIP Marital Trust," the "Exempt QTIP Marital Trust" and the "Non-Exempt QTIP Marital Trust," as provided in this Paragraph 3.2.c.

    (i) If the Deceased Settlor's Executor makes a QTIP Election as to all or a portion of the Marital Trust, the portion of the Marital Trust as to which the QTIP Election is made shall be distributed to a QTIP Marital Trust, and the portion of the Marital Trust as to which the QTIP Election is not made shall be distributed to a Non-QTIP Marital Trust. Only property includible in the Deceased Settlor's Gross Estate and eligible for the federal estate tax marital deduction shall be distributed to the QTIP Marital Trust.

    (ii) The Trustee shall distribute to the Exempt Non-QTIP Marital Trust property allocated to the Non-QTIP Marital Trust under subparagraph (i) above having a value on the date of distribution equal to the amount of the Deceased Settlor's Available GST Exemption not allocated to the Exempt Credit Trust under subparagraph (i) of Paragraph 3.2.b., and the Deceased Settlor's Executor is directed to allocate to the Exempt Non-QTIP Marital Trust that amount of the Deceased Settlor's Available GST Exemption as is required to cause the Exempt Non-QTIP Marital Trust to be an Exempt Trust. The Trustee shall distribute the remainder of the property allocated to the Non-QTIP Marital Trust to the Non-Exempt Non-QTIP Marital Trust.

    (iii) The Trustee shall distribute to the Exempt QTIP Marital Trust property allocated to the QTIP Marital Trust under subparagraph (i) above having a value on the date of distribution equal to the amount of the Deceased Settlor's Available GST Exemption not allocated either to the Exempt Credit Trust under subparagraph (i) of Paragraph 3.2.b. or to the Exempt Non-QTIP Marital Trust under subparagraph (ii) above, and the Deceased Settlor's Executor is directed to (A) allocate to the Exempt QTIP Marital Trust that amount of the Deceased Settlor's Available GST Exemption as is required to cause the Exempt QTIP Marital Trust to be an Exempt Trust and (B) make a GST QTIP Election with respect to the Exempt QTIP Marital Trust. The Trustee shall distribute the remainder of the property allocated to the QTIP Marital Trust to the Non-Exempt QTIP Marital Trust.

    (iv) The Exempt Non-QTIP Marital Trust, the Non-Exempt Non-QTIP Marital Trust, the Exempt QTIP Marital Trust and the Non-Exempt QTIP Marital Trust shall be administered as provided in Paragraph 4.2.

- 8 -

EXHIBIT A, PAGE 22

029-019

3.2.d        **Disclaimer By Surviving Settlor**

If the Surviving Settlor disclaims an interest in the Marital Trust, the disclaimed interest shall instead be distributed to the Credit Trust. The Trustee shall keep a separate account within the Credit Trust for the disclaimed interest, and any power of appointment granted the Surviving Settlor over the Credit Trust shall not apply to that separate account. If the Surviving Settlor disclaims an interest in the Credit Trust, the disclaimed interest shall instead be administered as if both Settlors were deceased.

3.3        **Termination Of Administrative Trust**

The Administrative Trust shall terminate when all of its assets have been used to pay taxes and expenses or have been distributed as provided in Paragraph 3.2. and/or pursuant to the Deceased Settlor's power of appointment, except for a reasonable amount which is set aside for the payment of unascertained or contingent liabilities and expenses.

## ARTICLE 4
## ADMINISTRATION OF TRUSTS FOR SURVIVING SETTLOR

4.1        **Administration Of Survivor's Trust**

4.1.a        **Distribution Of Income And Principal**

The Trustee shall distribute to the Surviving Settlor as his or her separate property as much of the net income and principal of the Survivor's Trust as the Surviving Settlor directs. In the absence of a direction, the Trustee shall distribute to the Surviving Settlor as his or her separate property as much of the net income and principal of the Survivor's Trust as the Trustee considers appropriate for the Surviving Settlor's happiness, comfort, health, education, maintenance and support. The Trustee shall exercise the power to distribute income and principal to the Surviving Settlor under this Paragraph 4.1.a. liberally, considering only the interests of the Surviving Settlor.

4.1.b        **Residences And Tangible Personal Property**

The Surviving Settlor shall have the rights and powers with respect to the Residences and Tangible Personal Property held as part of the Survivor's Trust as are provided in Paragraph 6.14. It is the Settlors' strong desire that, in the event of disability, the Surviving Settlor be allowed to remain in one or more of the Residences held as part of the Survivor's Trust for as long as practical, even though care in an institutional facility would be at least as good, and even though greater expense would be involved in the Surviving Settlor remaining in one or more of the Residences.

81294-00002/1915393.5

**EXHIBIT A, PAGE 23**

**029-020**

4.1.c      **Support Of Other Individuals**

(i)      **Legal Obligation Of Support**.  The Trustee may distribute from the Survivor's Trust to any individual whom the Surviving Settlor is legally obligated to support such sums as the Trustee considers appropriate for the individual's health, education, maintenance and support in the individual's accustomed standard of living to discharge the Surviving Settlor's legal support obligation.

(ii)      **Actual Support**.  The Trustee may also distribute from the Survivor's Trust to any individual who, within the immediately preceding twelve (12) months, received funds for his or her health, education, maintenance or support either from the Surviving Settlor or from the Trustee under this subparagraph (ii), such sums as the Trustee considers appropriate for the individual's health, education, maintenance and support in the individual's accustomed standard of living.

4.1.d      **Surviving Settlor's Powers To Revoke, Withdraw, Appoint And Amend Survivor's Trust**

(i)      **Revocation**.   The Surviving Settlor may revoke the Survivor's Trust and, following the revocation, all of the income and principal of the Survivor's Trust shall promptly be distributed to the Surviving Settlor as his or her separate property unless the Surviving Settlor contemporaneously directs that all or any portion of the Survivor's Trust be distributed to any one or more other persons.  If the Survivor's Trust is revoked, the Trustee may retain sufficient assets to secure payment of liabilities lawfully incurred by the Trustee in the administration of the Survivor's Trust, including Trustee's fees that have been earned, unless the Trustee is indemnified to the Trustee's satisfaction against loss or expense.

(ii)      **Withdrawal**.  The Surviving Settlor may withdraw all or any portion of the income and/or principal of the Survivor's Trust and, following the withdrawal, the withdrawn portion of the Survivor's Trust shall promptly be distributed to the Surviving Settlor as his or her separate property unless the Surviving Settlor contemporaneously directs that all or any portion of the Survivor's Trust be distributed to any one or more other persons.  If all or a major portion of the Survivor's Trust is withdrawn, the Trustee may retain sufficient assets to secure payment of liabilities lawfully incurred by the Trustee in the administration of the Survivor's Trust, including Trustee's fees that have been earned, unless the Trustee is indemnified to the Trustee's satisfaction against loss or expense.

- 10 -

81294-00002/1915393.5

**EXHIBIT A, PAGE 24**

**029-021**

(iii)    **Appointment**.  The Surviving Settlor may appoint all or any portion of the Survivor's Trust in favor of any one or more persons, including the Surviving Settlor or his or her estate.

(iv)    **Amendment**.    The Surviving Settlor may amend the Survivor's Trust, in whole or in part.

4.1.e    **Exercise Of Surviving Settlor's Powers**

The Surviving Settlor's powers under this Paragraph 4.1. shall be exercised as follows:

(i)    **No Writing Required**.  A direction with respect to, or a withdrawal from, the Survivor's Trust by the Surviving Settlor need not be in writing if the Surviving Settlor is then serving as a Trustee of the Survivor's Trust.

(ii)    **Writing Required**.  A direction with respect to, or a withdrawal from, the Survivor's Trust by the Surviving Settlor shall be made by a writing signed by the Surviving Settlor if he or she is not then serving as a Trustee of the Survivor's Trust.  A revocation or an amendment shall be made by a writing signed by the Surviving Settlor; provided, however, that no provision that increases or expands the Trustee's duties, responsibilities or liabilities, or affects the Trustee's compensation, shall be effective unless accepted, in writing, by the Trustee.  Any writing required by this subparagraph (ii) shall clearly identify the Survivor's Trust and shall be delivered to the Trustee of the Survivor's Trust.

4.1.f    **Administration Following Surviving Settlor's Death**

Following the Surviving Settlor's death, the Survivor's Trust shall be administered as provided in Paragraph 5.1.

4.2    **Administration Of Marital Trust**

Unless expressly indicated to the contrary, references to the Marital Trust in this Paragraph 4.2. are to all trusts into which the Marital Trust has been divided pursuant to Paragraph 3.2.c.

4.2.a    **Distribution Of Income And Principal**

The Trustee shall distribute to the Surviving Settlor the net income of the Marital Trust.  If the Trustee considers such income to be insufficient, the Trustee shall also distribute to the Surviving Settlor as much of the principal of the Marital Trust as the Trustee considers appropriate for the Surviving Settlor's health, education, maintenance and

- 11 -

**EXHIBIT A, PAGE 25**

**029-022**

support in his or her accustomed standard of living. In exercising the discretionary power to distribute principal from the Marital Trust, the Trustee shall be mindful of the fact that the Settlors' primary concern is the Surviving Settlor's welfare. Any interests of the remainder beneficiaries of the Marital Trust are subordinate to the interests of the Surviving Settlor.

        4.2.b        **Residences And Tangible Personal Property**

        The Surviving Settlor shall have the rights and powers with respect to the Residences and Tangible Personal Property held as part of the Marital Trust as are provided in Paragraph 6.14. It is the Settlors' strong desire that, in the event of disability, the Surviving Settlor be allowed to remain in one or more of the Residences held as part of the Marital Trust for as long as practical, even though care in an institutional facility would be at least as good, and even though greater expense would be involved in the Surviving Settlor remaining in one or more of the Residences.

        4.2.c        **Marital Deduction Provisions**

        No person shall have any power or may take any action that impairs the marital deduction with respect to the Exempt QTIP Marital Trust or the Non-Exempt QTIP Marital Trust, and all provisions of this document shall be so interpreted and limited. In addition, notwithstanding the general provisions of Paragraph 8.1.c., the Surviving Settlor may direct the Trustee to convert any non-income producing or low-income producing property held in the Marital Trust into income producing property, within the meaning of Treasury Regulation §20.2056(b)-5(f), and the Trustee shall comply with such direction within a reasonable time. If the Surviving Settlor is not serving as a Trustee of the Marital Trust, a direction by the Surviving Settlor under this Paragraph 4.2.c. shall be made by a writing signed by the Surviving Settlor and delivered to the Trustee of the Marital Trust.

        4.2.d        **Surviving Settlor's Limited Testamentary Power Of Appointment**

        The Surviving Settlor may appoint all or any portion of the Marital Trust in favor of any one or more of the Settlors' issue, the spouse of any of the Settlors' issue, subject to the provisions of Paragraph 6.13.g., and any one or more Charities, with such appointment only becoming effective as of the Surviving Settlor's death. Such power of appointment may not be exercised for the benefit of the Surviving Settlor's estate or the creditors of the Surviving Settlor or of the Surviving Settlor's estate.

81294-00002/1915393.5

**EXHIBIT A, PAGE 26**

**029-023**

4.2.e    **Administration Following Surviving Settlor's Death**

Following the Surviving Settlor's death, the Marital Trust shall be administered as provided in Paragraph 5.2.

4.3    **Administration Of Credit Trust**

Unless expressly indicated to the contrary, references to the Credit Trust in this Paragraph 4.3. are to all trusts into which the Credit Trust has been divided pursuant to Paragraph 3.2.b.

4.3.a    **Distribution Of Income And Principal**

The Trustee shall distribute to the Surviving Settlor as much of the net income and principal of the Credit Trust as the Trustee considers appropriate for the Surviving Settlor's health, education, maintenance and support in his or her accustomed standard of living.  Any net income not distributed shall become principal.  In exercising the discretionary powers to distribute income and/or principal from the Credit Trust, the Trustee shall be mindful of the fact that the Settlors' primary concern is the Surviving Settlor's welfare.  Any interests of the remainder beneficiaries of the Credit Trust are subordinate to the interests of the Surviving Settlor.

4.3.b    **Residences And Tangible Personal Property**

The Surviving Settlor shall have the rights and powers with respect to the Residences and Tangible Personal Property held as part of the Credit Trust as are provided in Paragraph 6.14.  It is the Settlors' strong desire that, in the event of disability, the Surviving Settlor be allowed to remain in one or more of the Residences held as part of the Credit Trust for as long as practical, even though care in an institutional facility would be at least as good, and even though greater expense would be involved in the Surviving Settlor remaining in one or more of the Residences.

4.3.c    **Surviving Settlor's Limited Lifetime And Testamentary Powers Of Appointment**

The Surviving Settlor may appoint all or any portion of the Credit Trust in favor of any one or more of the Settlors' issue, the spouse of any of the Settlors' issue, subject to the provisions of Paragraph 6.13.g., and any one or more Charities, with such appointment becoming effective either during the Surviving Settlor's lifetime or as of the Surviving Settlor's death, as provided in the appointment.  Such power of appointment may not be exercised for the benefit of the Surviving Settlor, the Surviving Settlor's estate or the creditors of the Surviving Settlor or of the Surviving Settlor's estate.

- 13 -

**EXHIBIT A, PAGE 27**

**029-024**

4.3.d       **Administration Following Surviving Settlor's Death**

Following the Surviving Settlor's death, the Credit Trust shall be administered as provided in Paragraph 5.3.

# ARTICLE 5
# ADMINISTRATION OF TRUSTS
# AFTER SURVIVING SETTLOR'S DEATH

5.1       **Administrative Survivor's Trust**

Upon the death of the Surviving Settlor, the Survivor's Trust, including any additions thereto by reason of the Surviving Settlor's death, shall be referred to as the "Administrative Survivor's Trust." The Trustee shall (i) pay all taxes and expenses relating to the Administrative Survivor's Trust, (ii) distribute the portion of the Administrative Survivor's Trust that the Surviving Settlor has effectively appointed pursuant to subparagraph (iii) of Paragraph 4.1.d., and (iii) distribute the residue of the Administrative Survivor's Trust as provided in Paragraph 5.1.a. The Trustee of the Administrative Survivor's Trust may distribute to any Current Beneficiary of any trust under Paragraph 5.4. such amounts of income and/or principal as are consistent with the terms of such trust, and any such distributions shall be in lieu of and thus charged against the income and/or principal remaining to be distributed to such trust.

5.1.a       **Distribution Of Residue Of Administrative Survivor's Trust**

The Trustee shall distribute the residue of the Administrative Survivor's Trust as provided in this Paragraph 5.1.a.

(i)       **Specific Gifts Of Tangible Personal Property**.   All Tangible Personal Property shall be distributed to such of the Settlors' children who survive the Surviving Settlor, to be divided between them in shares of substantially equal value as they agree. The Settlors request that their children follow any written instructions from the Settlors, or either of them, with respect to the division and distribution of the Tangible Personal Property. If the Settlors' children fail to agree on the division of any items of Tangible Personal Property, the gift of such items shall lapse, and such items shall instead be sold and the net proceeds of sale distributed as part of the remainder of the residue of the Administrative Survivor's Trust. All expenses incurred in connection with the distribution of the Tangible Personal Property, including the costs of packaging, storage pending distribution, shipping and insurance, shall be paid from the remainder of the residue of the Administrative Survivor's Trust as a general expense of administration. If none of the Settlors' children survive the Surviving Settlor, this gift shall lapse, and the Tangible Personal Property shall instead be distributed as part of the

- 14 -

**EXHIBIT A, PAGE 28**

**029-025**

remainder of the residue of the Administrative Survivor's Trust. All Estate Taxes attributable to the gifts under this subparagraph (i) shall be charged against and paid from the remainder of the residue of the Administrative Survivor's Trust as provided in Paragraph 9.2.a.

(ii) **Distribution Of Remainder Of Residue Of Administrative Survivor's Trust.** The Trustee shall distribute the remainder of the residue of the Administrative Survivor's Trust to new trusts, referred to as the "Exempt Distribution Trust" and the "Non-Exempt Distribution Trust," as provided in this subparagraph (ii).

(A) The Trustee shall distribute to the Exempt Distribution Trust property passing under this subparagraph (ii) having a value on the date of distribution equal to the amount of the Surviving Settlor's Available GST Exemption, and the Surviving Settlor's Executor is directed to allocate to the Exempt Distribution Trust that amount of the Surviving Settlor's Available GST Exemption as is required to cause the Exempt Distribution Trust to be an Exempt Trust.

(B) The Trustee shall distribute any remaining property passing under this subparagraph (ii) to the Non-Exempt Distribution Trust.

(C) The Exempt Distribution Trust and the Non-Exempt Distribution Trust shall be administered as provided in Paragraph 5.4.

5.1.b     **Termination Of Administrative Survivor's Trust**

The Administrative Survivor's Trust shall terminate when all of its assets have been used to pay taxes and expenses or have been distributed as provided in Paragraph 5.1.a. and/or pursuant to the Surviving Settlor's power of appointment, except for a reasonable amount which is set aside for the payment of unascertained or contingent liabilities and expenses.

5.2     **Distribution Of Marital Trust Upon Death Of Surviving Settlor**

Unless expressly indicated to the contrary, references to the Marital Trust in this Paragraph 5.2. are to all trusts into which the Marital Trust has been divided pursuant to Paragraph 3.2.c. Upon the death of the Surviving Settlor, the Trustee shall (i) pay all taxes and expenses relating to the Marital Trust, (ii) distribute the portion of the Marital Trust that the Surviving Settlor has effectively appointed pursuant to Paragraph 4.2.d., and (iii) distribute the residue of the Marital Trust as provided in Paragraph 5.2.a. The Trustee of the Marital Trust may distribute to any Current Beneficiary of any trust under Paragraph 5.4. such amounts of income and/or principal as are consistent with the terms of such trust, and any such distributions

- 15 -

EXHIBIT A, PAGE 29

029-026

shall be in lieu of and thus charged against the income and/or principal remaining to be distributed to such trust.

5.2.a    **Distribution Of Residue Of Marital Trust**

The Trustee shall distribute the residue of the Marital Trust to the Exempt Distribution Trust and the Non-Exempt Distribution Trust as provided in this Paragraph 5.2.a.:

(i)    The Trustee shall distribute the Exempt Non-QTIP Marital Trust and the Exempt QTIP Marital Trust to the Exempt Distribution Trust.

(ii)    The Trustee shall distribute from the Non-Exempt QTIP Marital Trust to the Exempt Distribution Trust property having a value on the date of distribution equal to the amount of the Surviving Settlor's Available GST Exemption not allocated to property from the remainder of the residue of the Administrative Survivor's Trust passing under subparagraph (ii) of Paragraph 5.1.a., and the Surviving Settlor's Executor is directed to allocate to the Exempt Distribution Trust that amount of the Surviving Settlor's Available GST Exemption as is required to cause the Exempt Distribution Trust to be an Exempt Trust.

(iii)    The Trustee shall distribute the Non-Exempt Non-QTIP Marital Trust and the residue of the Non-Exempt QTIP Marital Trust to the Non-Exempt Distribution Trust.

(iv)    The Exempt Distribution Trust and the Non-Exempt Distribution Trust shall be administered as provided in Paragraph 5.4.

5.2.b    **Termination Of Marital Trust**

Each of the Exempt Non-QTIP Marital Trust, the Non-Exempt Non-QTIP Marital Trust, the Exempt QTIP Marital Trust and the Non-Exempt QTIP Marital Trust shall terminate when all of its assets have been used to pay taxes and expenses or distributed as provided in Paragraph 5.2.a. and/or pursuant to the Surviving Settlor's power of appointment, except for a reasonable amount which is set aside for the payment of unascertained or contingent liabilities and expenses.

5.3    **Distribution Of Credit Trust Upon Death Of Surviving Settlor**

Unless expressly indicated to the contrary, references to the Credit Trust in this Paragraph 5.3. are to all trusts into which the Credit Trust has been divided pursuant to Paragraph 3.2.b.  Upon the death of the Surviving Settlor, the Trustee shall (i) pay all taxes and

- 16 -

**EXHIBIT A, PAGE 30**

expenses relating to the Credit Trust, (ii) distribute the portion of the Credit Trust that the Surviving Settlor has effectively appointed pursuant to Paragraph 4.3.c., and (iii) distribute the residue of the Credit Trust as provided in Paragraph 5.3.a. The Trustee of the Credit Trust may distribute to any Current Beneficiary of any trust under Paragraph 5.4. such amounts of income and/or principal as are consistent with the terms of such trust, and any such distributions shall be in lieu of and thus charged against the income and/or principal remaining to be distributed to such trust.

        5.3.a       **Distribution Of Residue Of Credit Trust**

        The Trustee shall distribute the residue of the Credit Trust to the Exempt Distribution Trust and the Non-Exempt Distribution Trust as provided in this Paragraph 5.3.a.:

        (i)      The Trustee shall distribute the Exempt Credit Trust to the Exempt Distribution Trust and shall distribute the Non-Exempt Credit Trust to the Non-Exempt Distribution Trust.

        (ii)     The Exempt Distribution Trust and the Non-Exempt Distribution Trust shall be administered as provided in Paragraph 5.4.

        5.3.b       **Termination Of Credit Trust**

        Each of the Exempt Credit Trust and the Non-Exempt Credit Trust shall terminate when all of its assets have been used to pay taxes and expenses or distributed as provided in Paragraph 5.3.a. and/or pursuant to the Surviving Settlor's power of appointment, except for a reasonable amount which is set aside for the payment of unascertained or contingent liabilities and expenses.

        5.4       **Division Of Exempt Distribution Trust And Non-Exempt Distribution Trust Upon Death Of Surviving Settlor**

        Upon the death of the Surviving Settlor, the Trustee shall distribute both the Exempt Distribution Trust and the Non-Exempt Distribution Trust (collectively, the "Distribution Trust") as provided in this Paragraph 5.4.

        5.4.a       **Pecuniary From Distribution Trust**

        The Trustee shall distribute the sum of One Hundred Thousand Dollars ($100,000), adjusted as provided in Paragraph 6.12., to **ERIC MILLER**, provided that he survives the Surviving Settlor and is **JOANNA STERLING MILLER**'s spouse, as defined in Paragraph 10.44. If **ERIC MILLER** fails to survive the Surviving Settlor or is not **JOANNA**

81294-00002/1915393.5

**STERLING MILLER**'s spouse, as defined in Paragraph 10.44., this gift shall lapse. All Estate Taxes attributable to the gift under this Paragraph 5.4.a. shall be charged against and paid from the residue of the Distribution Trusts, as provided in Paragraph 9.2.a.

        5.4.b        **Distribution Of Residue Of Distribution Trust**

        The residue of the Distribution Trust shall be divided into shares for the Settlors' issue who survive the Surviving Settlor, by right of representation. The Independent Trustee may direct a disproportionate division of the Exempt Distribution Trust and the Non-Exempt Distribution Trust, provided that the aggregate value of each individual's share is unaffected by such disproportionate division. Each share shall constitute a separate and independent trust, and Exempt Trusts shall remain separate from Non-Exempt Trusts. A trust for a child of the Settlors shall be administered for the child's benefit as provided in Paragraph 5.5., and a trust for a Descendant shall be administered for the Descendant's benefit as provided in Paragraph 5.6.

        5.4.c        **Disclaimer By Child Of Settlors**

        If a child of the Settlors disclaims an interest in the Distribution Trust or an interest in any trust that would otherwise be distributable as a part of the Distribution Trust and such child is survived either by the Settlors' other child or by issue of the Settlors' other child, the disclaimed interest shall instead be distributed in accordance with Paragraph 5.4.b, as if the disclaiming child had predeceased the Surviving Settlor without leaving any surviving issue. If a child of the Settlors disclaims an interest in the Distribution Trust or an interest in any trust that would otherwise be distributable as a part of the Distribution Trust and such child is survived neither by the Settlors' other child nor by any issue of the Settlors' other child, the disclaimed interest shall instead be distributed in accordance with Paragraph 5.4.b, as if the disclaiming child had predeceased the Surviving Settlor leaving issue who survived the Surviving Settlor.

        5.5        **Administration Of Trust For Settlors' Child**

        Unless expressly indicated to the contrary, references to the child's trust in this Paragraph 5.5. are to all trusts into which the child's trust has been divided.

        5.5.a        **Distribution Of Income And Principal**

        The Trustee shall distribute to the child each calendar year from the net income and principal of the child's trust as much of the Annual Distributable Amount as the Trustee considers appropriate for the child's health, education, maintenance and support in his or her accustomed standard of living. Any distributions for the child's health, education,

- 18 -

**EXHIBIT A, PAGE 32**

maintenance and support in his or her accustomed standard of living in excess of the Annual Distributable Amount in a calendar year shall be approved, in writing, by the Independent Trustee, in advance of the distribution.   In addition, the Independent Trustee may distribute to the child as much of the net income and principal of the child's trust as the Independent Trustee considers appropriate, in the Independent Trustee's sole and absolute discretion, for any reason. Any net income not distributed shall become principal.  In exercising these discretionary powers to distribute income and/or principal, the Trustee and the Independent Trustee shall be mindful of the fact that the Settlors' primary concern is the child's welfare.   Any interests of the remainder beneficiaries in the child's trust are subordinate to the interests of the child.

5.5.b      **Residences And Tangible Personal Property**

The child shall have the rights and powers with respect to the Residences and Tangible Personal Property held as part of the child's trust as are provided in Paragraph 6.14.

5.5.c      **Child's Limited Lifetime Power Of Appointment**

The child may appoint each calendar year from the child's trust all or any part of the Annual Appointable Amount in favor of any one or more of the child's issue and any one or more Charities, with such appointment becoming effective at such time as is provided in the appointment.  In addition, the child may, with the prior written consent of the Independent Trustee, appoint all or any part of the child's trust in excess of the Annual Appointable Amount in favor of any one or more of the child's issue and any one or more Charities, with such appointment becoming effective at such time as is provided in the appointment.  Such powers of appointment may not be exercised for the benefit of the child, the child's estate or the creditors of the child or of the child's estate.

5.5.d      **Child's Limited Testamentary Power Of Appointment**

The child may, with the prior written consent of the Independent Trustee, appoint all or any part of the child's trust in favor of any one or more of the Settlors' issue, the spouse of any of the Settlors' issue, subject to the provisions of Paragraph 6.13.g., and any one or more Charities, with such appointment only becoming effective as of the child's death.  Such power of appointment may not be exercised for the benefit of the child, the child's estate or the creditors of the child or of the child's estate.

5.5.e      **Disposition Of Child's Trust Upon Child's Death**

Upon the death of the child, the Trustee shall (i) pay all taxes and expenses relating to the child's trust, (ii) distribute the portion of the child's trust that the child

- 19 -

**EXHIBIT A, PAGE 33**

029-030

has effectively appointed pursuant to Paragraphs 5.5.c. and 5.5.d., and (iii) distribute the residue of the child's trust as provided in Paragraph 5.6.f. (with the child considered the "Descendant" and the residue of the child's trust considered the "Descendant's Balance" thereunder).

### 5.6      Administration Of Trust For Settlors' Descendant

Unless expressly indicated to the contrary, references to the Descendant's trust in this Paragraph 5.6. are to all trusts into which the Descendant's trust has been divided.

#### 5.6.a      Distribution Of Income And Principal

The Trustee shall distribute to the Descendant each calendar year from the net income and principal of the Descendant's trust as much of the Annual Distributable Amount as the Trustee considers appropriate for the Descendant's health, education, maintenance and support in his or her accustomed standard of living. Any distributions for the Descendant's health, education, maintenance and support in his or her accustomed standard of living in excess of the Annual Distributable Amount in a calendar year shall be approved, in writing, by the Independent Trustee, in advance of the distribution. In addition, the Independent Trustee shall distribute to the Descendant as much of the net income and principal of the Descendant's trust as the Independent Trustee considers appropriate, in the Independent Trustee's sole and absolute discretion, for any reason. Any net income not distributed shall become principal. In exercising these discretionary powers to distribute income and/or principal, the Trustee and Independent Trustee shall be mindful of the fact that the Settlors' primary concern is the Descendant's welfare. Any interests of the remainder beneficiaries in the Descendant's trust are subordinate to the interests of the Descendant.

#### 5.6.b      Residences And Tangible Personal Property

The Descendant shall have the rights and powers with respect to the Residences and Tangible Personal Property held as part of the Descendant's trust as are provided in Paragraph 6.14.

#### 5.6.c      Descendant's Limited Lifetime Power Of Appointment

From and after the Descendant attains age thirty-five (35), the Descendant may each calendar year from the Descendant's trust appoint all or any part of the Annual Appointable Amount in favor of any one or more of the Descendant's issue and any one or more Charities, with such appointment becoming effective at such time as is provided in the appointment. In addition, the Descendant may, with the prior written consent of the Independent Trustee, appoint all or any part of the Descendant's trust in excess of the Annual Appointable Amount in favor of any one or more of the Descendant's issue and any one or more Charities,

- 20 -

EXHIBIT A, PAGE 34

029-031

with such appointment becoming effective at such time as is provided in the appointment. Such powers of appointment may not be exercised for the benefit of the Descendant, the Descendant's estate or the creditors of the Descendant or of the Descendant's estate.

        5.6.d        **Descendant's Limited Testamentary Power Of Appointment**

The Descendant may, with the prior written consent of the Independent Trustee, appoint all or any part of the Descendant's trust in favor of any one or more of the Settlors' issue, the spouse of any of the Settlors' issue, subject to the provisions of Paragraph 6.13.g., and any one or more Charities, with such appointment only becoming effective as of the Descendant's death. Such power of appointment may not be exercised for the benefit of the Descendant, the Descendant's estate or the creditors of the Descendant or of the Descendant's estate.

        5.6.e        **Disposition Of Descendant's Trust Upon Descendant's Death**

Upon the death of the Descendant, the Trustee shall (i) pay all taxes and expenses relating to the Descendant's trust, (ii) distribute the portion of the Descendant's trust that the Descendant has effectively appointed pursuant to Paragraphs 5.6.c. and 5.6.d., and (iii) distribute the residue of the Descendant's trust (the "Descendant's Balance") as provided in Paragraph 5.6.f.

        5.6.f        **Disposition Of Descendant's Balance**

The Trustee shall distribute the Descendant's Balance as follows:

        (i)        **If Descendant Survived By Issue.** If the Descendant is survived by issue, both the Exempt Trust and the Non-Exempt Trust comprising the Descendant's Balance shall be divided into shares for the Descendant's issue who survive the Descendant, by right of representation. The Independent Trustee may direct a disproportionate division of the Exempt Trust and the Non-Exempt Trust comprising the Descendant's Balance, provided that the aggregate value of each individual's share is unaffected by such disproportionate division. Each share shall constitute a separate and independent trust, and Exempt Trusts shall remain separate from Non-Exempt Trusts. Each trust allocated to an issue of the deceased Descendant shall be administered as provided in this Paragraph 5.6. (with the issue considered the "Descendant" hereunder).

        (ii)        **If Descendant Not Survived By Issue.** If the Descendant is not survived by issue, both the Exempt Trust and the Non-Exempt Trust comprising the Descendant's Balance instead shall be divided into shares, by right of representation, for the issue who survive the Descendant of the Descendant's closest lineal ancestor (who is a Settlor or

81294-00002/1915393.5

**EXHIBIT A, PAGE 35**

**029-032**

an issue of the Settlors) who has issue who survive the Descendant. The Independent Trustee may direct a disproportionate division of the Exempt Trust and the Non-Exempt Trust comprising the Descendant's Balance, provided that the aggregate value of each individual's share is unaffected by such disproportionate division. Each share shall constitute a separate and independent trust, and Exempt Trusts shall remain separate from Non-Exempt Trusts. If a share of the Descendant's Balance is allocated to an individual for whose benefit a trust is then being administered under this document, the individual's share of the Descendant's Balance shall be added to that individual's trust and administered according to its terms. If a share of the Descendant's Balance is allocated to an individual for whose benefit no trust is then being administered under this document, the individual's share of the Descendant's Balance shall be held as a separate trust for the individual and administered under the provisions of this Paragraph 5.6. (with the individual considered the "Descendant" hereunder).

### 5.7   General Power Of Appointment Over Non-Exempt Trusts

#### 5.7.a   Additional General Power Of Appointment

Subject to the provisions of Paragraph 5.7.d., if a generation-skipping transfer tax would be payable upon the death of a child of the Settlors or a Descendant with respect to any Non-Exempt Trust but for the provisions of this Paragraph 5.7., then upon the death of the child or Descendant, in addition to any limited power of appointment he or she may have under this document, he or she may appoint all or any portion of the part of his or her Non-Exempt Trust as is set forth below in favor of his or her creditors.

(i)   The child or Descendant may appoint that part of the Non-Exempt Trust, up to the whole thereof, which as of the date of the child's or Descendant's death has a value equal to the amount (under the rate schedule of Code §2001 then applicable) with respect to which the marginal Tentative Tax rate equals the Maximum Federal Estate Tax Rate, reduced (but not below zero) by the amount, if any, by which the sum of (A) the child's or Descendant's Adjusted Taxable Gifts at the time of his or her death and (B) the child's or Descendant's Adjusted Gross Estate, calculated without consideration of the General Power of Appointment established under this Paragraph 5.7.a. or of any other General Power of Appointment under a document that becomes irrevocable after the date of the Surviving Settlor's death, exceeds (C) the deductions provided for in Code §2055 and Code §2056 allowed with respect to property included in the child's or Descendant's Adjusted Gross Estate. If there are two or more Non-Exempt Trusts under this document for the child or Descendant to which the General Power of Appointment under this Paragraph 5.7.a. applies, the child or Descendant may appoint a portion of each such Non-Exempt Trust. With respect to each such Non-Exempt Trust,

- 22 -

**EXHIBIT A, PAGE 36**

**029-033**

such portion shall equal the value determined under this Paragraph multiplied by a fraction, the numerator of which is the value of such Non-Exempt Trust, and the denominator of which is the aggregate value of all such Non-Exempt Trusts.

(ii)   The child or Descendant may appoint the remainder of the Non-Exempt Trust, if including the remainder of the Non-Exempt Trust in the child's or Descendant's Taxable Estate would cause the Estate Tax payable at the child's or Descendant's death to be less than the generation-skipping transfer tax payable at the child's or Descendant's death if the remainder of the Non-Exempt Trust were not so included.

5.7.b   **Distribution Of Non-Appointed Non-Exempt Trust**
Any portion of any Non-Exempt Trust not effectively appointed by the child or Descendant upon his or her death under Paragraph 5.7.a. shall be distributed pursuant to the terms of the Non-Exempt Trust without regard to Paragraph 5.7.a.

5.7.c   **Actions To Reduce GST Tax**
For purposes of implementing the provisions of this Paragraph 5.7., the Independent Trustee of a child's or Descendant's Non-Exempt Trust may take any action considered appropriate to reduce the amount of generation-skipping transfer tax payable and to resolve ambiguities arising in situations not explicitly covered by this Paragraph 5.7.

5.7.d   **Failure To Exercise General Power Of Appointment**
If a child's or Descendant's failure to exercise the General Power of Appointment granted under Paragraph 5.7.a. would result in a Direct Skip from the child or Descendant, then, notwithstanding the provisions of Paragraph 5.7.a., the child or Descendant shall have no General Power of Appointment under Paragraph 5.7.a.

5.8   **Death Of All Beneficiaries**
If at any time before full distribution of any trust administered under this document there are no Current Beneficiaries of that trust and no alternative distribution is provided under this document with respect to the trust, other than pursuant to this Paragraph 5.8., the remaining assets of the trust shall be distributed fifty percent (50%) to **THE LOS ANGELES CLIPPERS FOUNDATION**, Los Angeles, California and fifty percent (50%) to **THE DONALD T. STERLING CHARITABLE FOUNDATION**, Beverly Hills, California. If either organization named in this Paragraph 5.8. is not a Charity at the time of the event requiring distribution hereunder, such organization's share of the remaining assets shall instead be distributed to the other which is a Charity.   If neither organization named in this

- 23 -

**EXHIBIT A, PAGE 37**

Paragraph 5.8. is a Charity at the time of the event requiring distribution hereunder, the remaining assets of the trust shall be distributed to one or more Charities selected by the Trustee; provided that if the Settlors had a consistent pattern of charitable giving, the Trustee shall distribute the remaining property of the trust to Charities having purposes similar to the purposes of the Charities that the Settlors consistently supported during the five (5) years prior to the Deceased Settlor's death, and if only one Settlor had a consistent pattern of charitable giving, the Trustee shall distribute at least fifty percent (50%) of the trust to Charities having purposes similar to the purposes of the Charities that such Settlor consistently supported during the last five (5) years of his or her life.

## ARTICLE 6
## PROVISIONS APPLICABLE TO ADMINISTRATION AND
## DISTRIBUTION OF ALL TRUSTS

Except as otherwise expressly provided, the provisions of this Article 6 shall apply to all trusts administered under this document.

### 6.1      Beneficiary Under Age Twenty-Five (25) Or Incapacitated

If the Trustee is required to make a distribution to an individual who, at the time of the distribution, has not attained age twenty-five (25) or is incapacitated, the Trustee may make the distribution in any manner set forth in this Paragraph 6.1.; provided, however, that the Trustee may not make any distribution from a trust intended to qualify under a particular section of the Code in a manner that would impair the ability of the trust to qualify under that section.

### 6.1.a      Distribution To Custodian

If the individual has not attained the maximum age permitted by law for which a transfer can be made to the individual under the California Uniform Transfers to Minors Act or the Uniform Gifts to Minors Act or a substantially similar act of another state, the Trustee may make the distribution to a custodian for the individual under such act.

### 6.1.b      Retention Of Property In Trust

The Trustee may retain in trust the property that would otherwise have been distributed to the individual and distribute to the individual as much of the net income and principal thereof as the Trustee considers appropriate for the individual's health, education, maintenance and support in his or her accustomed standard of living.  Upon the later to occur of the individual (i) attaining age twenty-five (25) and (ii) ceasing to be incapacitated, the Trustee shall distribute the individual's trust to him or her.  The individual may appoint all or any part of his or her trust in favor of any one or more persons, including the individual's estate, with such

- 24 -

**EXHIBIT A, PAGE 38**

appointment only becoming effective at the individual's death.  Any portion of the individual's trust not effectively appointed by the individual upon his or her death shall be distributed to the individual's issue who survive him or her, by right of representation, or, if the individual is not survived by any issue, to his or her estate.

### 6.2     Exercise Of Trustee's Discretion With Respect To Distributions

In making distributions from any trust, the Trustee shall take into account the factors in this Paragraph 6.2.

#### 6.2.a     Frequency Of Distributions

If the Trustee is directed to distribute all or a portion of the net income of the trust to a Current Beneficiary, such distributions shall be in monthly or other convenient installments, but not less frequently than quarterly.

#### 6.2.b     Order Of Distributions From Trusts

(i)     In making discretionary distributions to the Surviving Settlor, the Trustee shall deplete the principal of the Survivor's Trust prior to making any discretionary distributions to the Surviving Settlor from the Marital Trust or the Credit Trust.

(ii)     In making discretionary distributions to the Surviving Settlor, the Settlors recommend that the Trustee make such distributions from the trusts administered under this document in the following order: the QTIP Marital Trust, the Non-QTIP Marital Trust, the Credit Trust.

(iii)     If both an Exempt Trust and a Non-Exempt Trust are being administered for any Current Beneficiary (including the Surviving Settlor) who is a Non-Skip Person, the Settlors recommend that any distribution to the Non-Skip Person Current Beneficiary be made first from the Non-Exempt Trust and then from the Exempt Trust.  Conversely, if both an Exempt Trust and a Non-Exempt Trust are being administered for any Current Beneficiary who is a Skip Person, the Settlors recommend that any distributions to the Skip Person Current Beneficiary be made first from the Exempt Trust and then from the Non-Exempt Trust.

#### 6.2.c     Factors To Be Considered When Exercising Discretion

In determining whether to make a discretionary distribution to a Current Beneficiary, the Trustee may take into consideration (i) the income and other resources available to the Current Beneficiary, including other trusts, whether administered under this

- 25 -

**EXHIBIT A, PAGE 39**

**029-036**

document or otherwise, and (ii) the income, estate, gift, generation-skipping transfer, excise and
other tax consequences of a distribution or lack of distribution.

> 6.2.d     **Distributions From Multiple Trusts**

(i)     If the terms of a Primary Trust require distribution of a
fraction or a percentage of the Primary Trust to a Current Beneficiary, the amount of the
distribution shall be determined by multiplying the fraction or percentage by the aggregate value
of all of the trusts into which the Primary Trust has been divided.  The Trustee shall distribute
property having an aggregate value equal to the amount of the distribution so determined to the
Current Beneficiary, and such distribution may be made from any one or more of the separate
trusts, notwithstanding the terms of the separate trusts.

(ii)    If the terms of a Primary Trust require distribution of a
pecuniary amount to a Current Beneficiary upon the occurrence of an event, the Trustee shall
distribute property having an aggregate value equal to the pecuniary amount to the Current
Beneficiary, but such distribution may be made from any one or more of the separate trusts,
notwithstanding the terms of the separate trusts.  The aggregate amount distributed shall,
however, be reduced by any amounts distributed to the Current Beneficiary under other trusts
upon the occurrence of the distribution event.

(iii)   If any Current Beneficiary is also a Current Beneficiary of
one or more other trusts, including trusts into which a Primary Trust has been divided, another
trust administered under this document or otherwise, the Trustee shall consult with the trustees of
such other trusts in determining whether to make a discretionary distribution to the Current
Beneficiary from the trust administered under this document.

> 6.2.e     **Distributions To Purchase Or Improve Home**
>
> The discretion to distribute income and/or principal for the support
of a Current Beneficiary includes the discretion to make distributions to assist the Current
Beneficiary in purchasing, improving, repairing and/or remodeling a principal residence and/or
vacation home.

> 6.3      **Characterization Of Gifts**
>
> Whenever this document provides for the distribution of a specific asset or a
fixed dollar amount from the residue of a trust, including the Distribution Trust, the distribution
shall not be considered a residuary gift and instead shall be considered a specific gift or a
pecuniary gift, as the case may be.

81294-00002/1915393.5

**EXHIBIT A, PAGE 40**

**029-037**

6.4 **Independent Trustee's Powers With Respect To Distributions**

The powers set forth in this Paragraph 6.4. shall be held solely by the Independent Trustee and shall be exercisable only with respect to each irrevocable trust administered under this document.  Unless every person serving as the Trustee is an Independent Person, the Independent Trustee shall exercise any such power by delivering written notice of the exercise of the power to all other Co-Trustees of the trust, and the Trustee of the trust shall promptly comply with any such written notice received from the Independent Trustee.

6.4.a **To Distribute Principal For Gifting**

The Independent Trustee may distribute principal to a Current Beneficiary if the Independent Trustee determines that the distribution is appropriate to enable the Current Beneficiary to make lifetime gifts, whether taxable or non-taxable, to one or more of the Settlors' issue.

6.4.b **To Terminate Uneconomical Trust**

Unless specifically precluded by other provisions of this document, the Independent Trustee may terminate the trust if the value of the trust principal is so low in relation to the cost of administration of the trust that the Independent Trustee determines that it would be uneconomical to continue its administration.

6.4.c **To Hold Tax-Sensitive Powers Vested In Trustee**

If the Trustee has any of the following powers, only the Independent Trustee of the trust may exercise such powers, notwithstanding any provisions of this document to the contrary:

(i) To distribute income or principal to one or more Current Beneficiaries of the trust for any purpose other than the health, education, maintenance and support of a Current Beneficiary in his or her accustomed standard of living;

(ii) To distribute income or principal to a Current Beneficiary that discharges the Trustee's legal obligation to support the Current Beneficiary;

(iii) To exercise the powers with respect to the Settlors' GST Exemptions and Exempt Trusts and Non-Exempt Trusts that are specified in Paragraphs 5.4., 5.6.f., 5.7.c. and 10.3.;

- 27 -

**EXHIBIT A, PAGE 41**

029-038

(iv)    To amend a trust as provided in Paragraph 6.17. to include any required provisions and to restrict or eliminate any inconsistent provisions where the Settlors have expressed an intention for the trust to qualify for treatment under a particular Code section;

(v)    To borrow from, lend to, or guarantee, pledge or encumber trust assets for the benefit of a Current Beneficiary of the trust, and to exercise those powers specified in Paragraphs 8.1.i. and 8.1.j.; and

(vi)    To take the actions specified in Paragraph 8.6.b. if the trust directly or indirectly holds assets, the nature, condition or operation of which is likely to give rise to liability under, or is an actual or threatened violation of, any Environmental Law.

### 6.5    Neutral Person's Powers

The powers set forth in this Paragraph 6.5. may not be exercised by a Trustee personally involved in, or affected by, the particular transaction, distribution or asset (an "Interested Person") and instead shall be held solely by the persons serving as Trustee who are not Interested Persons (each a "Neutral Person"). The Neutral Person serving as Trustee shall exercise the powers set forth in this Paragraph 6.5. by delivering written notice of the exercise of the power to all other Co-Trustees of the trust, and the Trustee of the trust shall promptly comply with any such written notice received from the Neutral Person.

#### 6.5.a    Transactions Involving Interested Person

The Neutral Person shall determine the terms of any transaction between a trust administered under this document and either (i) an Interested Person, (ii) another trust as to which an Interested Person is a beneficiary or (iii) any one or more entities if an Interested Person has, directly or indirectly, at least a ten percent (10%) economic interest in such entities.

#### 6.5.b    Powers With Respect To Insurance On Trustee's Life

The Neutral Person shall hold and exercise any and all incidents of ownership with respect to any policy of insurance on the life of any individual serving as a Trustee.

#### 6.5.c    Allocation Of Deceased Settlor's GST Exemption

The Neutral Person shall hold and exercise the power with respect to the allocation of a deceased Settlor's GST Exemption specified in Paragraph 10.3.

- 28 -

**EXHIBIT A, PAGE 42**

029-039

6.6      **Delay In Distribution**

All interests under this document shall vest upon the occurrence of the event specified herein, subject to any survivorship requirements. The Trustee may delay distribution or division of any trust for a reasonable period of administration, including for such purposes as marshaling of trust assets, selection of the alternate valuation date under Code §2032, filing appropriate state or federal tax returns and/or receipt of tax clearances.

6.7      **Spendthrift Restrictions**

6.7.a      **Assignment By Beneficiary**

No beneficiary may anticipate, assign, encumber or subject to any creditor's claim or to legal process any interest in principal or income before its actual receipt by the beneficiary, except that a beneficiary may (i) disclaim or release an interest in income or principal, even if not a qualified disclaimer under Code §2518, and (ii) assign the right to receive any sum otherwise distributable to him or her under this document to a trust which is, during the beneficiary's lifetime, revocable by him or her.

6.7.b      **No Interference Or Control By Creditor**

The beneficial and legal interests in any trust, its principal and its income shall be free from interference or control of any beneficiary's creditor and shall not be subject to claims of any such creditor or subject to attachment, execution, bankruptcy or other process of law.

6.7.c      **Accumulation Of Discretionary Distributions**

If a creditor of a Current Beneficiary of any trust obtains a writ of attachment, garnishment or like process, then, until its release, distributions to the Current Beneficiary may not be made for any purpose other than the Current Beneficiary's health, education, maintenance and support in the Current Beneficiary's accustomed standard of living, and any income of the trust not so distributed shall be accumulated. This Paragraph 6.7.c. shall not apply to (i) any trust that is revocable, including the Community Trust and each Settlor's Separate Trust under Article 2 and the Survivor's Trust under Paragraph 4.1., (ii) the Marital Trust, (iii) any Qualified Subchapter S Trust or (iv) any other trust intended to qualify under a particular section of the Code if the application of this Paragraph 6.7.c. would impair the ability of the trust to qualify under that section of the Code.

6.8      **Trustee's Powers To Combine And Divide Trusts**

The Trustee may combine any trust with any other trust (including trusts not administered under this document) having the same beneficiaries and Inclusion Ratios, provided

- 29 -

**EXHIBIT A, PAGE 43**

**029-040**

that the trusts to be combined have substantially the same terms, as determined by the Trustee. The Trustee also may divide any trust into two or more separate trusts with similar or different assets, or of equal or unequal value, but having the same terms and, in the aggregate, having the same beneficiaries. Any combination or division may be made without obtaining the approval of any court. The assets of the Primary Trust shall be distributed between or among the trusts into which the Primary Trust has been divided based on their values at the time of the division.

### 6.9     Trustee's Powers Relating To Additions To Trusts

If any provision of this document directs that property is to be distributed to an existing trust by reason of the partial or complete distribution or termination of another trust, or otherwise, the Trustee shall add property having an Inclusion Ratio of zero only to an Exempt Trust, and the Trustee shall add property having an Inclusion Ratio greater than zero only to a Non-Exempt Trust. If a trust with the appropriate Inclusion Ratio does not exist, the Trustee may establish a new trust having the same terms, conditions and beneficiaries as the trust to which such property would otherwise have been distributed so that such property may be distributed to the new trust without changing the Inclusion Ratio of the existing trust.

### 6.10     Provisions Relating To Interests In Deferrable Benefits

A Settlor (a "Contributing Settlor") may designate any trust established under this document (the "Designated Trust") as the beneficiary of some or all of the Contributing Settlor's Deferrable Benefits but nevertheless intends that, pursuant to the provisions of this document, there will be designated beneficiaries with respect to such Deferrable Benefits. To achieve this result, the following provisions shall apply, notwithstanding any provision of this document to the contrary:

#### 6.10.a     Prohibited Use Of Deferrable Benefits

From and after the first to occur of (i) September 30 of the calendar year following the calendar year in which the Contributing Settlor dies and (ii) the date established under Regulatory Authority as the final date by which it must be determined whether a trust established under this document to which Deferrable Benefits are allocated or distributed meets the requirements for treatment of its beneficiaries as if they had been named directly as the beneficiary of the Deferrable Benefits, (a) all Deferrable Benefits held by or payable to any trust established under this document shall be held only for individuals, (b) no Deferrable Benefits shall be distributed to the Contributing Settlor's estate, Charity or any other person who is not an individual, whether by the dispositive provisions of any trust administered hereunder or by the exercise of any power of appointment granted hereunder, and (c) no Deferrable Benefits shall be

- 30 -

**EXHIBIT A, PAGE 44**

**029-041**

used for the payment of debts, taxes, expenses of administration or other claims against the Contributing Settlor or the Contributing Settlor's estate, including Estate Taxes.

### 6.10.b   Allocation Of Deferrable Benefits Into Separate Accounts

By the end of the calendar year following the year in which the Contributing Settlor dies, the Trustee shall allocate all interests in Deferrable Benefits owned by or made payable to the Designated Trust into separate accounts. If the Contributing Settlor is the Deceased Settlor, because the Administrative Trust will be distributed to trusts as provided in Paragraph 3.2., a separate account shall be established for each such trust to which an interest in the Contributing Settlor's Deferrable Benefits is allocated. If the Contributing Settlor is the Surviving Settlor, because a portion of the Exempt Distribution Trust and the Non-Exempt Distribution Trust may be distributed to a trust for an issue of the Settlors as provided in Paragraph 5.4., a separate account shall be established for such trust, if such trust is established, to which any interest in the Contributing Settlor's Deferrable Benefits distributed to such trust is allocated.

### 6.10.c   Limitation On Distributions With Respect To Deferrable Benefits

The oldest beneficiary of each trust receiving a separate account following the Contributing Settlor's death pursuant to Paragraph 6.10.b. (an "Original Trust") is hereinafter referred to as the Original Trust's "Oldest Beneficiary." All distributions from an Original Trust of (i) an interest in any Deferrable Benefits or (ii) property received from any Deferrable Benefits shall be made only to individuals who are not older than the Original Trust's Oldest Beneficiary. Similarly, if the Original Trust is divided into trusts for any reason, including pursuant to an exercise of a power of appointment over the Original Trust or the termination of the interest of any beneficiary in the Original Trust (i.e., the death of the Original Trust's primary beneficiary), all distributions from the subsequent trusts of (i) an interest in any Deferrable Benefits or (ii) property received from any Deferrable Benefits, including by the Original Trust, shall be made only to individuals who are not older than the Original Trust's Oldest Beneficiary.

### 6.10.d   Minimum Distributions From Deferrable Benefits

The Trustee of each trust under this document which holds Deferrable Benefits or to which Deferrable Benefits are payable shall comply with all minimum distribution rules under Code §401(a)(9) and applicable Regulatory Authority with respect to such Deferrable Benefits.

- 31 -

**EXHIBIT A, PAGE 45**

**029-042**

6.10.e     **Alternate Distributions**

Any distribution from a trust established under this document, whether pursuant to the terms of this document or the exercise of any power of appointment, that would violate the requirements of Paragraph 6.10.c. shall instead be made as follows:

(i)     If to be made to an individual who is older than the Original Trust's Oldest Beneficiary, instead to such individual's then living issue who are not older than the Original Trust's Oldest Beneficiary or, if there are no such issue, as provided in subparagraph (iii) below.

(ii)     If to be made to a Charity, instead as provided in subparagraph (iii) below.

(iii)     Any distribution directed to be made as provided in this subparagraph (iii) shall be made to the Contributing Settlor's heirs, whose identities and shares shall be determined at the time of the event requiring distribution as though the Contributing Settlor's death had occurred immediately following such event, and according to the California laws of intestate succession then in force relating to separate property not acquired from a parent, grandparent or previously deceased spouse, but including issue of great-grandparents or great-great-grandparents (and so on), if necessary, and as if all individuals older than the Original Trust's Oldest Beneficiary were not then living.

6.11     **Allocation Of Income And Principal**

Except as otherwise provided in this document, characterization of principal and income shall be governed by the California Uniform Principal and Income Act from time to time existing.  Any matter not provided for in this document, or in the California Uniform Principal and Income Act, shall be determined by the Trustee.

6.11.a     **Depreciation Reserve Not Required**

The Trustee shall not be required to establish any reserve for depreciation or to make any charge for depreciation against all or any portion of the income of any trust, including any income realized through use of any portion of the trust's principal in the conduct of a business by the trust; but the Trustee may determine whether to establish a reserve and, if so, to fund the same by appropriate charges against the income of the trust, with the reserve and charges to be based on assumptions or in such amounts as the Trustee considers appropriate.  In exercising the discretion conferred on the Trustee, the Trustee shall consider that the Settlors' desire is to benefit primarily the Current Beneficiaries of each trust.

- 32 -

**EXHIBIT A, PAGE 46**

**029-043**

6.11.b    **Income In Respect Of A Decedent As Principal**

All items of Income in Respect of a Decedent shall constitute principal, except that if any such items are allocated to the Marital Trust and do not yield a reasonable amount of income, as required by Treasury Regulation §20.2056(b)-5(f), the Trustee shall characterize a reasonable portion of such items as income in order to comply with such Treasury Regulation as to all items of Income in Respect of a Decedent allocated to the Marital Trust.

6.11.c    **No Requirement To Make Adjustments**

The Trustee shall not be required to make adjustments between principal and income accounts to offset the shifting of economic interests or tax benefits between Current Beneficiaries and remainder beneficiaries that arise from any tax decision or election, but the Trustee may make any such adjustment.  This Paragraph shall not apply to the Marital Trust.

6.11.d    **Discretion With Respect To Environmental Expenses**

The Trustee may allocate all Environmental Expenses paid and all reimbursements or other funds received relating to Environmental Expenses between income and principal.  In making the allocation, the Trustee shall consider the effect of the allocation upon income available for distribution, the value of trust principal and the income tax treatment of such expenses and receipts.  The Trustee may also create a reserve for payment of anticipated Environmental Expenses.

6.12    **Cost Of Living Adjustment**

All amounts to be adjusted as provided in this Paragraph 6.12. shall be multiplied by a fraction, the numerator of which is the Cost of Living Index, as hereinafter defined, for October of the calendar year preceding the year in which the amount to be adjusted is to be determined, and the denominator of which is the Cost of Living Index in the month and calendar year of execution of this document.  The "Index" refers to the Consumer's Price Index for All Urban Consumers in the Los Angeles Riverside Orange County, California, area, all items (Series ID CUURA421SA0), or, if the Cost of Living Index ceases to be published by the Bureau of Labor Statistics of the Department of Labor (or any other comparable agency) of the United States Government, such other index considered appropriate by the Trustee.

- 33 -

**EXHIBIT A, PAGE 47**

**029-044**

6.13        **Powers Of Appointment**

6.13.a      **Manner Of Exercise**

An individual may exercise a power of appointment granted to him or her either by (i) the individual's last validly executed Will, without regard to whether the Will is offered for, or admitted to, probate, or (ii) a written direction other than a Will signed by the individual and delivered to the Trustee during the individual's lifetime (hereinafter referred to as a "written direction"), which Will or written direction clearly identifies the trust as to which the power of appointment is being exercised.  If the Trustee does not receive actual notice of the exercise of a power of appointment by Will within four (4) months after the death of the individual holding the power, the Trustee may, without liability, distribute the property subject to the power as if the power had not been exercised by Will.  If a conflict occurs between the terms of the individual's Will and the terms of a written direction or between the terms of two or more written directions, the terms of the most recent document shall prevail.  A power of appointment may be exercised by an individual even if (1) the individual is a minor or under disability or (2) all of the assets constituting the trust with respect to which the power is granted have not been received by the Trustee.

6.13.b      **Effective Date Of Exercise**

Subject to any limitations set forth in the provision granting a power of appointment, the exercise of a power of appointment shall take effect at the time specified in the instrument exercising the power.  Any power of appointment exercised by Will shall be effective only upon the death of the individual exercising such power.

6.13.c      **Revocation**

To the extent a power of appointment relates to future distributions, it may be revoked or amended by a subsequent exercise of the power that complies with the formalities of this Paragraph 6.13.

6.13.d      **Scope Of Power**

Unless expressly provided to the contrary, an individual holding a power of appointment may exercise that power in favor of any one or more of the permissible appointees of the power, on any terms and conditions, either outright or in trust.

6.13.e      **Restrictions With Respect To Powers Over Insurance**

Notwithstanding Paragraph 6.13.a., no power of appointment may be exercised by any individual with respect to policies of insurance on the life of the individual,

81294-00002/1915393.5

**EXHIBIT A, PAGE 48**

**029-045**

or the proceeds thereof, unless the life insurance policies or proceeds would be included in the individual's Gross Estate without regard to such power of appointment.

### 6.13.f     Compelled Exercise Not Effective

The purported exercise of a power of appointment shall be of no force or effect if the purported exercise was the result of compulsion, and the Trustee shall administer the property subject to the power of appointment as if the purported exercise had not occurred.  The purported exercise of a power of appointment shall be deemed to be the result of compulsion if the purported exercise is compelled by an order or other direction of any court having jurisdiction over (i) the individual holding the power, (ii) the Trustee of the trust in which the power of appointment is granted, (iii) the property subject to the power of appointment or (iv) the trust in which such property is held.

### 6.13.g     Provisions Regarding Exercises Of Powers Of Appointment In Favor Of Spouses

Any exercise of a power of appointment in favor of the spouse of an issue of the Settlors which is subject to this Paragraph 6.13.g. shall be in trust which (i) expressly provides for only Independent Trustees to serve as the Trustee and (ii) limits distributions from the trust to the spouse to (A) the net income of the trust and (B) as much principal as the Trustee considers appropriate for the spouse's health, education, maintenance and support in his or her accustomed standard of living.  The individual exercising a power of appointment subject to this Paragraph 6.13.g. may impose limits upon the amount or percentage of income to be distributed to the spouse, restrict or eliminate the right of the spouse to receive principal and limit the duration of any such distributions.

### 6.14     Residences And Tangible Personal Property

Where a beneficiary has the rights and powers with respect to a Residence and/or Tangible Personal Property as provided in this Paragraph 6.14., the following provisions shall apply:

### 6.14.a     Beneficiary's Right To Occupancy And Use

The beneficiary shall be entitled to rent-free occupancy and use of all Residences and/or Tangible Personal Property.  The Trustee shall pay all taxes, insurance, charges for repairs and improvements, rents and other expenses or amounts appropriate to facilitate the beneficiary's occupancy and use of the Residences and/or Tangible Personal Property.

- 35 -

**EXHIBIT A, PAGE 49**

**029-046**

6.14.b        **Replacement Of Residences**

At any time and from time to time, the beneficiary may direct the Trustee to sell any Residence.  Following the sale of the Residence, the beneficiary may at any time direct that one or more new Residences be acquired by the Trustee, subject to the provisions of this Paragraph 6.14.   Any replacement Residence shall be of a type requested by the beneficiary, provided the Trustee determines that the request is reasonable.  If the beneficiary is not serving as a Trustee, the beneficiary shall give any direction under this Paragraph 6.14.b. to the Trustee in writing.   The Trustee may only sell a Residence without a direction from the beneficiary if the Trustee considers the sale to be in the best interests of the beneficiary, and the Trustee shall thereafter acquire one or more new Residences, subject to the provisions of this Paragraph 6.14., or provide such other housing for the beneficiary, as the Trustee considers appropriate for the health, maintenance and support of the beneficiary, taking into consideration the beneficiary's accustomed standard of living.  Notwithstanding the foregoing:

(i)        While both Settlors are living and neither is incapacitated, they shall jointly direct the Trustee under this Paragraph 6.14.b. with respect to any Residence held as part of the Community Trust.

(ii)       While both Settlors are living and one is incapacitated, the Settlor who is not incapacitated may alone direct the Trustee under this Paragraph 6.14.b. with respect to any Residence held as part of the Community Trust.

6.14.c        **Replacement Of Tangible Personal Property**

At the direction of the beneficiary, any Tangible Personal Property shall be replaced or acquired by the Trustee subject to the provisions of this Paragraph 6.14.

6.15        **Survivorship Provision**

If any beneficiary fails to survive by thirty (30) days any event that would have given rise to a mandatory distribution to the beneficiary or to the establishment of a trust for the benefit of the beneficiary, the beneficiary shall be deemed to have predeceased that event, and the distribution shall lapse, unless otherwise specifically provided to the contrary, and shall instead be distributed as part of the residue of the trust from which the distribution is directed to be made.  Notwithstanding the foregoing, the determination of which Settlor is the Deceased Settlor shall be made as provided in Paragraph 10.12. without any survivorship requirement.

81294-00002/1915393.5

**EXHIBIT A, PAGE 50**

**029-047**

6.16      **Rule Against Perpetuities**

6.16.a      **Ultimate Termination Date**

Unless earlier terminated, each trust, including a trust established by the exercise of a power of appointment, shall terminate on the last date on which termination is possible without causing the trust to be invalid under the rule against perpetuities, if any, in effect under the law of the jurisdiction governing such trust at the time that the trust becomes irrevocable.

6.16.b      **Distribution Upon Termination**

Upon the termination of any trust under Paragraph 6.16.a., the trust's assets shall be distributed as follows:

(i)      To its Current Beneficiaries who are the issue of the Settlors who are entitled to receive mandatory distributions of income, in proportion to their rights to receive income.

(ii)      If no Current Beneficiaries who are the issue of the Settlors are entitled to receive mandatory distributions of income, to its Current Beneficiaries who are the issue of the Settlors, by right of representation.

(iii)      If no Current Beneficiaries are issue of the Settlors, to the then living issue of the "Predecessor," as hereinafter defined, by right of representation.  The Predecessor is a Settlor or an individual who is an issue of the Settlors who was the Current Beneficiary of the current trust, or a prior trust which was distributed to the current trust, immediately before the current trust, or the prior trust, ceased to have any Current Beneficiary who was a Settlor or an issue of the Settlors.

(iv)      If no Current Beneficiaries are issue of the Settlors and there are no living issue of the Predecessor, to the then living issue of the Predecessor's closest lineal ancestor (who is a Settlor or an issue of the Settlors) who has then living issue, by right of representation.

6.17      **Intention To Comply With Tax Laws And Power To Modify Trust To Comply**

Whenever the Settlors have expressed an intention for any trust to qualify for treatment under a particular Code section: (i) the trust shall be deemed to contain any provisions required by the Code section and applicable Regulatory Authority which are not expressly set

- 37 -

**EXHIBIT A, PAGE 51**

029-048

forth in this document; (ii) the provisions of the applicable Code section or Regulatory Authority shall override and supersede any provisions of the trust preventing the trust from qualifying for treatment under the Code section; (iii) the Independent Trustee of the trust shall amend the trust to expressly include any required provisions and to restrict or eliminate any inconsistent provisions, either by a writing which is delivered to the Trustee and to all Current Beneficiaries of the trust or by petitioning the court having jurisdiction over the trust to have the provisions of the trust reformed; (iv) the trust shall be administered in accordance with the Code section and applicable Regulatory Authority; and (v) the Trustee shall not take any action or have any power which would impair the ability of the trust to qualify for treatment under the Code section.  The Independent Trustee of the trust is further authorized to enter into any and all agreements with the Internal Revenue Service or any other governmental body or official or to execute, from time to time, any agreements, declarations of policy or disclaimers that may be required in order for the trust to qualify under the particular Code section.

6.18    **No Revocation Or Amendment Except As Specifically Provided**

Except as expressly provided to the contrary in this document, including the provisions of Article 2 relating to the Community Trust and each Settlor's Separate Trust and Paragraph 4.1. relating to the Survivor's Trust, no trust administered under this document may be revoked or amended.

**ARTICLE 7**
**PROVISIONS REGARDING TRUSTEES**

7.1    **General Provisions Concerning Fiduciaries**

Except to the extent expressly provided otherwise, references to the "Trustee" of any trust are to the person then serving as sole Trustee of such trust or to the persons then serving as Co-Trustees of such trust.  The provisions of this Article 7 shall apply to all fiduciaries serving under this document, including Trustees and Special Trustees.

7.2    **Appointment Of Trustees**

7.2.a    **In General**

The Settlors, **DONALD T. STERLING** and **ROCHELLE H. STERLING**, shall serve as Trustee.  If either Settlor ceases to serve, the other shall serve as Trustee.  If both Settlors cease to serve, **JOANNA STERLING MILLER, DARREN SCHIELD, DOUGLAS L. WALTON** and **RICHARD ANDREW ROESER** shall serve as Trustee. If any one of **JOANNA STERLING MILLER, DARREN SCHIELD, DOUGLAS L. WALTON** or **RICHARD ANDREW ROESER** fails to qualify or ceases to serve, the others

- 38 -

**EXHIBIT A, PAGE 52**

**029-049**

shall serve as Trustees.   If two or more of **JOANNA STERLING MILLER, DARREN
SCHIELD, DOUGLAS L. WALTON** and **RICHARD ANDREW ROESER** fail to qualify or
cease to serve, **BANK OF AMERICA, N.A.** through its **MERRILL LYNCH TRUST
COMPANY** division ("**MERRILL LYNCH**") shall serve with the one or ones remaining.   If
all of **JOANNA STERLING MILLER, DARREN SCHIELD, DOUGLAS L. WALTON** and
**RICHARD ANDREW ROESER** fail to qualify or cease to serve, **MERRILL LYNCH** shall
serve alone as Trustee.   The persons named in Paragraph 7.2.a. or their successors designated
under Paragraph 7.3. are referred to in this Article 7 collectively as the "Primary Trustee."
Except as otherwise provided in this Article 7, the Primary Trustee shall serve as Trustee of all
trusts administered under this document.

> 7.2.b      **Trustees Of Trusts For Issue**

> (i)      **Trust for JOANNA STERLING MILLER.   JOANNA
STERLING MILLER** shall serve as sole Trustee of the trust administered for her benefit under
Paragraph 5.5.  If **JOANNA STERLING MILLER** fails to qualify as Trustee or ceases to serve
and has not designated a successor Trustee as provided in Paragraph 7.3., the Primary Trustee
shall serve as Trustee of **JOANNA STERLING MILLER**'s trust.

> (ii)      **Trust for CHRIS STERLING.   CHRIS STERLING,
DARREN SCHIELD, DOUGLAS L. WALTON** and **RICHARD ANDREW ROESER** shall
serve as Trustee of the trust administered for **CHRIS STERLING**'s benefit under
Paragraph 5.5.  If **CHRIS STERLING** fails to qualify or ceases to serve, the others shall serve
as Trustee.   If any one or more of **DARREN SCHIELD, DOUGLAS L. WALTON** or
**RICHARD ANDREW ROESER** fails to qualify or ceases to serve, **MERRILL LYNCH** shall
serve as a Trustee with such of **CHRIS STERLING, DARREN SCHIELD, DOUGLAS L.
WALTON** and **RICHARD ANDREW ROESER** who is then serving.   If all of **CHRIS
STERLING, DARREN SCHIELD, DOUGLAS L. WALTON** and **RICHARD ANDREW
ROESER** fail to qualify or cease to serve, **MERRILL LYNCH** shall serve alone as Trustee.

> (iii)      **Trust for Descendant.   Trusts For Descendants**.   The
Primary Trustee shall serve as Trustee of the Descendant's trust administered under
Paragraph 5.6.  Upon attaining age twenty-five (25), the Descendant shall serve as a Co-Trustee
of the Descendant's trust with the Primary Trustee.   From and after attaining age thirty-five (35),
the Descendant shall serve as the sole Trustee of the Descendant's trust.   If the Descendant fails
to qualify as a Co-Trustee or as sole Trustee or ceases to serve and has not designated a

- 39 -

**EXHIBIT A, PAGE 53**

**029-050**

successor Trustee as provided in Paragraph 7.3., the Primary Trustee shall serve as Trustee of the Descendant's trust.

### 7.2.c      Vacancy In Office Of Trustee

If at any time there is a vacancy in the office of Trustee of any trust administered under this document, including if a Trustee resigns, is removed or declines to serve as provided in Paragraph 7.5., and there is no Replacement Trustee who is able and willing to serve as a Trustee of the trust, the Majority Beneficiaries of the trust shall designate a successor Trustee for the trust in the manner provided in Paragraph 7.3.a., as if the Majority Beneficiaries were the only then serving Trustees of the trust; provided, however, that if the vacancy occurs as a result of a removal pursuant to Paragraph 7.5.d., other than pursuant to clause (A) of subparagraph (ii) thereof, or pursuant to Paragraph 7.5.f., the Majority Beneficiaries shall designate a bank or trust company authorized to conduct trust business in the jurisdiction the laws of which govern such trust under Paragraph 12.3. and having trust assets under management in excess of One Billion Dollars ($1,000,000,000) as successor Trustee for the trust, in the manner provided in Paragraph 7.3., as if the Majority Beneficiaries were the only then serving Trustees of the trust.

### 7.2.d      If No Trustee Is An Independent Trustee

If at any time (i) the Trustee of a trust is requested to exercise a power vested in the Independent Trustee pursuant to Paragraph 6.4. or otherwise determines that it is appropriate for an Independent Trustee to consider exercising a power vested in the Independent Trustee with respect to the trust and (ii) no Trustee then serving with respect to the trust is an Independent Person, the Replacement Trustee of the trust who is an Independent Person shall serve for the sole purpose of exercising or not exercising the powers vested in the Independent Trustee.  If no Replacement Trustee of the trust is an Independent Person, the then serving Trustee of the trust shall designate an Independent Person to serve, in the manner provided in Paragraph 7.3., for the sole purpose of exercising or not exercising such powers.

### 7.2.e      If No Trustee Is A Neutral Person

If at any time (i) the Trustee of a trust is requested to exercise a power vested in the Neutral Person serving as Trustee pursuant to Paragraph 6.5. or otherwise determines that it is appropriate for a Neutral Person to consider exercising a power vested in the Neutral Person serving as Trustee with respect to the trust and (ii) no Trustee then serving with respect to the trust is a Neutral Person, the Replacement Trustee of the trust who is a Neutral Person shall serve as a Trustee for the sole purpose of exercising or not exercising the powers vested in the Neutral Person serving as Trustee.  If no Replacement Trustee of the trust is a

- 40 -

**EXHIBIT A, PAGE 54**

**029-051**

Neutral Person, the then serving Trustee of the trust shall designate a Neutral Person to serve, in the manner provided in Paragraph 7.3., for the sole purpose of exercising or not exercising such powers.

### 7.3 Designation Of Co-Trustees And Successor Trustees

An individual serving as the sole Trustee of any trust may designate one or more persons to serve as his or her successors, to serve with him or her as a Co-Trustee and/or to serve as successors to any such designees. An individual serving as a Co-Trustee of any trust may designate one or more persons to serve serially (but not together) as his or her successors and/or as successors to any such designees. In addition, if all then serving Co-Trustees of any trust are individuals, they may designate one or more persons to serve with them as a Co-Trustee, as the successor for any one or more of them, and/or as successors to such designated Co-Trustees. A designation may name persons either in lieu of or in addition to those persons named in Paragraph 7.2. A designation may be revoked or amended by a subsequent designation. If a conflict occurs between the terms of two or more designations, whether such designations were by the same or different Trustees, the terms of the most recent designation shall prevail.

### 7.3.a Exercise Of Designation

A designation under this Paragraph 7.3. shall be in writing, signed by the individual Trustee making the designation and delivered to any other then serving Co-Trustees of the trust.

### 7.3.b Other Terms Of Designation

A designation may (i) waive bond, (ii) specify the compensation for so serving, (iii) be for a fixed or an unlimited duration, (iv) be for all or a portion of the designating Trustee's powers or (v) otherwise set forth terms and conditions of service by the designee.

### 7.3.c Effect Of Removal Of Designating Trustee

If a Trustee is removed for cause pursuant to Paragraph 7.5.d., other than pursuant to clause (A) of subparagraph (ii) thereof, all designations by the removed Trustee under this Paragraph 7.3. shall be void, and any Co-Trustee appointed by the removed Trustee shall cease to serve, unless such Co-Trustee would have been a Replacement Trustee by reason of being named in this document or designated by a predecessor to the removed Trustee.

- 41 -

**EXHIBIT A, PAGE 55**

**029-052**

7.4      **Qualification Of Successor Trustees**

7.4.a      **Consent To Serve**

No person shall qualify to serve as a Trustee of any trust unless the person has consented to serve in writing, which consent shall specifically accept any terms and conditions of service, including those imposed pursuant to Paragraph 7.5.c. or by a designation under Paragraph 7.3.  All fees and costs incurred by the person in determining whether or not to consent to serve shall be paid from the trust as an expense of administration.

7.4.b      **Conflicts Of Interest**

No person shall be disqualified from serving as a Trustee of any trust by reason of (i) owning an interest in real or personal property in which the trust holds an interest, (ii) owning an interest in a corporation, partnership, limited liability company or other business venture in which the trust holds or has at any time held an equitable, beneficial or management interest or (iii) being an officer, director or employee of any corporation, partnership, limited liability company or other business venture in which the trust holds or has at any time held an equitable, beneficial or management interest.

7.5      **Declination, Resignation And Removal Of Trustees**

7.5.a      **Declination**

A Replacement Trustee of any trust may decline to serve upon written notice to the then serving Trustee or, if there is none, to all then Current Beneficiaries of the trust.

7.5.b      **Resignation**

A Trustee of any trust may resign upon written notice to all other Co-Trustees or, if there are none, to the resigning Trustee's successor or, if none, to all then Current Beneficiaries of the trust.

7.5.c      **Removal Of Individual Due To Incapacity**

Any individual who is deemed incapacitated, as defined in Paragraph 10.24., shall cease to serve as a Trustee of all trusts administered under this document. Each individual who agrees to serve as a Trustee of any trust administered under this document (A) shall cooperate in any examination reasonably appropriate to carry out the provisions of this Paragraph 7.5.c., (B) waives the doctor-patient and/or psychiatrist-patient privilege with respect to the results of such examination, and (C) shall allow a Co-Trustee or the Current Beneficiaries of the trust to review the individual's individually identifiable health information or other

- 42 -

**EXHIBIT A, PAGE 56**

**029-053**

medical records, waiving any privacy rights governed by the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §1320d (HIPAA), and the regulations thereunder, including 45 C.F.R. §§160-164, to the extent required to implement this Paragraph 7.5.c.  An individual's obligation to comply with the provisions of this Paragraph 7.5.c. is specifically enforceable.

### 7.5.d        Removal Of Trustee For Cause

(i)        **Majority Beneficiaries May Remove Trustee For Cause**. The Majority Beneficiaries of any trust may remove any Trustee thereof for reasonable cause by delivering written notice of the removal which specifies the reasonable cause for the removal to all persons then serving as Trustee, to the Replacement Trustee and to all other Current Beneficiaries of the trust.

(ii)        **Causes For Removal**.  As used in this Paragraph 7.5.d., the term "reasonable cause" includes (A) the incapacity of the Trustee as provided in Paragraph 7.5.c., (B) the willful or negligent mismanagement of the trust assets by the Trustee, (C) the abuse or abandonment of, or inattention to, the trust by the Trustee, (D) a federal or state charge against the Trustee involving the commission of a felony or serious misdemeanor, (E) an act of stealing, dishonesty, fraud, embezzlement, moral turpitude or moral degeneration by the Trustee, (F) Substance Abuse by the Trustee, (G) the Trustee's poor physical, mental or emotional health which causes the Trustee to be unable to devote sufficient time to administer the trust, (H) the Trustee's failure to comply with a written agreement regarding compensation or any other legally enforceable written agreement affecting the trust's operation, (I) a demand for unreasonable compensation, (J) the failure of a corporate Trustee to appoint a senior officer with at least five (5) years of experience in administering trusts to handle the account, (K) unreasonably high turnover of account officers assigned to the trust (unless requested by the Majority Beneficiaries), (L) unreasonably poor investment performance, (M) the removal of all Current Beneficiaries from the State in which the corporate Trustee is licensed to conduct business as a corporate Trustee, (N) the relocation of the Trustee away from the location where the trust operates so as to interfere with the administration of the trust, (O) unreasonable lack of communication between the Trustee and the Current Beneficiaries, (P) unreasonably inaccurate or unclear transaction statements or statements of account, (Q) unreasonable conflicts between the Trustee and the Current Beneficiaries caused by the Trustee, (R) merger, acquisition or a deteriorating financial condition of a corporate Trustee, or (S) any other reason for which a court of competent jurisdiction would remove a Trustee.

- 43 -

**EXHIBIT A, PAGE 57**

**029-054**

7.5.e        **Liability Of Former Trustee**

If a Trustee resigns or is removed as provided in this Paragraph 7.5., or ceases to serve, including by virtue of the termination of any trust, the Trustee shall not be relieved of liability until the Trustee's accounting has been settled pursuant to Paragraph 8.3. and the Trustee's successor, if any, has commenced serving.

7.5.f        **Removal Of Trustee Without Cause**

(i)        **Removal Of Trustee Without Cause**.  The (A) Majority Beneficiaries of any trust acting together with (B) the majority of the persons then serving as Trustee of such trust may remove any Trustee of such trust without cause by delivering written notice of the removal to all persons then serving as Trustee, to the Replacement Trustee and to all Current Beneficiaries of the trust.

(ii)        **Removal Of Corporate Trustee Without Cause**.  The Majority Beneficiaries of any trust may remove the corporate Trustee of such trust without cause by delivering written notice of the removal to all persons then serving as Trustee, to the Replacement Trustee and to all Current Beneficiaries of the trust.

7.6        **Provisions Relating To Multiple Trustees**

7.6.a        **In General**

When two Co-Trustees are serving, they shall act unanimously. When more than two Co-Trustees are serving, they shall act by majority vote; no dissenting Co-Trustee shall be liable to any person for any action taken or not taken pursuant to the decision of the majority.

7.6.b        **When Settlors Are Serving As Co-Trustees**

The provisions of this Paragraph 7.6.b. shall apply only while both Settlors are serving as the only Trustees of any trust.

(i)        **Financial And Administrative Matters Other Than Real Property**.  Except as provided in subparagraph (ii) below, either Trustee alone, and without the approval of the other, may, with respect to transactions involving assets not in excess of One Hundred Thousand Dollars, adjusted as provided in Paragraph 6.12., (A) sign checks or other withdrawal instruments drawn on the trust's bank, stock, bond, brokerage or other accounts, including orders and instructions, (B) execute any other instruments of conveyance of property of the trust, excluding real property, (C) form, alone or with others, and invest property of the

- 44 -

**EXHIBIT A, PAGE 58**

**029-055**

trust in, any new business entity, including a corporation, partnership or limited liability company and (D) take any action authorized by the following provisions of this Paragraph 7.6.b. In addition, a Trustee may act with respect to any other matter that has been delegated to such Trustee by the other pursuant to Paragraph 7.6.c.

(ii)     **Real Property Matters**.  Both Trustees shall act together with respect to the execution of any instrument by which an interest in real property in the Community Trust is leased for a longer period than one year or is sold, conveyed or encumbered unless one Trustee has delegated powers affecting the real property to the other Trustee pursuant to Paragraph 7.6.c.

(iii)     **Partnership Matters**.  If the trust is a general or limited partner of any partnership, either Trustee alone may, with respect to transactions involving assets not in excess of One Hundred Thousand Dollars, adjusted as provided in Paragraph 6.12., execute any documents on behalf of the trust with respect to the partnership, including governance, loan, encumbrance and/or conveyance documents.

(iv)     **Limited Liability Company Matters**.  If the trust is a manager or member of any limited liability company, either Trustee alone may, with respect to transactions involving assets not in excess of One Hundred Thousand Dollars, adjusted as provided in Paragraph 6.12., execute any documents on behalf of the trust with respect to the limited liability company, including governance, loan, encumbrance and/or conveyance documents.

(v)     **Corporate Matters**.  If the trust is a shareholder of any corporation, either Trustee alone may, with respect to transactions involving assets not in excess of One Hundred Thousand Dollars, adjusted as provided in Paragraph 6.12., execute any documents on behalf of the trust with respect to the corporation, including governance, loan, encumbrance and/or conveyance documents.

(vi)     **Ongoing Business Matters**.  A Trustee who, acting alone, operates or manages a business that is a part of the Community Trust may, acting alone, sell, exchange, encumber or dispose of that business after complying with the requirements of California Family Code §1100(d).

(vii)     **Reliance By Third Parties**.  Subject to subparagraph (ii) above, any third party may accept orders and other instructions from either Trustee, and either

- 45 -

**EXHIBIT A, PAGE 59**

**029-056**

Trustee may alone execute any documents on behalf of the trust which the third party may require.

### 7.6.c    Delegation By Trustees Permitted

(i)    **Exercise Of Delegation Power.**  Any Co-Trustee may at any time delegate to any one or more other Co-Trustees all or any of the delegating Trustee's powers.  The delegation shall (A) be in writing, (B) be delivered to all other Co-Trustees and (C) specify the powers delegated.  Any delegation may be revoked or modified in the same manner.  Notwithstanding the foregoing, powers vested exclusively in the Independent Trustee may only be delegated by an Independent Trustee to another Independent Trustee and powers vested exclusively in the Neutral Person serving as Trustee may only be delegated by a Neutral Person serving as Trustee to another Neutral Person serving as Trustee.

(ii)    **Reliance On Delegation By Third Parties.**  Any third party, including any insurer, transfer agent, securities broker, bank, trust company, credit union, title insurer or other financial institution, may rely upon any delegation pursuant to this Paragraph 7.6.c. and shall incur no liability for any action taken in reliance on the delegation in the absence of actual knowledge of its revocation or modification.

(iii)    **Duty To Monitor By Delegating Trustee.**  Any delegation pursuant to this Paragraph 7.6.c. shall not relieve the delegating Co-Trustee of the duty to monitor the actions of the Co-Trustees to whom powers have been delegated.

### 7.7    Bond Waived

No bond shall be required of any person serving as a Trustee of any trust unless requested, in writing, by the Majority Beneficiaries of the trust.

### 7.8    Compensation For Services

### 7.8.a    For Individuals

Any individual serving as a Trustee of any trust shall be entitled to (i) receive reasonable compensation for services rendered to the trust as a Trustee, even if receiving compensation as a partner, officer, director, manager, member or employee of any corporation, partnership, limited liability company or other business venture, an interest in which is held by the trust and (ii) be reimbursed for any reasonable expenses of the trust that the individual has paid.  Notwithstanding the foregoing, a Settlor shall not receive compensation as Trustee with respect to any trust revocable by such Settlor.  Any individual may waive the right

- 46 -

**EXHIBIT A, PAGE 60**

**029-057**

to compensation for services to be rendered to any trust. A waiver may be limited in duration or to specific services. The Trustee is authorized to retain himself or herself or any firm with which he or she is associated to render legal or other professional services. Fees may be paid for such services without respect to such relationship and without respect to any agreement which the Trustee may have with his or her firm concerning the division of fees and commissions after complying with the requirements of California Probate Code §15687, if applicable.

### 7.8.b     For Corporate Trustees

Any corporate Trustee shall receive compensation for its services in the amount and at the time specified in its Schedule of Fees and Charges established from time to time (and in effect when the services were rendered) by the corporate Trustee for the administration of trusts of a character similar to the trust as to which the corporate trustee is serving, including minimum fees, and additional compensation for special investments, closely-held business interests and certain other services. The Settlors intend this Paragraph be a provision for specific rates or amounts of commissions within the meaning of any applicable statute requiring such a provision. The Settlors recognize that such compensation may exceed the compensation for services in effect from time to time under applicable law. If a corporate Trustee engages an affiliate to assist with the administration of any trust pursuant to Paragraph 8.1.a., the compensation paid by the trust to the affiliate shall not affect the corporate Trustee's compensation.

### 7.9     Liability Of Trustee

### 7.9.a     In General

Unless expressly provided otherwise in this document, the Trustee shall be liable for any action taken or omission made that fails to comply with the Trustee's standard of care determined under California law. Notwithstanding the foregoing, with respect to (i) the determination of whether to implement an express recommendation set forth in this document or (ii) a distribution made or withheld without actual notice of the event upon which the right to the distribution depends, the Trustee shall only be liable for an action taken or omission made in bad faith or with gross negligence.

### 7.9.b     With Respect To Investments

Pursuant to the California Uniform Prudent Investor Act, the Trustee's investment performance shall be evaluated in light of the Trustee's overall investment performance and not in light of any isolated investment. Notwithstanding the foregoing, the

- 47 -

**EXHIBIT A, PAGE 61**

**029-058**

Trustee shall have no liability for retaining any property transferred to any trust by either or both Settlors, as provided in Paragraph 8.1.c., without diversification.

> 7.9.c    **With Respect To Acts Of Predecessor**

A successor Trustee shall not be liable for an action taken or omission made by a predecessor Trustee unless the successor (i) has actual knowledge of facts which might reasonably be expected to put the successor on notice of such action or omission and (ii) fails to investigate and/or take appropriate remedial action. All fees and costs incurred in connection with a determination of a predecessor Trustee's liability shall be paid by and charged against the trust as to which the predecessor Trustee served, subject to any right of reimbursement or contribution from the predecessor Trustee.

> 7.9.d    **With Respect To Acts Of Designees, Delegates Or Professionals**

A Trustee who has (i) designated Co-Trustees, (ii) delegated powers to a Co-Trustee or (iii) employed professionals or agents to assist with the administration of any trust pursuant to Paragraph 8.1.a. shall not be liable for the actions or omissions of such designees, delegates, professionals or agents, nor shall the Trustee be obligated to continually supervise or monitor any of them, unless the Trustee either (i) has designated, delegated or employed such designees, delegates, professionals or agents in bad faith or with gross negligence or (ii) has actual knowledge of facts which might reasonably be expected to put the Trustee on notice of improper actions or omissions by such designees, delegates, professionals or agents and thereafter fails to investigate and/or take appropriate remedial action.

> 7.9.e    **With Respect To Independent Person Or Neutral Person Serving As Trustee**

Neither an Independent Trustee serving solely for the purpose of exercising one or more of the powers vested in the Independent Trustee nor a Neutral Person serving as Trustee solely for the purpose of exercising one or more of the powers vested in the Neutral Person shall have any responsibility for the administration of any other assets of the trust.

> 7.9.f    **Burden Of Proof**

In all cases, a person claiming that the Trustee has failed to comply with the Trustee's standard of care under this Paragraph 7.9. shall have the burden of proving such claim.

- 48 -

**EXHIBIT A, PAGE 62**

**029-059**

## ARTICLE 8
## MANAGEMENT OF TRUST ASSETS

8.1      **Powers Of Trustee**

Subject to any limitations elsewhere in this document, the Trustee is granted all powers appropriate to carry out the terms of each trust administered under this document, including the following:

8.1.a      **To Employ Professional And Other Assistants**

(i)      To employ, compensate and grant discretionary authority to agents, managers, attorneys, accountants, brokers, investment counselors and others, even if they are associated or affiliated with a Trustee.  Any third party, including any insurer, transfer agent, securities broker, bank, trust company, credit union, title insurer or other financial institution, may rely upon any grant of authority pursuant to this Paragraph 8.1.a. and shall incur no liability for any action taken in reliance on such grant of authority in the absence of actual knowledge of its revocation or modification.

(ii)      To pay out of income or principal or both the reasonable charges and fees of such agents, managers, attorneys, accountants, brokers, investment counselors and others, as it shall in its sole discretion determine, including the power to select brokers and dealers affiliated with any Trustee for the sale or purchase of any securities or other investment property in the trust. This authorization shall include an affiliated broker acting in a principal or agency capacity for equity and fixed income securities, routing orders for over-the-counter (OTC) stocks to a market maker affiliated with any Trustee, routing listed stocks to specialists affiliated with any Trustee, or routing after-hours orders to a proprietary trading operation in which any Trustee or an affiliate owns an equity interest.  In such case the Trustee or an affiliate may receive both monetary and non-monetary "payment for order flow," including an inter-company transfer of funds in connection with orders routed to an affiliated market maker; monetary compensation (including fee sharing) from, and participation in the profits of, certain affiliated and independent exchange specialists who execute orders; other compensation as part of reciprocal order routing arrangements with various exchange specialists and dealer firms; and rebates and credits against fees paid by various exchanges to member firms.  To the extent permitted by applicable law, the Trustee's compensation shall not be reduced by any additional compensation received by the Trustee, its parent, or any affiliate thereof, or any agent, principal, advisor, counsel, broker, dealer, market maker or specialist (including exchange

- 49 -

**EXHIBIT A, PAGE 63**

**029-060**

specialist) affiliated with the Trustee, its parent or any affiliate thereof, for providing any of the services authorized in this Paragraph.

### 8.1.b     To Pay Expenses

To pay all expenses and taxes incurred in the administration of the trust, including such insurance as the Trustee deems advisable to protect the trust from damage or loss and to protect the Trustee from liability.

### 8.1.c     To Receive And Retain Property

To receive and retain any property, without regard to whether the receipt or retention of the property violates sound diversification principles or the property is underproductive.

### 8.1.d     To Hold Property

To hold title to any property of the trust in the name of the Trustee or in the name of a nominee (without revealing nominee status if the nominee has the power to revoke the trust).

### 8.1.e     To Operate A Business

To form, hold and operate legal entities, including corporations, partnerships (limited and general) and limited liability companies; to operate a business, directly or through one or more legal entities; to terminate any business or withdraw from or dissolve any legal entity; to exercise all voting and management rights attendant to holding an interest in a business or legal entity, including the right to vote securities, give proxies and pay assessments; to participate in voting trusts, pooling arrangements, foreclosures, reorganizations, consolidations, mergers, liquidations and dissolutions; to deposit securities with and transfer title to any protective or other committee; and to exercise or sell stock subscription or conversion rights.

### 8.1.f     To Manage And Control Property

To manage, control, lease for terms within or beyond the duration of any trust, grant options with respect to, partition, divide, improve, insure and repair any kind of property, real or personal; to create restrictions, easements and servitudes.

### 8.1.g     To Purchase And Sell

(i)     To purchase, exchange or sell for cash or upon terms at public or private sale any kind of property, real or personal, including trust funds administered

- 50 -

**EXHIBIT A, PAGE 64**

029-061

by the Trustee, stocks, bonds, futures contracts and other securities, puts, calls, straddles and other options of every kind, annuities, general and limited partnership interests, interests in limited liability companies and interests in other businesses and legal entities, whether or not an interest in any such property is already included in the trust. Any such purchase, exchange or sale may be made with any person, including any beneficiary, any fiduciary under this document or any estate or trust, including an estate or trust having as a beneficiary or fiduciary any beneficiary or fiduciary under this document; provided, however, that any property sold to any such beneficiary, fiduciary, estate or trust is sold for adequate consideration. The Trustee may maintain brokerage accounts, including margin and commodity accounts, and, in connection therewith, may borrow, pledge securities, make short sales and sell on margin or otherwise. If any security is purchased for a premium or at a discount, such premium or discount shall be amortized.

(ii)     In addition to the provisions of subparagraph (i) above, to invest in or retain any securities or other property, real or personal (within or without the United States), including: any security as defined by the Securities Act of 1933 or other applicable law, any contract of sale of a commodity for future delivery within the meaning of the Commodity Exchange Act, shares or interests in any private investment fund, private equity or venture capital fund, hedge fund, common trust fund, joint venture, general or limited partnership, limited liability company, statutory or common law business trust, statutory trust, real estate investment trust or an open-end (including any mutual fund) or closed-end management type investment company or unit investment trust, whether registered under the Investment Company Act of 1940 or unregistered, any money market instrument, bank deposit account (including savings, time, certificate of deposit and transaction accounts), precious metal, foreign exchange, structured product, insurance contract, options, options on futures and variable forward contracts, swaps, caps, collars and other derivative instruments of a financial nature, notwithstanding the fact that the trustee, investment manager or custodian, its respective parent or any affiliate, is an issuer of such investment or provides services (whether as manager, underwriter, distributor, custodian, advisor, agent, servicer, Trustee or otherwise) with respect to any such investment and further notwithstanding that the Trustee, investment manager, custodian or its respective parent or any affiliate may receive compensation with respect to any such investment (in addition to Trustee's commissions), so long as the total compensation received is reasonable. To the extent permitted by applicable law, this provision is intended to override any contrary provision of law prohibiting such additional fees or otherwise requiring either a reduction in Trustee's commissions or an election between such additional fees and such commissions. Any

81294-00002/1915393.5                                    **EXHIBIT A, PAGE 65**

**029-062**

diversification requirement that would otherwise apply, including one imposed by a Prudent Investor Act or similar applicable law, is negated.

### 8.1.h    To Borrow And Encumber

To borrow and to encumber trust property by mortgage, deed of trust, pledge, guarantee, indemnity or otherwise for the debts of the trust, the debts of any entity an interest in which is owned by the trust or the joint debts of the trust, any entity an interest in which is owned by the trust and any co-owner of the property in which the trust or an entity an interest in which is owned by the trust has an interest; and, in connection therewith, to execute any mortgages, deeds of trust, pledges, guarantees, indemnities or other loan or security documents attendant thereto. Any mortgage, deed of trust, pledge, guarantee, indemnity or other encumbrance may be for a period within or beyond the duration of the trust.

### 8.1.i    To Secure The Debt Of A Beneficiary

With respect to any revocable trust, including the Community Trust and each Settlor's Separate Trust under Article 2 and the Survivor's Trust under Paragraph 4.1., the Trustee shall, at the direction of the individual entitled to revoke the trust, encumber all or any of the assets thereof by mortgage, deed of trust, pledge, guarantee, indemnity or otherwise to secure any indebtedness of the individual. With respect to any irrevocable trust, the Trustee shall encumber all or any of the assets thereof by mortgage, deed of trust, pledge, guarantee, indemnity or otherwise to secure any indebtedness of any Current Beneficiary of the trust, even though such mortgage, deed of trust, pledge, guarantee, indemnity or other security is not for the benefit of the trust but is for the exclusive benefit of the Current Beneficiary, if directed to do so by the Independent Trustee.

### 8.1.j    To Lend

To lend money or property of any trust to any beneficiary of the trust upon such terms as the Independent Trustee considers appropriate, and to lend money or property of any trust to any person other than a beneficiary of the trust upon such terms as the Trustee considers appropriate.

### 8.1.k    To Deposit And Withdraw Funds

To deposit funds in and withdraw funds from accounts of any kind, with any insurer, securities broker, bank, trust company, credit union or other financial institution, including a Trustee.

81294-00002/1915393.5

**EXHIBIT A, PAGE 66**

**029-063**

8.1.l       **To Distribute Assets**

To allocate or distribute trust assets, in cash or in kind or partly in each, including undivided interests, pro rata or non-pro rata, and for this purpose to sell trust assets. In making any allocation or distribution, the Trustee shall consider the income tax bases of such assets. Unless otherwise required by the Code and Regulatory Authority, the Trustee shall value an asset distributed in kind at its value on the date of distribution. Whenever the distribution of property constitutes the residual transfer of property after the satisfaction of a pecuniary amount, the pecuniary amount shall bear interest at the statutory rate of interest set forth in California Probate Code §12001, beginning from the date specified in California Probate Code §12003 and continuing until the date of distribution.

8.1.m       **To Commence, Defend And Compromise Actions**

To litigate, arbitrate, mediate and compromise claims and actions; and to commence, maintain or defend any claims or actions brought on behalf of or against the trust or any potential claims or actions on behalf of or against the trust.

8.1.n       **To Release Powers**

To release or restrict, by means of a written document, any power granted the Trustee. Unless otherwise specified by all of the Trustees then serving, any power released or restricted shall continue to exist and shall pass to and be held by all other Trustees.

8.1.o       **To Deal With Insurance**

To acquire insurance of any kind, including property, casualty or liability insurance, errors and omissions insurance and insurance on the life, health or income of any beneficiary, Trustee or other individual in whom the trust or any beneficiary of the trust has an insurable interest, by purchase, bequest, gift, exchange or in any other manner; to retain an insurance policy as a part of the trust; and to exercise all options, benefits, rights and privileges of an owner thereof, including the right to borrow against, to pledge and to cancel or otherwise terminate or dispose of the policy, to surrender the policy for its cash value, to name and change beneficiaries, to select and change settlement options and to receive any benefits thereunder. The Trustee may maintain, defend, compromise, arbitrate or settle any suit or claim with respect to such insurance. The Trustee shall not be liable for any acts or omissions of an insured in connection with any policy of insurance on the insured's life, health or income. Insurers shall have no obligation to inquire into the terms of this document or to see to the application of the proceeds of any policy, and may rely without liability on a receipt, release or other instrument executed by the Trustee.

- 53 -

**EXHIBIT A, PAGE 67**

**029-064**

8.2     **Segregation Of Separate Trusts**

The Trustee shall keep an account for each separate trust and may physically segregate the assets of the separate trusts administered under this document.

8.3     **Accounting**

Although the Trustee shall be under no obligation to render an annual accounting to any beneficiary of any trust administered under this document, (i) with respect to any revocable trust, any individual having the power to revoke the trust (but no other person or entity) shall be entitled to receive information concerning, or compel an accounting for, that trust and (ii) with respect to any irrevocable trust, any beneficiary thereof may obtain information concerning, or compel an accounting for, that trust as provided by California Probate Code §16060 et seq.  The Trustee's account may, at the Trustee's option, either be settled pursuant to the provisions of the California Probate Code or by providing the account to all Current Beneficiaries of the trust.  No guardian ad litem shall be required for any minor or unascertained Current Beneficiary of the trust.  Unless written objections are received by the Trustee within the time period specified in California Probate Code §16461, the account and all transactions set forth therein shall be deemed settled and approved.

8.4     **Other Property May Be Added**

Additional property may be added to any trust with the approval of its Trustee.

8.5     **Trust As Owner Of S Stock**

Other than a charitable remainder trust under Code §664(d), the Settlors intend that each trust administered under this document be permitted to own stock in an S Corporation pursuant to Code §1361(c)(2)(A), including as a Qualified Subchapter S Trust or as an Electing Small Business Trust.  If the trust does not by its terms qualify to own stock in an S Corporation pursuant to Code §1361(c)(2)(A), the Trustee shall have the power to determine whether the trust should be a Qualified Subchapter S Trust or an Electing Small Business Trust and to take appropriate action under Paragraph 6.17.

8.6     **Environmental Hazards And Compliance With Environmental Laws**

8.6.a   **Authorization To Inspect Property Prior To Accepting Property Or Consenting To Serve As Trustee**

(i)     Prior to accepting assets as part of any trust, the Trustee thereof may take or cause to be taken the actions set forth in subparagraphs (A) and (B) below at the expense of the trust.  Similarly, prior to consenting to serve as a Trustee of any trust, any

- 54 -

**EXHIBIT A, PAGE 68**

029-065

Replacement Trustee may take or cause to be taken the actions set forth in subparagraphs (A) and (B) below at the expense of the trust.

        (A)    To enter and inspect any existing or proposed asset of the trust (or of any corporation, partnership, limited liability company or other business venture in which the trust holds an interest) for the purpose of determining the existence, location, nature and magnitude of any past or present release or threatened release of any Hazardous Substance; and

        (B)    To review records of the currently serving Trustee or of a Settlor (or of any corporation, partnership, limited liability company or other business venture in which the trust or a Settlor holds an interest) for the purpose of determining compliance with any federal, state or local Environmental Laws including those records relating to permits, licenses, notices, reporting requirements and governmental monitoring of any Hazardous Substance.

        (ii)    The right of the Trustee or Replacement Trustee to enter and inspect assets and records of a corporation, partnership, limited liability company or other business venture under subparagraph (i) above shall be treated as equivalent to the right under state law of a shareholder, partner or member to inspect assets and records under similar circumstances.

        (iii)    Acts performed under this Paragraph 8.6.a. shall constitute neither acceptance of the asset in question by the Trustee nor consent to serve as a Trustee by a Replacement Trustee.

        (iv)    If, upon any review of the trust's existing or proposed assets under this Paragraph 8.6.a., the Trustee discovers or has reason to believe that an asset of the trust is or may be contaminated with a Hazardous Substance or is otherwise not in compliance with any Environmental Law, the Trustee may refuse to accept the transfer of any asset proposed to be transferred to the Trustee.  Similarly, the Replacement Trustee may decline to serve as Trustee solely with respect to such asset while consenting to serve with respect to all other assets of the trust.  If there is no person willing to serve as a Trustee with respect to any asset in, or proposed to be transferred to, the trust, the court having jurisdiction over the trust shall appoint a receiver or Special Trustee to hold and manage the rejected asset, pending its final disposition.

- 55 -

**EXHIBIT A, PAGE 69**

**029-066**

8.6.b        **Trustee's Powers Relating To Environmental Laws**

The Settlors intend that the Trustee have the widest possible discretion in identifying and responding to problems associated with the potential or actual environmental liability of the trust or the Trustee, in order to protect the interests of the trust, the Trustee and the beneficiaries of the trust.  The Trustee may, on behalf of the trust, take any action considered appropriate to prevent, abate, avoid or otherwise remedy any actual or threatened violation of any Environmental Law or any condition that may give rise to liability under any Environmental Law relating to any asset which is or has been held as part of the trust, including performing investigations and audits and taking any actions required by any Environmental Law.  If the trust holds one or more assets, either directly or through any corporation, partnership, limited liability company or other business venture, the nature, condition or operation of which is likely to give rise to liability under, or is an actual or threatened violation of, any Environmental Law, the Independent Trustee may take one or more of the following actions:

(i)        Modify the trust by granting the Trustee such additional powers as are required to protect the trust and its beneficiaries from liability or damage relating to the actual or threatened violation of any Environmental Law;

(ii)       Divide the trust as provided in Paragraph 6.8.;

(iii)      Designate a Special Trustee as provided in Paragraph 7.3. to administer any such assets or business interests which fail to comply with or may give rise to liability under any Environmental Law;

(iv)      Abandon such assets or business interests; or

(v)       With court approval, terminate the trust or partially or totally distribute its assets to its beneficiaries.

8.6.c        **Indemnification Of Trustee For Environmental Expenses**

The Trustee shall be entitled to be indemnified from the trust for any Environmental Expenses, including Environmental Expenses relating to: (i) any real property or business enterprise which is or has at any time been held or operated by the trust; and (ii) any real property or business enterprise which is or has at any time been held or operated by a corporation, partnership, limited liability company or other business venture in which the trust holds or has at any time held an equitable, beneficial or management interest.  Notwithstanding anything in this Paragraph 8.6.c. to the contrary, the foregoing right of indemnification shall not

- 56 -

**EXHIBIT A, PAGE 70**

**029-067**

apply to any Environmental Expenses which are a result of the Trustee's actions or omissions in bad faith, with gross negligence or with willful misconduct.

### 8.6.d   Indemnification Of Trustee For Environmental Expenses In Excess Of Trust Value

If the assets of the trust are insufficient, or there is insufficient liquidity in the trust to satisfy the obligation of indemnification for Environmental Expenses under Paragraph 8.6.c., the Trustee shall notify the beneficiaries of the trust, in writing. Each of the trust beneficiaries shall, within thirty (30) days following the delivery of the notice, indemnify the Trustee for such Environmental Expenses. Any indemnification under this Paragraph 8.6.d. shall be in a form acceptable to the Trustee.

### 8.6.e   Exoneration Of Trustee For Actions Or Omissions Relating To Any Environmental Law

The Trustee shall not be liable to any beneficiary or to any third party for any action or omission relating to any Environmental Law or for the payment of any Environmental Expenses unless resulting from bad faith, gross negligence or willful misconduct.

### 8.7   Administration Of Creative Property

The Trustee may take the following actions with respect to any Creative Property included in any trust:

### 8.7.a   Exploit Creative Property

To exploit any Creative Property, including any Creative Property which is unfinished or unpublished at the time of the death of the Settlor who created or holds the rights to the Creative Property; and to arrange for the writing, publication, promotion, copyrighting and licensing of Creative Property, or of a biography of a Settlor.

### 8.7.b   Proceeds From Creative Property

To provide for the processing, management, investigation and collection from any source of any sums due to the trust from Creative Property, or rights therein, specifically including (i) residuals due to the trust, (ii) the share or percentage of net profits from musical compositions, plays, films, television programs, online programs, games or other Creative Property, and (iii) royalties, residuals, licensing fees and other proceeds under contract for the publication, performance or other exploitation of Creative Property; and to employ and reasonably compensate one or more auditors to track and audit the sums due to the trust from Creative Property, or rights therein.

- 57 -

**EXHIBIT A, PAGE 71**

**029-068**

8.7.c       **Copyright**

With respect to copyrights on Creative Property held as a part of the trust: to protect the trust's ownership interest in such copyrights, to maintain exclusivity and unified control over such copyrights and to avoid the fractionalization of any such copyrights that could impair the value of, or income generated by, such copyrights; to register, secure, extend and renew any such copyrights; to take any and all legal action to prevent or redress the infringement of any such copyrights; and to grant licenses and other contractual rights for the publication, performance or other exploitation of Creative Property.

## ARTICLE 9
## PAYMENT OF ESTATE AND GENERATION-SKIPPING TRANSFER TAXES

9.1       **Deceased Settlor's Estate Taxes**

Unless specifically provided to the contrary in another provision of this document, all Estate Taxes occasioned by the death of the Deceased Settlor (the "Decedent's Taxes") shall be paid by, charged against and recovered from the persons (including trusts) receiving taxable benefits from property includible in the Deceased Settlor's Gross Estate in accordance with the principles of California Probate Code §20110 and related sections, after giving effect to Code §2207A.  Notwithstanding the foregoing:

9.1.a       **Attributable To Specific Gifts**

The specific gift of the Deceased Settlor's Tangible Personal Property under Paragraph 3.2.a. shall not bear any of the Decedent's Taxes.  All Decedent's Taxes attributable to such gift shall be charged against and paid from the property passing to the Credit Trust under Paragraph 3.2.b.

9.1.b       **Attributable To Partial QTIP Election**

If the Deceased Settlor's Executor does not make a QTIP Election for the entire Marital Trust, each person (including a trust) receiving taxable benefits from the Deceased Settlor's Gross Estate shall be responsible for paying only that portion of the Decedent's Taxes which such person would have been responsible for paying if the Deceased Settlor's Executor had made a QTIP Election for the entire Marital Trust, and any remaining Decedent's Taxes shall be paid from the Non-QTIP Marital Trust.

9.1.c       **Attributable To Divided Trust**

If any trust to which a portion of the Decedent's Taxes are apportioned has been divided into an Exempt Trust and a Non-Exempt Trust, all Decedent's Taxes attributable to such trust shall be paid out of and charged against the Non-Exempt Trust

- 58 -

**EXHIBIT A, PAGE 72**

and, to the extent the Non-Exempt Trust is insufficient, then from the Exempt Trust; provided, however, that charging and paying the Decedent's Taxes in this manner does not increase the Inclusion Ratio of the Exempt Trust.

### 9.1.d   Modification By Deceased Settlor

The Deceased Settlor may alter the allocation of the Decedent's Taxes with respect to any trust over which the Deceased Settlor has a general power of appointment.

### 9.2   Surviving Settlor's Estate Taxes

Unless specifically provided to the contrary in another provision of this document, all Estate Taxes occasioned by the death of the Surviving Settlor (the "Survivor's Taxes") shall be paid by, charged against and recovered from the persons (including trusts) receiving taxable benefits from property includible in the Surviving Settlor's Gross Estate in accordance with the principles of California Probate Code §20110 and related sections, after giving effect to Code §2207A. Notwithstanding the foregoing:

### 9.2.a   Attributable To Specific And Pecuniary Gifts

The specific gifts under subparagraph (i) of Paragraph 5.1.a. shall not bear any of the Survivor's Taxes. All Survivor's Taxes attributable to such gifts shall be charged against and paid from the remainder of the residue of the Administrative Survivor's Trust passing under subparagraph (ii) of Paragraph 5.1.a. Similarly, the pecuniary gifts under Paragraph 5.4.a. shall not bear any of the Survivor's Taxes. All Survivor's Taxes attributable to such gifts shall be charged against and paid from the residue of the Distribution Trust passing under Paragraph 5.4.b.

### 9.2.b   Attributable To Divided Trust

If any trust to which a portion of the Survivor's Taxes are apportioned has been divided into an Exempt Trust and a Non-Exempt Trust, all Survivor's Taxes attributable to such trust shall be paid out of and charged against the Non-Exempt Trust and, to the extent the Non-Exempt Trust is insufficient, then from the Exempt Trust; provided, however, that charging and paying the Survivor's Taxes in this manner does not increase the Inclusion Ratio of the Exempt Trust.

### 9.2.c   Modification By Surviving Settlor

The Surviving Settlor may alter the allocation of the Survivor's Taxes with respect to any trust over which the Surviving Settlor has a general power of appointment.

- 59 -

**EXHIBIT A, PAGE 73**

**029-070**

9.3     **Estate Taxes Attributable To General Power Of Appointment**

Except as provided with respect to the Decedent's Taxes and Survivor's Taxes, all Estate Taxes attributable to property subject to a General Power of Appointment granted under this document shall be charged against such property, unless either (i) there is an express provision otherwise in this document or (ii) the donee of such General Power of Appointment, by specific reference to the power, directs otherwise.

9.4     **Generation-Skipping Transfer Taxes**

All generation-skipping transfer taxes attributable to a direct skip, taxable distribution or taxable termination shall be paid by the Trustee out of and charged against the property constituting the transfer as provided in Code §2603.

9.5     **Reserves**

The Trustee may establish such reserves and make such charges as the Trustee considers appropriate for the payment of all taxes described in this Article 9.

## ARTICLE 10
## DEFINITIONS

Except as specifically provided to the contrary in this document, the terms set forth below shall have the following meanings:

10.1     **Annual Appointable Amount**

"Annual Appointable Amount" means the sum of One Hundred Thousand Dollars ($100,000), adjusted as provided in Paragraph 6.12.

10.2     **Annual Distributable Amount**

"Annual Distributable Amount" means the sum of One Million Dollars ($1,000,000), adjusted as provided in Paragraph 6.12.

10.3     **Available GST Exemption**

"Available GST Exemption" means the amount of a Settlor's GST Exemption at the Settlor's death reduced by the amount of the Settlor's GST Exemption allocated (i) by the Settlor, (ii) by virtue of a deemed allocation and (iii) after the Settlor's death by the Trustee who is both an Independent Person and a Neutral Person.

10.4     **Beneficiary**

A "beneficiary" means a Current Beneficiary or a person who may later become a Current Beneficiary, but only includes a permissible appointee under a power of

- 60 -

**EXHIBIT A, PAGE 74**

**029-071**

appointment if (i) the power has been exercised in favor of the appointee as provided in Paragraph 6.13.a. and (ii) the Will or written direction exercising the power has been delivered to the Trustee.

10.5     **Charity**
A "Charity" means an entity described in Code §§170(c), 2055(a) or 2522(a).

10.6     **Child**
A "child" means an individual meeting the requirements of California Probate Code §§26 and 6450 et seq.; provided, however, that (i) a child conceived before the natural parent's death but born thereafter shall be considered a child of that natural parent and (ii) an adopted individual shall be only considered a child if legally adopted before attaining majority.

10.7     **Code**
"Code" means the Internal Revenue Code of 1986.

10.8     **Community Trust**
The "Community Trust" means all community property transferred to the Trustee and the proceeds therefrom.

10.9     **Contest**
"Contest" means filing a petition, complaint, cross-complaint, objection, answer, response or claim in a court of law in connection with any one or more of the following actions at any time following the date of this document: (i) challenging the validity of any Protected Instrument on the grounds specified in California Probate Code §21310(b) without probable cause for such challenge; (ii) seeking to obtain an adjudication that any part of any Protected Instrument is void, or seeking otherwise to void, nullify or set aside any part of any Protected Instrument on the grounds specified in California Probate Code §21310(b) without probable cause; (iii) filing a suit based on a claim against either Settlor's estate or any trust established under a Protected Instrument following the good faith rejection of that claim (or deemed rejection under applicable California Probate Code sections) by the Executor of the Will of either Settlor or the Trustee of any such trust; or (iv) challenging the transfer of property on the grounds that it was not the transferor's property at the time of the transfer, including a challenge to the characterization of such property as separate property, community property, community property with right of survivorship, quasi-community property or joint tenancy, but excluding such a challenge by either Settlor.

- 61 -

**EXHIBIT A, PAGE 75**

029-072

10.10    **Creative Property**

"Creative Property" means (i) all literary, musical, dramatic, theatrical, choreographic, pantomime, pictorial, artistic, photographic, graphic, sculptural, aural, audiovisual, architectural, film, broadcast or other works of any nature; (ii) all rights of paternity, integrity, attribution, disclosure, renewal or withdrawal in such works; (iii) all copyrights, trademarks, service marks, trade names, trade dress, domain names or other elements of a work or individual's persona which are or can function as a mark, specifically including all uses of a Settlor's name and the names of any other works produced or created by a Settlor; (iv) all rights of privacy and publicity in the name, voice, likeness, image, signature or other direct or indirect indicia of the identity of a Settlor; (v) all confidential, proprietary or other valuable information; (vi) all ideas, concepts, formats, premises and other rights or interests described herein, fixed or unfixed, in any medium of expression now known or hereafter developed, which have been, are now or may in the future be found protectable under the laws of any state, the United States, or any other country; (vii) all merchandising, subsidiary and ancillary rights, royalties, residuals, claims, causes of action and proceeds which arise out of or in any way connected with any of the property described in this Paragraph 10.10. throughout the world, and/or any contracts therefor; and any interest in any entities which have an ownership interest in or control in any of the above.

10.11    **Current Beneficiary**

A "Current Beneficiary" of a trust means a person who may, at the time the determination is made, receive mandatory or discretionary distributions of income or principal from the trust.

10.12    **Deceased Settlor**

"Deceased Settlor" means the first to die of the Husband and the Wife.  If there is insufficient evidence that one Settlor died before the other Settlor, it shall be conclusively presumed that the Settlor with the larger Gross Estate is the Deceased Settlor, but if the Settlors' Gross Estates are identical in value, it shall be conclusively presumed that the Husband is the Deceased Settlor.  The value of the Gross Estate of each Settlor shall be determined as of the date of death of the Settlors without regard to any transfers from one Settlor to the other at death.

10.13    **Deferrable Benefit**

"Deferrable Benefit" means an interest in any of the following types of assets owned by any trust established by this document or payable to any such trust as beneficiary: qualified and nonqualified annuities; benefits under qualified and nonqualified plans of deferred

- 62 -

**EXHIBIT A, PAGE 76**

**029-073**

compensation; accounts in and benefits under any pension, profit-sharing, stock bonus and other qualified retirement plans; individual retirement accounts and trusts; all benefits under plans and arrangements established under Code §§408, 408A, 457, 403 and 401; and similar retirement plans that (i) is subject to the minimum distribution rules of Code §401(a)(9) and applicable Regulatory Authority and (ii) permits a trust named as beneficiary to take distributions therefrom in annual installments over the life expectancy of the trust's oldest beneficiary.

### 10.14    Descendant

"Descendant" means a grandchild or more remote issue of the Settlors.

### 10.15    Distribute

"Distribute" and derivations thereof mean the transfer of assets or the making of payments to or for the benefit of a Current Beneficiary.

### 10.16    Education

"Education" means elementary and secondary schooling, vocational training, college and postgraduate study, whether at a public or private institution, and supplemental education programs and athletic, recreational, artistic and enrichment activities, whether as part of or in addition to the regular school curriculum.  Distributions for education shall include tuition, books, supplies, tutors, travel and related living expenses.

### 10.17    Environmental Expenses

"Environmental Expenses" means liabilities, losses, damages, penalties, costs, expenses, taxes or assessments incurred, arising out of or relating to the actual or threatened violation of any Environmental Law, including: (i) costs of investigation, removal, remediation, response or other cleanup or abatement costs of contamination by Hazardous Substances, as defined under any Environmental Law; (ii) legal fees and costs arising from any investigative proceeding, administrative proceeding or judicial proceeding, including any court proceeding, mediation or arbitration, relating to any Environmental Law; (iii) civil or criminal fees, fines, penalties or damages, including punitive damages, levied with respect to the violation of any Environmental Law; and (iv) fees and costs payable to environmental consultants, engineers or other experts, including legal counsel, relating to the identification, avoidance or prevention of, or in any other manner related to, the violation of any Environmental Law.

### 10.18    Environmental Law

"Environmental Law" means any applicable past, present and future statute, regulation, rule, ordinance, code, license, permit, order, guideline, policy, approval, plan, authorization, concession, franchise or similar item of any governmental agency, department,

- 63 -

**EXHIBIT A, PAGE 77**

**029-074**

commission, board, bureau or instrumentality of the United States, any state or political subdivision thereof or any applicable judicial, administrative or regulatory decree, judgment or order relating to any assets and the protection of human health or the environment, including: (i) any requirement, including one pertaining to reporting, licensing, permitting, investigation and remediation of emissions, discharges, releases or threatened releases of Hazardous Substances, chemical substances, pollutants or contaminants, materials or wastes, whether solid, liquid or gaseous in nature, into the air, surface water, groundwater or land or relating to the manufacture, processing, distribution, use, treatment, storage, disposal, transport or handling of Hazardous Substances, chemical substances, pollutants or contaminants, materials or wastes, whether solid, liquid or gaseous in nature; and (ii) any requirement pertaining to the protection of the health and safety of employees or the public.

      10.19    **Estate Taxes**

"Estate Taxes" means estate, inheritance and similar death taxes (but not generation-skipping transfer taxes).

      10.20    **Executor**

"Executor" means the executor or administrator of a Settlor's estate qualified and serving within the United States or, if none, the Trustee under this document.

      10.21    **Exempt Trust**

"Exempt Trust" means a trust which has an Inclusion Ratio of zero for purposes of the generation-skipping transfer tax.

      10.22    **GST QTIP Election**

A "GST QTIP Election" means an election under Code §2652(a)(3) to treat all of the property of a QTIP Trust as if, for purposes of the generation-skipping transfer tax, the QTIP Election had not been made.

      10.23    **Hazardous Substance**

"Hazardous Substance" means (i) any petroleum or petroleum by-product or (ii) any hazardous, toxic or dangerous waste, substance or material, as defined for purposes of (A) the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as the same has been or may hereafter be amended, or (B) any other federal, state or local law, ordinance or rule, regulation or order now or hereafter applicable to or affecting real property, as defined in the California Probate Code, and establishing liability, standards or required action as to discharge, spillage, handling, storage, uncontrolled loss, seepage, filtration, disposal,

- 64 -

**EXHIBIT A, PAGE 78**

**029-075**

remediation, removal, transportation, use or existence of a waste, substance or material hazardous, toxic, radioactive or dangerous to the public health, safety or the environment.

10.24    **Incapacity**

"Incapacity" and derivations thereof mean incapable of managing an individual's affairs under the criteria set forth in California Probate Code §810 et seq. An individual shall be deemed to be incapacitated if any of the following conditions exist: (a) the individual's regular attending physician (provided such physician is not related by blood or marriage to any Trustee or beneficiary) examines the individual and certifies in writing that the individual is incapacitated, (b) two licensed physicians who, as a regular part of their practice are called upon to determine the capacity of others, and neither of whom is related by blood or marriage to any Trustee or beneficiary, examine the individual and certify in writing that the individual is incapacitated or (c) an order of the court having jurisdiction over the trust as to which the individual is serving as a Trustee or as to which the individual is a beneficiary, as the case may be, finds that the individual is incapacitated. The expenses of any examination or court proceeding to determine if an individual is incapacitated shall be paid (i) if the individual is a Settlor, from all trusts established under this document revocable by him or her, and (ii) if the individual is a Current Beneficiary other than a Settlor, from all trusts established under this document with respect to which he or she is a Current Beneficiary and (iii) if the individual is a Trustee but not a Current Beneficiary under this document, from all trusts administered under this document as to which the individual is serving as a Trustee, in each case in proportion to the relative values of the trusts from which payment is to be made.

10.25    **Including**

"Including" means "including, but not limited to."

10.26    **Independent Person**

"Independent Person" means a person who is neither (i) a beneficiary of the trust, (ii) a person who has transferred or joined in the transfer of property to the trust, nor (iii) a Related or Subordinate Party to any person described in the preceding clauses (i) or (ii).

10.27    **Independent Trustee**

"Independent Trustee" means all Independent Persons serving as Trustee.

10.28    **Issue**

"Issue" of any individual means the individual's lineal descendants of all generations (i.e., the individual's children, grandchildren, great-grandchildren and so on).

81294-00002/1915393.5

**EXHIBIT A, PAGE 79**

**029-076**

10.29      **Majority Beneficiaries**

"Majority Beneficiaries" of any trust means those Current Beneficiaries who in the aggregate hold a greater than fifty percent (50%) interest in the trust.  For this purpose, each Current Beneficiary shall have an interest in the trust equal to the sum of (i) the percentage of the trust's income that the Current Beneficiary is entitled to receive and (ii) a fraction of the percentage of the trust income that may be distributed to the Current Beneficiary in the discretion of the Trustee.  The numerator of the fraction shall be one, and the denominator of the fraction shall be the total number of Current Beneficiaries of the trust to whom income may be distributed in the discretion of the Trustee.  In determining the Majority Beneficiaries of any trust, each Current Beneficiary whose interest in the trust is expressly subordinate to the interests of any one or more other Current Beneficiaries shall be treated as having no interest in the trust. If the beneficiaries of a trust are successor trusts, the Current Beneficiaries of the successor trusts shall be considered the beneficiaries of the predecessor trust taking into account each successor trust's share of the predecessor trust and the terms of the successor trusts.

10.30      **May**

"May" means that an action is discretionary.

10.31      **Neutral Person**

"Neutral Person" means a person meeting the criteria defined in Paragraph 6.5.

10.32      **Non-Exempt Trust**

"Non-Exempt Trust" means a trust which has an Inclusion Ratio of greater than zero for purposes of the generation-skipping transfer tax.

10.33      **Person**

"Person" means an individual, corporation, government or governmental subdivision or agency, estate, trust, business trust, Charity, partnership, limited liability company, association or other entity.

10.34      **Primary Trust**

"Primary Trust" means any trust for one or more Current Beneficiaries that has been divided into two or more trusts for the same Current Beneficiaries, whether the division is required under the terms of this document or is made in the Trustee's discretion.

81294-00002/1915393.5

**EXHIBIT A, PAGE 80**

029-077

10.35     **Protected Instrument**

"Protected Instrument" means all of the following instruments which are in existence at the time of execution of this document: (i) the Wills and Codicils of either Settlor; (ii) every document by which either Settlor has established or intends to establish a trust, whether revocable or irrevocable, including this document, and any amendment to or modification of any such document; (iii) every document by which a person other than a Settlor has established a trust as to which either Settlor has contributed property, whether during lifetime or at death, (iv) every document by which a Settlor has exercised a power of appointment; (v) every document by which either Settlor has designated a beneficiary, including with respect to life insurance, annuities, qualified plans and other retirement arrangements and "pay on death," Totten trust and qualified tuition program accounts; (vi) every document by which either Settlor has entered into a contractual arrangement to make a Will or trust pursuant to California Probate Code §21700; and (vii) every document which effects the disposition of an asset either includible in a Settlor's Gross Estate or held by an irrevocable trust as to which either Settlor has contributed property, including options to purchase or sell, puts and calls, guarantees and shareholder, partnership or membership agreements.

10.36     **QTIP Election**

"QTIP Election" means an election under Code §2056(b)(7) to treat property distributed to a trust as qualified terminable interest property.

10.37     **Recommend**

"Recommend" means suggested but not required.

10.38     **Regulatory Authority**

"Regulatory Authority" with respect to any Code section means Treasury Regulations (proposed, temporary or final), Revenue Rulings, Revenue Procedures, Notices and other administrative pronouncements by the Internal Revenue Service, whether now in effect or subsequently issued, promulgated under or with respect to such Code section.

10.39     **Replacement Trustee**

"Replacement Trustee" means the first person named as a successor Trustee pursuant to Paragraph 7.2. or designated as a successor Trustee pursuant to Paragraph 7.3. who satisfies the required criteria, if any.

10.40     **Residence**

"Residence" means an interest in improved real property which is held by a trust administered under this document and which is being used by one or more of the

- 67 -

**EXHIBIT A, PAGE 81**

**029-078**

beneficiaries of the trust as a primary or secondary residence, rather than being held primarily for use in a trade or business or for the production of income.

10.41     **Right Of Representation**

"Right of representation" means the division of property into shares for an individual's issue as follows: One equal share for each then living child of the individual, and one equal share for each deceased child of the individual who has issue then living. The share for each deceased child who has issue then living shall be further divided among such issue as provided in the preceding sentence.

10.42     **Separate Trust**

A Settlor's "Separate Trust" means all separate property transferred to the Trustee by the Settlor and the proceeds therefrom.

10.43     **Shall**

"Shall" means that an action is mandatory.

10.44     **Spouse**

"Spouse" means an individual's (i) lawfully married husband or wife or (ii) a participant in a civil union, a registered domestic partner or the legal equivalent of either ("Partner"), but only if he or she is living with the individual as husband, wife or Partner (disregarding temporary absences due to vacation, business or employment, illness or emergency) and no action for separation, separate maintenance, dissolution of marriage or similar proceeding is then pending. "Spouse" also includes a widow, widower or surviving Partner who was living with the individual as husband, wife or Partner (disregarding temporary absences due to vacation, business or employment, illness or emergency) when the individual died, provided that no action for separation, separate maintenance, dissolution of marriage or similar proceeding was then pending; a widow, widower or surviving Partner shall continue to be considered a "spouse" even if he or she later remarries or enters into a subsequent domestic partnership or legal equivalent.

10.45     **Substance Abuse**

"Substance Abuse" means (i) routine or frequent use or consumption of any illegal drug or illegal chemical substance or (ii) clinical dependence upon alcohol or any other legal drug or chemical substance that has not been prescribed by a board certified medical doctor in a current program of treatment supervised by a medical doctor or psychologist.

- 68 -

**EXHIBIT A, PAGE 82**

**029-079**

10.46    **Surviving Settlor**

"Surviving Settlor" means the Settlor who is not the Deceased Settlor.

10.47    **Tangible Personal Property**

"Tangible Personal Property" means automobiles, jewelry, clothing, household furniture, furnishings, equipment and appliances, silverware, china, crystal, wine, antiques, paintings, sculptures and other works of art, collections, personal effects, books and other tangible articles of a personal nature, held for personal use and enjoyment and not held primarily for use in a trade or business or for the production of income, together with any insurance thereon. "Tangible Personal Property" shall not include any antique, painting, sculpture, other work of art or collection (such as of coins, wine, antiques, paintings, sculptures or other works of art) having a value (or an aggregate value in the case of any collection) of more than Twenty Five Thousand Dollars ($25,000).

10.48    **Tax Terminology**

Unless otherwise specifically defined herein, the following terms shall have the meanings set forth or determined in accordance with the Code and Regulatory Authority: "Adjusted Gross Estate," "Adjusted Taxable Gifts," "Direct Skip," "Donor Advised Funds," "General Power of Appointment," "Gross Estate," "GST Exemption," "Inclusion Ratio," "Income in Respect of a Decedent," "Maximum Federal Estate Tax Rate," "Non-Skip Person," "Related or Subordinate Party," " S Corporation," "Skip Person," "Sponsoring Organization," "Taxable Estate" and "Tentative Tax."

10.49    **Value**

"Value" means fair market value as defined in Treasury Regulation §20.2031-1(b).

**ARTICLE 11**
**NO CONTEST CLAUSE**

11.1    **Disinheritance Of A Person Contesting**

If any person takes any action constituting a Contest (without regard to whether such action is later withdrawn or repudiated by the person), then from and after the date the person takes such action, the person shall cease to be a beneficiary under this document and shall no longer qualify to serve as a fiduciary with respect to any trust administered under this document, and, if the person is an individual, all provisions hereof shall be carried out as if the individual had then died without surviving issue.

- 69 -

**EXHIBIT A, PAGE 83**

**029-080**

11.2     **Defense Against Challenge To Protected Instruments**

The Trustee is authorized to defend against, or fund the defense against, any challenge to any Protected Instrument. If the challenge is by a beneficiary under this document, the expense of defending against the challenge shall be paid from any gift to the beneficiary or trust for the benefit of the beneficiary under this document. If the challenge is not by a beneficiary under this document, the expense of defending against the challenge shall be paid from any gift or trust under this document the Trustee considers appropriate; provided, however, that the Trustee may not make any such payment from a trust intended to qualify under a particular section of the Code if such payment would impair the ability of the trust to qualify under that section.

11.3     **Disclaimers**

Nothing in this Article 11 shall be construed as preventing any person from renouncing or disclaiming any part of any gift to such person under this document or any interest therein.

## ARTICLE 12
## MISCELLANEOUS PROVISIONS

12.1     **Exercise Of Powers**

All rights and powers granted under this document to any individual, other than powers exercisable by the individual in a fiduciary capacity, may also be exercised by (i) the individual's attorney-in-fact acting under a power of attorney, to the extent authorized by the power of attorney, or (ii) the conservator or guardian of the individual's estate, to the extent authorized by governing law or the court that appointed the conservator or guardian.

12.2     **Delivery**

Whenever a notice, demand or other communication is required to be "delivered" under this document, the communication shall be in writing and shall be served in one of the following manners: (i) personally, in which case service shall be conclusively deemed made on the date of service; (ii) by a national courier service guaranteeing next business day delivery, in which case service shall be conclusively deemed made one (1) business day after the communication is delivered to the courier service; (iii) by facsimile with a confirmation of receipt, in which case service shall be conclusively deemed made one (1) business day after the date on the facsimile confirmation; (iv) by electronic mail, in which case service shall be conclusively deemed made one (1) business day after the date of the electronic mail; or (v) by registered or certified mail, return receipt requested, first-class postage prepaid, in which case

- 70 -

**EXHIBIT A, PAGE 84**

**029-081**

service shall be conclusively deemed made on the earlier of (A) the delivery date recorded on the return receipt by the U.S. Postal Service and (B) four (4) business days after mailing.

12.3     **Governing Law**

The validity and construction of the trusts administered under this document (including a trust established by the exercise of any power of appointment granted under this document) shall be governed by the internal law (and not the law of conflicts) of the State of California; provided, however, that all matters pertaining to real property held as part of any trust shall be governed by the laws of the situs of the real property, including such state's conflict of law principles.  Real property held as part of any trust shall continue to be real property and shall not be deemed to have been converted into personal property.  This Paragraph 12.3. shall apply without regard to any change of residence of any Trustee or any beneficiary, or the appointment of a Trustee residing in another state.  The Trustee of any trust administered under this document may, however, with the consent of the Majority Beneficiaries of the trust, change the situs of the trust and elect to have the validity and construction of the provisions of this document applying to the trust be governed by the laws of another state.

12.4     **Captions**

The use of captions for Articles, Paragraphs and subparagraphs of this document are for convenience only and are not to be considered in the construction or interpretation of the trusts administered under this document.

12.5     **Partial Invalidity**

If any provision of this document is unenforceable, the remaining provisions shall, nevertheless, be carried into effect.

12.6     **Gender And Number**

The masculine, feminine or neuter and the singular and plural shall include the others as appropriate.

12.7     **Successor Statutory Provisions**

Unless otherwise specified to the contrary, reference to a particular section of any code, statute or regulation includes any successor thereto and amendment thereof.

81294-00002/1915393.5

**EXHIBIT A, PAGE 85**

**029-082**

12.8 **Counterparts**

This document may be executed in one or more counterparts, each of which shall be deemed an original part and all of which, when taken together, shall constitute a single instrument.

Executed on _12-18-13_ .

DONALD T. STERLING, SETTLOR          ROCHELLE H. STERLING, SETTLOR

## ACCEPTANCE BY TRUSTEE

The undersigned hereby accept the office of Trustee and agree to serve in accordance with the terms and conditions of service as set forth in this document, specifically including those terms and conditions of service imposed pursuant to Paragraph 7.5.c.

Executed on _12-18-13_ .

DONALD T. STERLING, TRUSTEE          ROCHELLE H. STERLING, TRUSTEE

81294-00002/1915393 5                                    **EXHIBIT A, PAGE 86**

**029-083**

STATE OF CALIFORNIA          )

                                   )

COUNTY OF Los Angeles     )

On December 18, 2013, before me, A. Shing, Notary Public,
(here insert name and title of officer)
personally appeared **DONALD T. STERLING**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify UNDER PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

A. SHING
Commission # 1946346
Notary Public - California
Los Angeles County
My Comm. Expires Jul 31, 2015

STATE OF CALIFORNIA          )

                                   )

COUNTY OF Los Angeles     )

On December 18, 2013, before me, A. Shing, Notary Public,
(here insert name and title of officer)
personally appeared **ROCHELLE H. STERLING**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify UNDER PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

A. SHING
Commission # 1946346
Notary Public - California
Los Angeles County
My Comm. Expires Jul 31, 2015

- 73 -

**EXHIBIT A, PAGE 87**

**029-084**