# EXHIBIT H

90015
AU029

**SAMINI SCHEINBERG, PC**
Bobby Samini, Esq. (SBN 181796)
bsamini@saminilaw.com
Michael Michaels, Esq. (SBN 97288)
Matthew M. Hoesly, Esq. (SBN 289593)
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Telephone: (949) 724-0900

**BLECHER COLLINS PEPPERMAN & JOYE, P.C.**
Maxwell M. Blecher, Esq. (SBN 26202)
mblecher@blechercollins.com
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071
Telephone: (949) 724-0900

Attorneys for Plaintiff,
DONALD T. STERLING

D14 Terry Green

**FILED**
Superior Court Of California
County Of Los Angeles

JUL 22 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
        Amber Bayes

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

DONALD T. STERLING, an individual;

        Plaintiff,

vs.

ROCHELLE H. STERLING, an individual;
LAC BASKETBALL CLUB, INC., a
California corporation; ADAM SILVER, an
individual; NATIONAL BASKETBALL
ASSOCIATION; a New York professional
association, and DOES 1 through 50,

        Defendants.

CASE NO.:  **BC552470**

**COMPLAINT FOR DAMAGES**

1. **Violation of Section 25401 of the California Corporations Code**
2. **Unfair Business Practices in Violation of Section 17200 of the California Business and Professions Code**
3. **Breach of Contract**
4. **Breach of Fiduciary Duty**
5. **Breach of the Implied Covenant of Good Faith and Fair Dealing**
6. **Fraud**
7. **Negligent Misrepresentation**
8. **Conversion**
9. **Intentional Infliction of Emotional Distress**
10. **Negligent Infliction of Emotional Distress**
11. **Injunction**
12. **Declaratory Relief**

**DEMAND FOR JURY TRIAL**

– 1 –

**DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.**

**EXHIBIT H, PAGE 445**

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

Plaintiff DONALD T. STERLING complains against Defendant(s), and each of them, as follows:

### GENERAL ALLEGATIONS

1. Plaintiff DONALD T. STERLING ("Plaintiff" or "Donald") is, and at all times herein mentioned was, a resident of Los Angeles County, State of California.

2. Defendant ROCHELLE H. STERLING ("Defendant" or Shelly") is, and at all times herein mentioned was, a resident of Los Angeles County, State of California.

3. Defendant NATIONAL BASKETBALL ASSOCIATION ("Defendants" or "NBA") is, and at all times herein mentioned was, a professional association of basketball teams with thirty franchised members. The principal place of business for the NBA is New York, New York, but the NBA transacts business in Los Angeles, California.

4. Defendant ADAM SILVER ("Defendants" or "Silver") is, and at all times herein mentioned was, a resident of the state of New York.

5. Defendant LAC BASKETBALL CLUB, INC. ("Defendants" or "LAC") is, and at all times herein mentioned was, a California corporation for the NBA basketball team known as the Los Angeles Clippers. The principal place of business for LAC is in Los Angeles, California.

6. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 through 50, and therefore sues Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and, based on such information and belief, claims each of the fictitiously named Defendants is responsible in some manner for the injuries to Plaintiff alleged herein. Plaintiff further alleges that his injuries were proximately caused by such Defendants, and each of them.

7. Plaintiff alleges that each of the Defendants was the agent, employee, director, officer, member, partner, joint venturer, owner, shareholder, principal, successor, or predecessor in interest of the remaining Defendants. In doing the things alleged below, each Defendant was acting within the course and scope of his or her agency, employment, directorship, capacity as an officer, member, partner, joint venturer, owner, shareholder, principal, successor, or predecessor in interest of the remaining Defendants. Plaintiff further alleges that the acts and conduct

DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.

**EXHIBIT H, PAGE 446**

1  attributed to each Defendant were approved, ratified, authorized, and known to the remaining
2  Defendants, and each of them.

3                **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4      8.  In 1981, Plaintiff purchased the Los Angeles Clippers Basketball team and subsequently
5  relocated the team from San Diego to Los Angeles.

6      9.  Plaintiff is the owner and sole shareholder of LAC Basketball Club, Inc., ("LAC") a
7  franchise and private corporation that manages and runs the Los Angeles Clippers.

8      10. In 1998, Plaintiff transferred the asset and security known as LAC into the Sterling
9  Family Trust (the "Trust") such that the accompanying shares were also placed in the Trust.
10  Plaintiff remained the sole shareholder of LAC as the shares were held in the name of "Donald
11  T. Sterling."

12      11. On December 18, 2013, Plaintiff executed the Restatement of the Trust at the behest of
13  his wife Shelly.  It is undisputed that attorneys with the firm of Greenberg Glusker helped
14  Defendant prepare the Restatement of the Trust in December 2013.

15      12.  On April 25, 2014, the tape of a private conversation between Donald Sterling and V.
16  Stiviano was leaked to TMZ.  Thereafter, TMZ initiated broadcasting of the illicit audiotape.

17      13.  On April 29, 2014, NBA Commissioner Adam Silver ("Silver") levied an unprecedented
18  fine of $2.5 million on Plaintiff, announced a lifetime NBA ban on Plaintiff, and further
19  announced a vote by the NBA board of governors to terminate Plaintiff's ownership of the
20  Clippers by June 3, 2014.

21      14.  On May 12, 2014, Defendant met with Silver to discuss the penalties levied against
22  Plaintiff as well as the state of the Clippers in the aftermath of the leaked tape.  Defendant and
23  Silver further discussed their options in terms of seeking to terminate Plaintiff's ownership
24  interest.

25      15.  On May 15, 2014, Defendant induced Plaintiff to undergo PET and CT scans at Cedars-
26  Sinai Medical Center. Defendant falsely represented that the scans were for "routine" purposes.
27  This representation was in fact false and made with the intention to deceive and defraud and
28  remove Plaintiff as co-trustee of the Trust.

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

– 3 –
**DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.**

**EXHIBIT H, PAGE 447**

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

16. On May 19, 2014, Defendant induced Plaintiff to undergo an examination by Dr. Meril Platzer. Again, Defendant falsely represented that the examination was for "routine" purposes and failed to disclose that she intended to fraudulently use the examination as a basis to remove Plaintiff as co-trustee of the Trust.

17. On May 22, 2014, Defendant induced Plaintiff to undergo an examination by Dr. James Edward Spar, at which time Defendant represented the examination was for "routine" purposes. Neither Defendant nor Spar explained the true purpose of the examination to Plaintiff. At the time Plaintiff underwent the scans and examinations by Drs. Platzer and Spar, Plaintiff was unaware of the falsity of Defendant's representations.

18. On May 27, 2014, Dr. Spar released his report finding that Plaintiff was incapacitated and incapable of running his affairs and serving as co-trustee of the Trust. Dr. Platzer waited to release her report until May 29, 2014—two days after Dr. Spar had released his report, even though her examination of Plaintiff occurred 3 days prior to Dr. Spar's examination. Dr. Platzer's report predictably found that Plaintiff was incapacitated and incapable of running his affairs and serving as co-trustee of the Trust.

19. On May 19, 2014, the NBA filed formal charges against Plaintiff. Plaintiff responded to the charges filed by the NBA on May 27, 2014.

20. On May 29, 2014, Defendant executed a Binding Term Sheet (BTS) with Ballmer for the sale of the Clippers for $2 billion, in spite of her actual knowledge that Plaintiff was the sole shareholder of LAC and that Plaintiff did not consent to the sale of the Clippers.

21. On May 30, 2014, Defendant executed an Irrevocable Proxy to the Commissioner of the National Basketball Association ("NBA"), appointing the Commissioner as "sole and exclusive true and lawful attorney and proxy . . . to vote or express consent or dissent . . . with respect to any matter whatsoever relating to the Clippers . . . including, without limitation, to approve a Transaction and any matters in connection therewith . . .." Moreover, on May 30, 2014, the NBA and Defendant entered into a settlement agreement, whereby Defendant agreed to indemnify the NBA against any suit brought by Plaintiff.

22. On May 30, 2014, Plaintiff sued the NBA in federal court for several causes of action,

© 7-22-2014

– 4 –

DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.

EXHIBIT H, PAGE 448

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

1  including: denial of constitutional rights, breach of contract, antitrust violations, conversion, and

2  breach of fiduciary duties.

3     23. On June 3, 2014, the NBA Board of Governors was set to meet to potentially vote to

4  terminate Plaintiff's ownership interest in the Los Angeles Clippers; the vote was tabled until

5  resolution of the probate court matter between Plaintiff and Defendant.

6     24. On June 5, 2014, Pierce O'Donnell with Greenberg Glusker wrote to Darren Schield (the

7  controller of the Beverly Hills Properties), Doug Walton (in-house counsel for Beverly Hills

8  Properties) and all employees of Beverly Hills Properties that all were no longer able to write

9  any checks and/or transfer any funds or other assets at the request of Plaintiff, or else they would

10  be subject to immediate termination by the Trust which Shelly purportedly ran as the sole trustee.

11     25. On June 9, 2014, Plaintiff revoked the Trust in its entirety, thereby reverting the shares

12  of LAC back to himself as the sole shareholder. On June 11, 2014, Defendant filed her Petition

13  in probate court seeking confirmation of her acts as sole trustee of the Trust and requesting an

14  order from the court to approve of her sale of the Clippers to Ballmer.

15     26. While the shares of the Trust that Plaintiff holds are considered community property

16  under California law, Plaintiff remains the sole shareholder as evidenced by the manner in which

17  the shares are held (i.e. by title in the name of "Donald T. Sterling"). As such, and under the

18  California Corporations Code, Defendant has no right to vote the shares of LAC because they are

19  expressly and solely held by Plaintiff. As sole shareholder of LAC, Plaintiff has the right to

20  dispose of, sell, or retain the interest in LAC as he sees fit, irrespective of Defendant's

21  community property interest.

22     27. No written demand has been made on LAC for corrective action on the purported

23  Irrevocable Proxy executed by Defendants on May 30, 2014. A demand on LAC for corrective

24  action would have been futile, as Defendants already attempted transfer of corporate ownership.

25  The corporation, LAC, will not adequately pursue the matter of an illegal Irrevocable Proxy.

26  Waiting any period of time for LAC to take corrective action will result in irreparable injury to

27  LAC. LAC should have rejected the purported Irrevocable Proxy from Shelly Sterling to the

28  Commissioner of the NBA, and questioned Shelly's authority to sign the proxy appointment on

DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.

**EXHIBIT H, PAGE 449**

1  behalf of Donald Sterling, the sole shareholder and beneficial owner of the corporation.

2  Defendants are blocking Plaintiff's access to corporate facilities and documents, in complete

3  derogation of Plaintiff's statutory rights of inspection under Corporations Code section 1601.

## FIRST CAUSE OF ACTION

### (Violation of Section 25401 of the California Business and Professions Code)

### (Against All Defendants)

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

29. Defendant, by engaging in the conduct described above, offered LAC for sale in the state of California by means of both written and oral communications, which included untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading. The NBA acted in concert with Defendant to effectuate the fraudulent sale.

30. As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiff has incurred damages, plus attorneys fees and costs, and additional amounts according to proof at the time of trial, including interest.

## SECOND CAUSE OF ACTION

### (Violation of Section 17200 of the California Corporations Code)

### (Against All Defendants)

31. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

32. On or about May 12, 2014, and continuing thereafter, Defendants as part of their business practices, fraudulently induced Plaintiff to undergo medical examinations and scans in order to deem him incapacitated to serve as a co-trustee of the Sterling Family Trust with the intention of unilaterally selling the team to Ballmer. Defendant attempted to consummate a deal struck with Ballmer for $2 billion in May 2014 for the sale of LAC without the consent of Plaintiff and without following the corporate rules outlined in LAC's bylaws. Defendant never

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949) 724-0900

07/22/2014

– 6 –

**DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.**

obtained the unanimous approval of LAC's board of directors, nor the explicit consent of LAC's sole shareholder, Plaintiff, for the transfer of LAC to Ballmer.   The NBA acted in concert with Defendant to effectuate the fraudulent sale.

33.  The business practices of Defendants are unlawful and fraudulent and violate California law as alleged herein. Further, Defendants, and each of them, knew that their business practices were unlawful and fraudulent.

34.  As a direct and proximate result of the unfair business practices of Defendants as alleged herein, Plaintiff has incurred damages, plus attorney's fees and costs.

**THIRD CAUSE OF ACTION**

**(Breach of Contract)**

**(Against Defendant)**

35.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

36.  The Trust is considered a "contract" for purposes of California law.   The fraudulent effort to remove Plaintiff as a co-trustee not only breached the Trust agreement, but also violated statutory requirements in the Corporations Code for operation of LAC.

37.  On May 29, 2014, Shelly signed the Binding Term Sheet (BTS) with Steve Ballmer for the sale of the Clippers for $2 billion. Defendant's act was in violation of the Trust and a breach of contract because: 1) Defendant was aware that Plaintiff was the sole shareholder of LAC; 2) Plaintiff was not in agreement with a sale of the Clippers to Steve Ballmer; and 3) Defendant's acts to remove Plaintiff as trustee were done with a fraudulent intent to deceive.

38.  On May 30, 2014, Defendant executed a purported Irrevocable Proxy to the Commissioner of the National Basketball Association ("NBA"), appointing the Commissioner as "sole and exclusive true and lawful attorney and proxy . . . to vote or express consent or dissent . . . with respect to any matter whatsoever relating to the Clippers . . . including, without limitation, to approve a Transaction and any matters in connection therewith . . . ." The execution of the purported Irrevocable Proxy was an additional breach of Defendant's contractual relationship with Plaintiff in the 2013 Restatement of the Sterling Family Trust.

39.  As a direct and proximate result of Defendant's breach of contract, Plaintiff has been damaged in an amount to be proven at trial.

**SAMINI SCHEINBERG, PC**
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

– 7 –

DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.

**EXHIBIT H, PAGE 451**

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

## FOURTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

### (Against All Defendants)

40. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

41. At all relevant times, Plaintiff was the sole shareholder of LAC. Defendant owed fiduciary duties against self-dealing, loyalty, to inform, and use due care with regard to LAC and Plaintiff. Defendant was obligated to act with the highest standard of good faith as to LAC and Plaintiff. Defendant could not obtain any advantage over LAC or Plaintiff with any misrepresentation, active concealment, or adverse pressure.

42. Defendant breached her fiduciary duties against self-dealing, loyalty, to inform, and use due care with regard to the sale of LAC and Plaintiff by going behind Plaintiff's back and deeming him incapacitated to serve as a co-trustee of the Sterling Family Trust with the intention of unilaterally selling the team to Ballmer. Defendant attempted to consummate a deal struck with Ballmer for $2 billion in May 2014 for the sale of LAC without the consent of Plaintiff and without following the corporate rules outlined in LAC's bylaws. Defendant never obtained the unanimous approval of LAC's board of directors, nor the explicit consent of LAC's sole shareholder, Plaintiff, for the transfer of LAC to Ballmer. Defendant further breached her fiduciary duties by executing an Irrevocable Proxy with the NBA, on May 30, 2014.

43. As a direct and proximate result of defendant's breaches of fiduciary duties, Plaintiff has been damaged in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing)

### (Against All Defendants)

44. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

45. At all relevant times, Plaintiff was the sole shareholder of LAC. Plaintiff and Defendant entered into the Sterling Family Trust agreement whereby each owed the other duties of good

– 8 –

DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.

EXHIBIT H, PAGE 452

faith and fair dealing. Plaintiff substantially performed all the significant items that the Trust agreement required of him, yet Defendant did not perform her obligations by virtue of deliberately and intentionally frustrating the purpose of the Trust by seeking to oust Plaintiff as co-trustee and unilaterally sell the primary asset, LAC, to Ballmer without the consent of Plaintiff and to Plaintiff's detriment.

46. Defendant has unfairly interfered with Plaintiff's right to receive various benefits under the Trust, including the ability to retain ownership of the Clippers—a team Plaintiff has worked to build and develop for over 33 years as the NBA's longest tenured owner.

47. Defendant violated and breached the covenant of good faith and fair dealing by surreptitiously going behind Plaintiff's back and attempting to sell the Clippers to Ballmer against Plaintiff's wishes to the detriment of Plaintiff.

## SIXTH CAUSE OF ACTION

### (Fraud)

### (Against All Defendants)

48.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

49. At the time Defendant induced Plaintiff to undergo PET and CT scans and medical examinations by Drs. Platzer and Spar, Shelly intentionally misrepresented and failed to disclose that the true purpose of these procedures was to remove Plaintiff as co-trustee of the Trust. Defendant orchestrated a plan to surreptitiously go behind Plaintiff's back in order to deem him incapacitated to serve as co-trustee of the Sterling Family Trust with the intention of unilaterally selling the Clippers to Ballmer.

50. At all relevant times, Defendant acted to obtain an advantage over Plaintiff through misrepresentations, active concealment and adverse pressure with regard to the sale of LAC. Defendant further attempted to consummate a deal struck with Ballmer for $2 billion in May 2014 for the sale of LAC, through active misrepresentations and without the consent of Plaintiff and without following the corporate rules outlined in LAC's bylaws. Defendant never obtained the unanimous approval of LAC's board of directors, nor the explicit consent of LAC's sole shareholder, Plaintiff, for the transfer of LAC to Ballmer.

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

– 9 –

DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.

EXHIBIT H, PAGE 453

51. As a proximate result of the fraudulent conduct as herein alleged, Plaintiff has been damaged in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### (Negligent Misrepresentation)

### (Against All Defendants)

52. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

53. At the time Defendant induced Plaintiff to undergo PET and CT scans and medical examinations by Drs. Platzer and Spar, Defendant misrepresented and failed to disclose that the true purpose of these procedures was to remove Plaintiff as co-trustee of the Sterling Family Trust. Once again, Defendant orchestrated a plan to surreptitiously go behind Plaintiff's back in order to deem him incapacitated to serve as co-trustee of the Sterling Family Trust with the intention of unilaterally selling the Clippers to Ballmer.

54. At all relevant times, Defendant acted to obtain an advantage over Plaintiff through misrepresentations, active concealment and adverse pressure with regard to the sale of LAC. Defendant further attempted to consummate a deal struck with Ballmer for $2 billion in May 2014 for the sale of LAC, through active misrepresentations and without the consent of Plaintiff and without following the corporate rules outlined in LAC's bylaws. Defendant never obtained the unanimous approval of LAC's board of directors, nor the explicit consent of LAC's sole shareholder, Plaintiff, for the transfer of LAC to Ballmer. Defendant's conduct, if not intentional, was clearly and undoubtedly negligent.

55. As a proximate result of the fraudulent conduct as herein alleged, Plaintiff has been damaged in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### (Conversion)

### (Against All Defendants)

56. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

– 10 –

DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.

**EXHIBIT H, PAGE 454**

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

57. Defendant's attempt to sell the Clippers to Ballmer and terminate Plaintiff's ownership interests constitutes an actual and substantial interference with Plaintiff's property rights.

58. Plaintiff is informed and believes that Defendant's conduct is intentional, willful, malicious, and in conscious disregard of Plaintiff's property rights. Accordingly, Plaintiff respectfully requests that the Court award punitive damages against all Defendants to punish their wrongful conduct and deter if from occurring, again.

### NINTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against All Defendants)

59. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

60. Defendants have acted intentionally and recklessly with extreme and outrageous conduct to cause Plaintiff severe emotional distress with regard to their collective effort at forcing the sale of the Clippers against Donald's will.

61. Defendant's deliberate collaboration and collusion with the NBA, Commissioner Adam Silver, and Steve Ballmer was extreme and outrageous conduct of a conspiratorial character that unjustly deprived Plaintiff's ownership interest in LAC and the Sterling Family Trust, all of which caused Plaintiff severe emotional distress.

62. The collaborative and conspiratorial conduct by Defendant vastly exceeds the parameters of any contractual relationship. Defendant's intentional misconduct was extreme and outrageous behavior that inflicted severe emotional distress on Plaintiff.

63. Accordingly, Plaintiff respectfully requests that the Court award punitive damages against all Defendants to punish their wrongful conduct and deter it from occurring, again.

### TENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (Against All Defendants)

64. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

– 11 –

DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.

EXHIBIT H, PAGE 455

65. Defendants' conduct, if not intentional, was clearly negligent with regard to their collective and collusive efforts at forcing the sale of the Clippers against Plaintiff's will, thereby causing him to suffer severe emotional distress.

66. Defendants, and each of them, knew the sensitive situation involving the "forced sale" of the Clippers scheduled by the NBA. Defendants used a feigned concern with Plaintiff's health to engage the subterfuge of two "examinations" by hand-picked doctors to purge Plaintiff from his position as co-trustee of the Sterling Family Trust.

67. Defendants' reckless and abusive conduct was in complete and utter disregard of Plaintiff's psychological, financial, and emotional and attachment to a team he owned for 33 years, which resulted in the infliction of severe emotional distress.

## ELEVENTH CAUSE OF ACTION

### (Injunction)

### (Against All Defendants)

68. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

69. Defendant is a co-trustee of the Sterling Family Trust, which formerly held LAC in trust. Defendant is attempting to usurp Plaintiff's interest in LAC by unilaterally selling LAC's shares to Ballmer. Defendant's unilateral attempt at the sale of LAC shares to Ballmer is without the consent of the sole shareholder of record, Plaintiff, or the board of directors of LAC. The sole shareholder of record was denied the right to sell his shares. As the sole shareholder, Plaintiff retained the right to withhold his shares and refused to sell the team to Ballmer.

70. Based upon Defendant's past malfeasance and breach of her fiduciary duty as a co-trustee of the Sterling Family Trust, there is reason to believe Ballmer will soon purchase LAC and thereby deprive Plaintiff of the business opportunity to retain ownership of LAC and/or seek out additional bids for the team at some point in the future if Plaintiff so desired.

71. Issuing an injunction that freezes Defendant's sale of LAC to Ballmer is necessary to preserve the status quo, in addition to preserving the jurisdiction of this Court.

72. No harm will ensue through the issuance of such an injunction because it will only freeze the transaction at issue, pending a determination by this Court as to the parties' respective

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

07/22/2014

– 12 –

DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.

EXHIBIT H, PAGE 456

1    rights. In contrast, if such relief is not granted, Plaintiff will suffer irreparable harm as he will
2    have lost ownership of one of the 30 professional basketball teams in North America.

3    73. Because Plaintiff has a high likelihood of success on the facts alleged, particularly
4    insofar as the need for restraining Defendant's attempt at disposing of LAC under her
     unauthorized and unilateral sale of the team to Ballmer, all of the elements of injunctive relief
5    are present.

6                              **TWELFTH CAUSE OF ACTION**

7                                   **(Declaratory Relief)**

8                                  **(Against All Defendants)**

9    74.    Plaintiff re-alleges and incorporates by reference each and every allegation contained
10   in the General Allegations and all previous paragraphs of all previous sections and Causes of
11   Action in this Complaint, inclusive, as though fully set forth herein.

12   75. An actual controversy has arisen and now exists between Plaintiff and Defendant
     concerning Defendant's purported sale of LAC to Ballmer in violation of her fiduciary duties
13   owed to LAC and Plaintiff.  Moreover, Defendant has failed to adhere to the corporate
14   formalities under the Corporations Code and LAC's bylaws with regard to her attempt at
15   effectuating a sale of LAC to Ballmer.

16   76. Under the bylaws and pursuant to the California Corporations Code, Defendant was to
17   receive explicit authorization and a unanimous vote from the board of directors authorizing her
18   to sell the shares of LAC to Ballmer. Corporations Code section 702(a) states that the shares
19   must be in the trustee's name in order to vote the shares.  Defendant has no such authority to
20   sell the shares of LAC as they are held in Plaintiff's name alone and Defendant's unilateral
21   attempt to do so is unlawful and in direct violation of the Corporations Code.

22   77. This Court is respectfully requested to determine that the purported Irrevocable Proxy
23   from Defendant to the Commissioner of the NBA, attached as Exhibit E to the Settlement and
     Release Agreement, is void ab initio.  Defendant and the "Sterling Parties" identified in the
24   purported Irrevocable Proxy had no shares in LAC Basketball Club, Inc., to support the
25   purported proxy to the Commissioner of the NBA. Plaintiff was, and is, the sole shareholder of
26   LAC Basketball Club, Inc.  Only a shareholder of record can execute a proxy.  Furthermore,
27   Defendant stipulated on June 30, 2014, to the "capacity" of Plaintiff.  Regardless of Defendant's
28   erroneous assertion in the Irrevocable Proxy of May 30, 2014, that she was sole successor

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

07/22/2014

– 13 –

DONALD STERLING'S COMPLAINT FOR DAMAGES AGAINST ROCHELLE H. STERLING, et al.

**EXHIBIT H, PAGE 457**

1  trustee of the Sterling Family Trust, the court is respectfully requested to determine that

2  Defendant had no shares of record to make the Commissioner of the NBA a proxy.

3      78. This Court should therefore determine those several rights, duties, and obligations of

    the parties concerning Defendant's unlawful and purported sale of LAC to Ballmer, and issue a

4  declaration setting forth the obligations of Plaintiff and Defendant therein.

5
                              **DEMAND FOR TRIAL BY JURY**
6
        Plaintiff hereby demands a Trial by Jury on all Causes of Action and claims asserted
7
   herein.
8
   WHEREFORE, Plaintiff prays for relief as set forth below.
9
                                **PRAYER FOR RELIEF**
10
        **WHEREFORE**, plaintiff prays judgment against defendants and each of them:
11
            1.  For actual damages according to proof at trial;
12
            2.  For exemplary and punitive damages;
13
            3.  For prejudgment interest;
14
            4.  For reasonable attorneys' fees;
15
            5.  For costs of suit incurred herein; and
16
            6.  For such other and further relief as the court may deem proper.
17

18

19
                              SAMINI SCHEINBERG, P.C.
20

21

22  Dated: July 22, 2014           By:   _____
23                                         Bobby Samini, Esq.
                                           Mike Michaels, Esq.
24                                         Matthew M. Hoesly, Esq.
                                           Attorneys for Plaintiff,
25                                         DONALD T. STERLING
26

27

28

                                      – 14 –

**EXHIBIT H, PAGE 458**

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

07/22/2014

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Bobby Samini, Esq. (SBN 181796)<br>Samini Scheinberg, PC<br>949 S. Coast Drive, Suite 420<br>Costa Mesa, California 92626<br>TELEPHONE NO.: (949) 724-0900   FAX NO.: (949) 724-0901<br>ATTORNEY FOR *(Name):* Donald T. Sterling | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

**FILED**
**Superior Court Of California**
**County Of Los Angeles**

**JUL 2 2 2014**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Amber Bayes

CASE NAME:
Donald T. Sterling v. Rochelle H. Sterling, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC552470 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 12 - Fraud, Unfair Business Practices, Breach of Fiduciary Duty, etc.
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 20, 2014

Bobby Samini, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT H, PAGE 459**

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Page 2 of 2

## EXHIBIT H, PAGE 460

| SHORT TITLE: Donald T. Sterling v. Rochelle H. Sterling, et al. | CASE NUMBER BC552470 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3-5   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

**EXHIBIT H, PAGE 461**

| SHORT TITLE: Donald T. Sterling v. Rochelle H. Sterling, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☑ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

**EXHIBIT H, PAGE 462**

| SHORT TITLE: Donald T. Sterling v. Rochelle H. Sterling, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

**EXHIBIT H, PAGE 463**

| SHORT TITLE: Donald T. Sterling v. Rochelle H. Sterling, et al. | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| | ADDRESS: 1111 SOUTH FIGUEROA ST STE 1100 |
|---|---|
| **REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.**  ☐1. ☑2. ☑3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90015 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___July 20, 2014___

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

**EXHIBIT H, PAGE 464**