RICHARD MARMARO (SBN 91387)
richard.marmaro@skadden.com
JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JEFFREY A. MISHKIN (*pro hac vice*)
jeffrey.mishkin@skadden.com
ANTHONY J. DREYER (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN HOFFMAN LENT (*pro hac vice*)
karen.lent@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

Attorneys for Defendants
NATIONAL BASKETBALL ASSOCIATION,
ADAM SILVER, and DAVID STERN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DONALD T. STERLING, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BASKETBALL ASSOCIATION, a NEW YORK professional association; ADAM SILVER, an individual; DAVID STERN, an individual; ROCHELLE H. STERLING, an individual; MERIL SUE PLATZER, an individual; JAMES EDWARD SPAR, an individual; and DOES 1 through 50,<br><br>Defendants. | CASE NO.: CV14-4192-FMO-(SHx)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY OF NATIONAL BASKETBALL ASSOCIATION, ADAM SILVER, and DAVID STERN** |

Defendants National Basketball Association and Adam Silver (the "NBA Parties") and former NBA Commissioner David Stern respectfully submit this notice of supplemental authority to apprise the Court of a recent decision relevant to the NBA Parties and Mr. Stern's Motion to Dismiss the First Amended Complaint (ECF No. 50).[1]

Mr. Sterling's First Amended Complaint (the "FAC") asserts numerous causes of action predicated on the assertion that the removal of Mr. Sterling as co-trustee of the Sterling Family Trust (former owner of the Los Angeles Clippers) was unlawful, the use of Mr. Sterling's medical information to remove him as trustee was improper, and Mrs. Sterling's sale of the Clippers to Steve Ballmer was invalid.  These causes of action include the following:  Breach of the Implied Covenant of Good Faith and Fair Dealing; Breach of Fiduciary Duties; Constitutional Violations for Denial of Due Process; violations of the Sherman Act; Unfair Business Practices; and violations of HIPAA.  (*See* FAC ¶¶ 4, 10, 31, 35, 38, 50, 53, 56, 75, 79, 82, 99, 109.)  In their Motion to Dismiss the FAC, the NBA Parties argue, the foregoing claims should be dismissed because, *inter alia*, the Los Angeles Superior Court had found that: Mr. Sterling was properly removed as trustee of the Trust; the use of his medical records was lawful; and the sale of the Clippers to Mr. Ballmer was proper, final, and binding.  (*See* ECF No. 50 at 20-23, 30, 36-39.)

In *Sterling v. Sterling*, Case No. CV-B258151 (Cal. Ct. App. 2d Dist., Nov. 16, 2015), the California Court of Appeal affirmed the Los Angeles Superior Court's decision in all respects.  The Court of Appeal held that: (1) Mr. Sterling was properly removed as trustee of the trust; (2) there was nothing improper or illegal about the use of Mr. Sterling's medical records; and (3) the sale of the Clippers to Mr. Ballmer was proper, final, and binding.  *See Sterling*, slip op. at *9-18.

---

[1]  The Motion was placed under submission on May 22, 2015.  (ECF No. 79.)

1
NBA PARTIES AND MR. STERN'S NOTICE OF SUPPLEMENTAL AUTHORITY

| | |
|---|---|
| 1 | The *Sterling* decision is attached as Exhibit A. |
| 3 | Respectfully submitted, |
| 4 | Dated: November 24, 2015    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 6 | By:  /s/ Jason D. Russell |
| 7 |      JASON D. RUSSELL |
|   |      Attorneys for Defendants |
|   |      National Basketball Association, |
| 8 |      Adam Silver, and David Stern |